BRYAN SCHWARTZ LAW
Bryan J. Schwartz (SBN 209903)
Email: bryan@bryanschwartzlaw.com
Eduard R. Meleshinsky (SBN 300547)
Email: eduard@bryanschwartzlaw.com
1330 Broadway, Suite 1630
Oakland, CA 94612
Telephone: (510) 444-9300
Facsimile: (510) 444-9301

*Attorneys for Individual and Representative
Plaintiff and the Putative Class*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN BUCKINGHAM, individually, on behalf of others similarly situated, and on behalf of the general public,<br><br>    Plaintiff,<br><br> vs.<br><br>BANK OF AMERICA CORP., INC., and DOES 1-50,<br><br>    Defendants. | Case No.: <u>4:15-cv-6344</u><br><br>**CLASS AND COLLECTIVE ACTION**<br><br>**COMPLAINT FOR DAMAGES, RESTITUTION, AND INJUNCTIVE RELIEF**<br><br>1. **Failure to Pay Overtime Wages for Daily Overtime and All Time Worked in Violation of Fair Labor Standards Act, 29 U.S.C. § 207**<br><br>2. **Failure to Pay Overtime Wages for Daily Overtime and All Time Worked, in Violation of California Labor Code §§ 510, 1194, and 1198, and IWC Wage Order(s).**<br><br>3. **Failure to Provide Itemized Wage Statements in Violation of California Labor Code § 226**<br><br>4. **Failure to Provide and/or Authorize Meal and Rest Periods or Pay Meal or Rest Period Premium Wages in Violation of** |

**California Labor Code §§ 512 and 226.7, and IWC Wage Order(s)**

**5.  Violation of Cal. Business and Professions Code § 17200, *et seq*.**

**DEMAND FOR JURY TRIAL**

## I.    PRELIMINARY STATEMENT

1.    This is a collective and class action brought by Individual and Representative Plaintiff Allen Buckingham ("Plaintiff") on his own behalf and on behalf of the proposed Collective and California Classes identified below. Plaintiff and the putative class members were or are employed by Defendant Bank of America Corporation and Doe Defendants (collectively, "Defendants") as Implementation Advisors and Client Fulfillment Consultants[1] in Defendants' Client Fulfillment and Service Department located in California and across the United States.

2.    As Implementation Advisors, Plaintiff and the putative class members are and were non-exempt employees under federal and state wage-and-hour laws,

---

[1] Upon information and belief, Mr. Buckingham's job title was sometimes referred to as "Client Fulfillment Consultant." The putative class includes all employees who held these titles during the relevant time periods, as well as any other employees performing the same or similar duties for Defendants during the relevant time periods. All such employees are referred to herein as "Implementation Advisors."

and should have been classified as such and received overtime pay consistent with the requirements of these laws. These employees are similarly situated under Federal Rule of Civil Procedure 23 and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

3.      The Collective Class is made of all persons who are or have been employed by Defendants as Implementation Advisors or Client Fulfillment Consultants in the United States within three years prior to this action's filing date through the date of final disposition of this action (the "Collective Class Period").

4.      The California Class is made up of all persons who are or have been employed by Defendants as Implementation Advisors in the State of California within four years prior to this action's filing date through the date of final disposition of this action (the "California Class Period").

5.      During the Collective Class Period and the California Class Period, Defendants failed to pay the appropriate overtime compensation to each member of the Collective Class and California Class as required by federal and state law.

6.      Plaintiff seeks relief for the Collective Class pursuant to the Fair Labor Standards Act to remedy Defendants' failure to pay the appropriate overtime compensation, in addition to restitutionary relief.

7.      Plaintiff seeks relief for the California Class pursuant to applicable state law, rules, regulations, and Wage Orders of the Industrial Welfare Commission ("IWC"). The relief sought is to remedy Defendants' failure to:  pay appropriate overtime compensation, provide or authorize meal and rest periods or pay meal and rest period premium wages, and maintain accurate time records, and failing to correct all of the foregoing deficiencies, in addition to restitutionary and injunctive relief.

