**McGuireWoods LLP**
Michael D. Mandel, Esq. (SBN 216934)
Email: mmandel@mcguirewoods.com
John A. Van Hook (SBN 205067)
Email: jvanhook@mcguirewoods.com
Sylvia J. Kim (SBN 258363)
Email: skim@mcguirewoods.com
1800 Century Park East, 8th Floor
Los Angeles, California 90067
Telephone: (310) 315-8200
Facsimile: (310) 315-8210

Attorneys for Defendant
BANK OF AMERICA, N.A.

**BRYAN SCHWARTZ LAW**
Bryan J. Schwartz (SBN 209903)
Email: bryan@bryanschwartzlaw.com
Eduard R. Meleshinsky (SBN 300547)
Email: eduard@bryanschwartzlaw.com
1330 Broadway, Suite 1630
Oakland, CA 94612
Telephone: (510) 444-9300
Facsimile: (510) 444-9301

Attorneys for Individual and Representative
Plaintiff BUCKINGHAM and the Putative Class

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN BUCKINGHAM, individually, on behalf of others similarly situated, and on behalf of the general public,<br><br>Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA, N.A.,<br><br>Defendant. | Case No. 3:15-cv-6344<br><br>**JOINT STIPULATION TO PROVIDE NOTICE TO PUTATIVE COLLECTIVE ACTION MEMBERS UNDER THE FAIR LABOR STANDARDS ACT, AND [~~PROPOSED~~] ORDER** |

STIPULATION TO PROVIDE NOTICE TO PUTATIVE COLLECTIVE ACTION MEMBERS AND [PROPOSED] ORDER

## STIPULATION TO PROVIDE NOTICE TO PUTATIVE COLLECTIVE ACTION MEMBERS

This Stipulation to Provide Notice to Putative Collective Action Members (the "Stipulation") is made by and between Defendant Bank of America, N.A. ("Defendant"), on the one hand, and Plaintiff Allen Buckingham ("Plaintiff"), on the other hand, through their undersigned counsel.

WHEREAS, on December 31, 2015, Plaintiff filed a civil Complaint in the Northern District of California, Case No. 3:15-06344-RS ("the "Lawsuit"), asserting wage and hour claims under California state law on behalf of himself and on behalf of a putative statewide class, and a claim under the Fair Labor Standards Act ("FLSA"), on behalf of himself and on behalf of a putative nationwide collective action.

WHEREAS, typically "Courts in this District apply a two-step approach to determine whether the putative class is 'similarly situated'" under the FLSA and "[a]t the notice stage ... the standard for certification is 'a lenient one that typically results in certification.'" *Gee v. Suntrust Mortgage, Inc.*, No. C-10-1509-RS, 2011 WL 722111, at *2 (N.D. Cal. Feb. 18, 2011).

WHEREAS, to avoid the costs and burdens of opposing a motion for conditional collective action certification and to facilitate the parties' settlement discussions in advance of a mediation currently scheduled for August 15, 2016, the Parties have agreed to provide notice of the pending suit under the FLSA to all putative collective action members.

WHEREAS, Defendant reserves its right to subsequently move for decertification of a collective action, oppose "final" certification of the collective action, and oppose class certification under Rule 23 of the Federal Rules of Civil Procedure;

WHEREAS, the parties expressly agree and acknowledge that this Stipulation shall have no impact on either party's arguments in favor of, or against, final certification under the FLSA, decertification of the collective action, and/or class certification under Rule 23.

WHEREAS, the parties agree that the proposed notice in this case, attached hereto as Exhibit A, both notifies putative collective action members of the Lawsuit, and gives them the opportunity to consent to join the lawsuit.

NOW THEREFORE, Plaintiff and Defendant agree as follows:

1. The Proposed Collective Action, as defined in Plaintiff Buckingham's First Amended Complaint at paragraph fourteen therein, be conditionally certified as a collective action under the FLSA. Paragraph 14 defines the putative collective action as follows: "All persons who are or have been employed by Defendant as Implementation Advisor or Client Fulfillment Consultants (if they were classified as exempt), and any other employee performing the same or similar duties for Defendant, within the United States at any time from three years prior to the filing of this Complaint to the final disposition of this case."

2. That notice, attached hereto as Exhibit A (or in substantially similar form), be sent to all members of the Proposed Collective Class through a third-party administration services firm to be agreed upon by the Parties.

3. Notwithstanding this stipulation to conditional certification, the Parties acknowledge that Plaintiff retains the burden to move for and obtain final collective action certification under the FLSA, and class certification under Rule 23, and Defendant retains the right to oppose that motion and/or move for decertification.

4. Nothing contained in this Agreement shall be deemed as an admission by any Party with respect to any allegations, claims, or defenses, including without limitation, statute of limitations defenses as to members of the Proposed Collective Action.

1      5.     Nothing in this Agreement supersedes or modifies the Parties' Tolling Agreement, fully executed on April 6, 2016.

    6.     Separate counterparts of this Agreement may be executed by the Parties with the same force and effect as if all such Parties had executed a single copy of this Agreement.

    7.     This Agreement shall be governed by and construed and enforced in accordance with the laws of the State of California.

    8.     Each counsel executing this Agreement represents and warrants that he or she has been authorized to enter into this Agreement on behalf of the Party or Parties on whose behalf it is signed and that signatory has full and complete authority to do so.

**IT IS SO STIPULATED.**

DATED: June 2, 2016

**BRYAN SCHWARTZ LAW**

By: _____
Bryan J. Schwartz, Esq.
Eduard R. Meleshinsky, Esq.

Attorneys for Plaintiff Buckingham

DATED: June 2, 2016

**McGuireWoods LLP**

By: _____
Michael D. Mandel, Esq.
John A. Van Hook, Esq.
Sylvia J. Kim, Esq.

Attorneys for Defendant Bank of America N.A.

[~~PROPOSED~~] ORDER

Pursuant to the stipulation, it is SO ORDERED.

Date: 6/6/16

*[signature]*

Hon. Richard G. Seeborg
United States District Court
Northern District of California

4
STIPULATION TO PROVIDE NOTICE TO PUTATIVE COLLECTIVE ACTION MEMBERS AND [PROPOSED] ORDER