CLASS AND COLLECTIVE ACTION COMPLAINT

## II.    THE PARTIES

8.    Individual and representative Plaintiff Allen Buckingham resides in Alameda County, California. He was hired by Defendants in or around January 2006, and became an Implementation Advisor in or around April 2010. Plaintiff works at one of Defendants' facilities in Contra Costa County. Plaintiff Buckingham brings his claim on behalf of himself and the Collective and California Classes. A written consent form for Plaintiff Buckingham is attached as Exhibit A.

9.    Upon information and belief, Defendant Bank of America Corp. is a Delaware Corporation headquartered in North Carolina that does business in and maintains offices in many states throughout the United States, including California.

10.    Defendants Does 1-50, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to Plaintiff. When their true names and capacities are ascertained, Plaintiff will amend this complaint by inserting their true names and capacities herein. Plaintiff is informed and believes, and thereon alleges, that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that the damages sustained by Plaintiff and the Class Members herein alleged were proximately caused by such Doe Defendants.

11.    Plaintiff is informed, believes, and thereon alleges that each of the Defendants herein was, at all times relevant to this action, the agent, employee, representing partner, and/or joint venturer of the remaining Defendants and was acting within the course and scope of the relationship. Plaintiff is further informed, believes, and thereon alleges, that each of the Defendants herein gave consent to, ratified and authorized the acts alleged herein to the remaining Defendants.

CLASS AND COLLECTIVE ACTION COMPLAINT

### III.   JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as this case is brought under the FLSA, 29 U.S.C. §§ 207 and 216(b). The representative Plaintiff has signed a consent form to join this lawsuit, attached hereto as Exhibit A. This Court also has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367.

13.     This Court has personal jurisdiction over this matter because Defendants, presently and at all times relevant to this action, have conducted substantial and continuous commercial activities in the Northern District of California and because many of the acts complained of herein occurred in this District and gave rise to the claims alleged.

14.     Venue is proper in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to the claims set forth herein occurred in this district.

### IV.   COLLECTIVE ACTION ALLEGATIONS

15.     Plaintiff brings this action on behalf of himself and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are:

**Collective Class:**   All persons who are or have been employed by Defendants as Implementation Advisor, and any other employee performing the same or similar duties for Defendants, within the United States at any time from three years prior to the filing of this Complaint to the final disposition of this case.

16.     Upon information and belief, Defendants suffered and permitted Plaintiff and the Collective Class to work more than forty hours per week without appropriate overtime compensation.

17.     Defendants' unlawful conduct has been widespread, repeated, and consistent.

18.     Upon information and belief, Defendants knew that Plaintiff and the Collective Class performed work that required payment of overtime pay. Defendants have operated under a scheme to deprive these employees of the appropriate overtime compensation by failing to properly compensate them for all hours worked.

19.     The primary duties of Plaintiff and the Collective Class consist of routine mental and clerical work such as calling to schedule the collection of physical funds from one location to be delivered to another location, creating customer accounts within Defendants' online treasury management system, and other low-level tasks related to treasury management. In addition, despite Defendants' failure to maintain accurate time records for its Implementation Advisors, Plaintiff and the Collective Class are required to keep and submit contemporaneous records of their completed tasks.

20.     Plaintiff and the Collective Class Members are subject to productivity quotas and are production workers. Each Implementation Advisor is required to complete a set number of "packages" that must be completed within tight deadlines.

21.     To meet Defendants' production quotas, Implementation Advisors frequently are required to work far in excess of forty hours per week. Plaintiff and those similarly situated regularly work late nights, on weekends, and on holidays in order to meet their production quotas. If Plaintiff and those similar situated fail to meet their production quotas, then they are threatened with discipline up to and including termination.

22.     Defendants misclassified Plaintiff and members of the Collective

CLASS AND COLLECTIVE ACTION COMPLAINT

Class as "exempt" from federal and state minimum wage and overtime laws based on their job duties. Defendants misrepresented to Implementation Advisors that they were "exempt" as "managers" and therefore were not entitled to overtime pay for hours worked in excess of forty a week or lawful meal and rest periods.

23. Defendants do not and did not maintain a policy that provided lawful meal and rest periods to Plaintiff and the Collective Class.

24. Because of the tight production quotas, Plaintiff and the Collective Class routinely were unable to take lawful meal and rest breaks.

25. Plaintiff and the Collective Class are not exempt based on the executive employee exemption because their job duties do not include managing Defendants' business, a department within Defendants' business, or a subdivision thereof. Further, Plaintiff and the Collective class do not direct the work of at least two or more other full-time employees or their equivalent. In addition, Plaintiff and the Collective Class do not have any hiring or firing authority over other employees.

26. Plaintiff and the Collective Class are not exempt based on the administrative employee exemption because their primary job duties do not include work directly related to the management or general business operations of Defendants or Defendants' customers, the exercise of discretion and independent judgment with respect to matters of significance, nor the setting of any policies for Defendants.

27. Plaintiff and the Collective Class are not exempt based on the learned professional exemption because their job duties do not require advanced knowledge in a field of science or learning.

28. Plaintiff and the Collective Class are not exempt based on the outside sales exemption because their job duties do not include making sales or obtaining

6

CLASS AND COLLECTIVE ACTION COMPLAINT

orders.

29.     Defendants' conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the Collective Class.

30.     Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a Court-supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. Those similarly-situated employees are known to Defendants and are readily identifiable through Defendants' records.

## V.     CALIFORNIA CLASS ALLEGATIONS

31.     Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following defined class:

**Proposed California Class:**  All persons who are or have been employed by Defendants as Implementation Advisors and any other employee performing the same or similar job duties for Defendants, within the State of California at any time from four years prior to the filing of this Complaint to the final disposition of this case.

32.     Plaintiff, on behalf of himself and the California Class, alleges and incorporates by reference the allegations in the preceding paragraphs.

33.     <u>Numerosity</u>:  The Proposed California Class is so numerous that joinder of all members is impracticable. Plaintiff is informed and believes, and on that basis alleges, that during the relevant time period, Defendants employed dozens of Implementation Advisors who are geographically dispersed and who satisfy the definition of the Proposed California Class.

CLASS AND COLLECTIVE ACTION COMPLAINT

34. <u>Typicality</u>:   Plaintiff's claims are typical of the members of the Proposed California Class. Plaintiff is informed and believes that Implementation Advisors routinely worked more than eight hours per day and more than forty hours per week during the Class Period. Plaintiff had the same duties and responsibilities as other Class members and was subject to Defendants' policy and practice of: improperly treating and classifying these employees as "exempt" from state overtime laws based on the purported applicability of an exemption for "managers;" misrepresenting to these employees that they were exempt from state overtime laws as "managers;" improperly failing to pay appropriate overtime compensation for all hours worked; failing to provide or authorize meal and rest breaks in compliance with state laws; failing to maintain accurate time records of hours worked by the Proposed California Class; and failing to issue accurate itemized wage statements to these individuals.

35. <u>Superiority</u>:   A class action is superior to other available methods for the fair and efficient adjudication of this controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in court against Defendants. Prosecuting dozens of identical individual lawsuits statewide does not promote judicial efficiency, equity, or consistency in judicial results.

36. <u>Adequacy</u>:   Plaintiff will fairly and adequately protect the interests of the Proposed California Class, has no conflicts with the Proposed California Class's interests, and has retained counsel experienced in complex wage and hour class and collective action litigation.

37. <u>Commonality</u>: Common questions of law and fact exist as to all members of the Proposed California Class and predominate over any questions

solely affecting individual members of the Proposed California Class, including but not limited to:

    A.    Whether Defendants improperly classified Plaintiff and members of the Proposed California Class as exempt from overtime laws based on their job duties;

    B.    Whether Defendants unlawfully failed to pay appropriate overtime compensation to members of the Proposed California Class in violation of state wage laws;

    C.    Whether Defendants' policies and practices provided and/or authorized meal and rest periods in compliance with applicable state laws based on their job duties;

    D.    Whether Defendants failed to keep accurate time records for all hours worked by the Plaintiff and the Proposed California Class in violation of state wage laws;

    E.    Whether Defendants provided adequate itemized wage statements to the Plaintiff and the California Class pursuant to applicable state wage laws;

    F.    The proper measure of damages sustained by the Proposed California Class; and

    G.    Whether Defendants' actions were "willful."

38.    This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by or against individual members of the class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendants. Further, adjudication of each individual member's claim as a separate action would be dispositive of the interest

9

CLASS AND COLLECTIVE ACTION COMPLAINT

of other individuals not party to this action, impeding their ability to protect their interests.

39.    Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Proposed California Class predominate over any questions affecting only individual members of the Proposed California Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendants' common and uniform policies and practices applicable to the Proposed California Class members denied them overtime pay and meal and rest periods to which they are entitled. The damages suffered by the individual Proposed California Class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

40.    Plaintiff intends to send notice to all members of the Proposed California Class to the extent required by Rule 23. The names and addresses of the members of the Proposed California Class are available from Defendants.

## FIRST CLAIM FOR RELIEF

### Failure to Pay Overtime Compensation in Violation
### of the Fair Labor Standards Act
### (On Behalf of Plaintiff and the Collective Class)

41.    Plaintiff, on behalf of himself and the collective class, alleges and incorporates by reference the allegations in the preceding paragraphs.

42.    Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b). Plaintiff's written consent form is attached hereto as Exhibit A.

CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff anticipates that other individuals will continue to sign consent forms and join as plaintiffs.

43.    At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendants have employed and continue to employ employees, including Plaintiff and the Collective Class. At all relevant times, upon information and belief, Defendants have had gross operating revenues in excess of $500,000.

44.    The FLSA, 29 U.S.C. § 207, requires each covered employer, such as Defendants, to compensate all non-exempt employees at a rate of not less than one-and-one-half times the regular rate of pay for work performed in excess of forty hours per work week. Pursuant to 29 U.S.C. § 203(g), "hours worked" includes all hours Implementation Advisors were and are suffered or permitted to work.

45.    During their employment with Defendants, within the applicable statute of limitations, Plaintiff and the other Collective Class members worked in excess of forty hours per workweek. Despite the hours worked by Plaintiff and the Collective Class members, Defendants willfully, in bad faith, and in knowing violation of the FLSA, failed and refused to pay them the appropriate overtime compensation for all the hours worked in excess of forty.

46.    As a result of Defendants' willful and unlawful conduct, Plaintiff and the Collective Class have suffered damages in an amount, subject to proof, to the extent they were not paid overtime wages for all hours actually worked in excess of forty hours per week.

47.    By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff and the Collective Class, Defendants has failed to make, keep, and preserve records with respect to each of their employees sufficient to

CLASS AND COLLECTIVE ACTION COMPLAINT

determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201 *et seq.*

48.     Pursuant to 29 U.S.C. §§ 207(a)(1) and 216(b), Plaintiff and the Collective Class are entitled to recover the full amount of unpaid overtime compensation, liquidated damages, interest thereon, reasonable attorneys' fees and costs of suit.

49.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a). Because Defendants willfully violated the FLSA, a three-year statute of limitations applies to such violations.

## SECOND CLAIM FOR RELIEF

### Failure to Pay Overtime Compensation in Violation of California Law
### (On Behalf of Plaintiff and the California Class)

50.     Plaintiff, on behalf of himself and the California Class, alleges and incorporates by reference the allegations in the preceding paragraphs.

51.     At all relevant times herein, IWC Wage Order No. 4 (8 C.C.R. § 11040) and California Labor Code § 510 required Defendants to pay Plaintiff and the California Class overtime premiums for hours worked in excess of eight in a given workday, forty in a given workweek, or on the seventh day worked in a single workweek. Pursuant to California Labor Code § 1198, it is unlawful to employ persons for hours longer than the hours set by the Industrial Welfare Commission ("IWC"), or under conditions prohibited by the applicable wage orders of the IWC.

52.     Defendants' payroll policies and procedures required Plaintiff and the California Class to be subject to the control of Defendants in excess of eight hours per workday and in excess of forty hours per week, and Defendants unlawfully failed to pay members of the Class the proper overtime compensation required in

CLASS AND COLLECTIVE ACTION COMPLAINT

violation of IWC Wage Order 4 (8 C.C.R. § 11040) and *California Labor Code §§ 510 and 1198*. Pursuant to *California Labor Code § 1194*, Plaintiff and the other Class members are entitled to recover their unpaid overtime compensation.

53.    As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff and the California Class have sustained damages, including loss of earnings for hours of overtime worked on behalf of Defendants, in an amount subject to proof, plus damages, interest, attorneys' fees and costs.

## THIRD CLAIM FOR RELIEF

### Failure to Provide Accurate Itemized Wage Statements

### (On Behalf of Plaintiff and the California Class)

54.    Plaintiff, on behalf of himself and the California Class, alleges and incorporates by reference the allegations in the preceding paragraphs.

55.    *California Labor Code § 226(a)* provides that, at the time of each payment of wages, an employer shall provide each employee with a wage statement itemizing, among other things, the total hours worked by the employee in the pay period. *California Labor Code § 226(e)* provides that an employee suffering injury as a result of a knowing and intentional failure by an employer to comply with *Labor Code § 226(a)* may recover the greater of his or her actual damages or a penalty of $50 for the initial pay period in which a violation occurs and $100 per employee for each violation in a subsequent pay period (up to a maximum of $4,000), in addition to attorneys' fees and costs.

56.    Defendants knowingly and intentionally failed to provide timely, accurate, itemized wage statements including, *inter alia*, of hours worked, to Plaintiff and the California Class in accordance with *Labor Code § 226(a)*. Such failure caused injury to Plaintiff and the California Class members, by, among other things, impeding them from knowing the total hours worked and the amount

CLASS AND COLLECTIVE ACTION COMPLAINT

of wages to which they are and were entitled. Plaintiff and the California Class are therefore entitled to the damages and penalties provided for under Labor Code § 226(e). Additionally, pursuant to Code of Civil Procedure § 1021.5, *inter alia*, Plaintiff and the California Class are entitled to attorneys' fees and costs. Pursuant to Labor Code § 226(h), Plaintiff is also entitled to seek injunctive relief requiring Defendants to comply with Labor Code § 226(a).

## FOURTH CLAIM FOR RELIEF

### Failure to Provide Rest Breaks and Meal Periods

### (On Behalf of Plaintiff and the California Class)

57.    Plaintiff, on behalf of himself and the California Class, alleges and incorporates by reference the allegations in the proceeding paragraphs.

58.    California Labor Code § 512 prohibits an employer from employing an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than thirty minutes, or for a work period of more than ten hours per day without providing the employee with a second meal period of not less than thirty minutes.

59.    Section 11 of Wage Order No. 4 provides (and at all times relevant hereto provided) in relevant part that:

(A) No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee. Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-

job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time.

(B) If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

60.     Section 12 of Wage Order No. 4 provides (and at all times relevant hereto provided) in relevant part that:

(A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3½) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages.

(B) If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

61.     California Labor Code § 226.7 prohibits any employer from requiring any employee to work during any meal or rest period mandated by an applicable IWC wage order, and provides that an employer that fails to provide an employee with a required rest break or meal period shall pay that employee one additional hour of pay at the employee's regular rate of compensation for each work day that the employer does not provide a compliant meal or rest period.

62.     Defendants failed to provide Plaintiff and California Class members

CLASS AND COLLECTIVE ACTION COMPLAINT

with meal periods as required by law, and failed to authorize and permit the Plaintiff and California Class members to take rest periods as required by law.

63.    Plaintiff and the California Class members are therefore entitled to payment of the meal and rest period premiums as provided by law. Additionally, pursuant to Code of Civil Procedure § 1021.5, Plaintiff and the California Class are entitled to attorneys' fees and costs.

<u>**FIFTH CLAIM FOR RELIEF**</u>

**Unfair Practice under the Unfair Competition Act**

**(On Behalf of Plaintiff and the California Class)**

64.    Plaintiff, on behalf of himself and the California Class, alleges and incorporates by reference the allegations in the preceding paragraphs.

65.    Section 17200 of the California Business and Professions Code – California's Unfair Competition Law – prohibits unfair competition by prohibiting, *inter alia*, any unlawful or unfair business acts or practices. The foregoing conduct by Defendants, as alleged, constitutes unlawful business actions and practices in violation of § 17200 *et seq.*

66.    Pursuant to Business and Professions Code § 17200 *et seq.*, Plaintiff and the California Class members are entitled to:  restitution of overtime earnings, and other unpaid wages and premiums alleged herein that Defendants have improperly withheld and retained during a period that commences four years prior to the filing of this action; a permanent injunction requiring Defendants to pay overtime and meal/rest premiums to all workers in California as defined herein; an award of attorneys' fees pursuant to Code of Civil Procedure section 1021.5, and other applicable law; and costs.

1

**<u>PRAYER FOR RELIEF</u>**

2       67.    WHEREFORE, Plaintiff, on behalf of himself and all members of the

3   Collective and California Classes, prays for relief against Defendants as follows:

4       A.    That the Court determine that this action may proceed as a class

5           action under Rule 23(b)(1) and (3) of the Federal Rules of

6           Civil Procedure;

7       B.    That the Court determine that this action may proceed as a

8           collective action under 29 U.S.C. § 216(b);

9       C.    That Defendants are found to have violated the overtime,

10          meal/rest period, itemized wage statement/time records, failure

11          to reimburse, and failure to timely pay wages penalty

12          provisions of the California wage laws cited above as to the

13          California Class;

14      D.    That Defendants are found to have violated the overtime

15          provisions of the FLSA as to Plaintiff and the Collective Class;

16      E.    That Defendants are found to have violated the FLSA by

17          failing to maintain accurate time records of all the hours

18          worked by Plaintiff and the Collective Class;

19      F.    That Defendants' violations as described above are found to be

20          willful;

21      G.    An award to Plaintiff and the California and Collective Classes

22          for the amount of unpaid wages owed, liquidated damages and

23          penalties where provided by state and federal law, and interest

24          thereon, subject to proof at trial;

25      H.    That Defendants be ordered and enjoined to pay restitution to

26          Plaintiff and the California Class due to Defendants' unlawful

27

28

17

CLASS AND COLLECTIVE ACTION COMPLAINT

activities, pursuant to California state law cited above;

I.    That Defendants further be enjoined to cease and desist from unlawful activities in violation of state laws cited above;

J.    That the Court grant declaratory relief stating that Defendants' scheme is unlawful;

K.    For an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216, California Labor Code § 1194, CCP § 1021.5, and/or other applicable state laws; and

L.    For such other and further relief, in law or equity, as this Court may deem appropriate and just.

DATED: December 31, 2015

**BRYAN SCHWARTZ LAW**

By:

Bryan J. Schwartz (SBN 209903)
Eduard R. Meleshinsky (SBN 300547)

*Attorneys for Plaintiff*

18

CLASS AND COLLECTIVE ACTION COMPLAINT

1     **CONSENT FORM AND DECLARATION**

2         I hereby consent to join a lawsuit against Bank of America Corp. ("BofA") as a Plaintiff
3     to assert claims against it for violations of the wage and hour laws of the United States and/or the
      state(s) where I worked for BofA. During the past three years, there were occasions when I
4     worked over 40 hours per week for BofA and did not receive overtime compensation.

5         I worked for BofA as a (please check all that apply):
         ☒ Implementation Advisor
6        ☐ Client Fulfillment Consultant
7        ☐ Other (Specify Title: _____ )

8     Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and
      correct to the best of my knowledge, information, and belief.
9
10                                          _____ 12/28/15
                                            Signature          Date
11
                                            Allen Buckingham II
12                                          Print Name
13

14

15    **Fax or Mail To:**                   Oakland Ca.
16                                          City, State, Zip Code

17    **Bryan Schwartz Law**
      **1330 Broadway, Suite 1630**
18    **Oakland, CA 94612**
      **FAX (510) 444-9301**
19

20

21

22                                          Jan 2006 - Present.
23                                          Approximate Dates of Employment with Bank of
                                            America
24

25                 .

26

27

28
                              CONSENT AND DECLARATION