# EXHIBIT 1

**McGuireWoods LLP**
Matthew C. Kane, Esq. (SBN 171829)
Email: mkane@mcguirewoods.com
Michael D. Mandel, Esq. (SBN 216934)
Email: mmandel@mcguirewoods.com
John A. Van Hook, Esq. (SBN 205067)
Email: jvanhook@mcguirewoods.com
Sylvia J. Kim, Esq. (SBN 258363)
Email: skim@mcguirewoods.com
1800 Century Park East, 8th Floor
Los Angeles, California 90067
Telephone:   (310) 315-8200
Facsimile:    (310) 315-8210

Attorneys for Defendant
BANK OF AMERICA, N.A.

**BRYAN SCHWARTZ LAW**
Bryan J. Schwartz (SBN 209903)
Email: bryan@bryanschwartzlaw.com
Eduard R. Meleshinsky (SBN 300547)
Email: eduard@bryanschwartzlaw.com
1330 Broadway, Suite 1630
Oakland, CA 94612
Telephone: (510) 444-9300
Facsimile: (510) 444-9301

Attorneys for Plaintiffs Allen Buckingham, Eunice Ann Robinson,
Alvin Courts, and Melissa Agosto-Cruz

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Allen Buckingham, Eunice Ann Robinson, Alvin Courts, and Melissa Agosto-Cruz, individually, and on behalf of others similarly situated,<br><br>        Plaintiffs,<br><br>    vs.<br><br>Bank of America, N.A.,<br><br>        Defendant. | CASE NO. 3:15-cv-6344<br><br>**JOINT STIPULATION FOR SETTLEMENT AND RELEASE OF CLASS AND COLLECTIVE ACTION CLAIMS**<br><br>**Complaint Filed: December 31, 2015** |

## STIPULATION

This Stipulation for Settlement and Release of Class Action and Collective Action Claims ("Agreement") is entered into between Plaintiffs and proposed Class Representatives Allen Buckingham, Eunice Ann Robinson, Alvin Courts, and Melissa Agosto-Cruz ("Plaintiffs" or "Class Representatives") on behalf of themselves and all other similarly situated employees who worked in Defendant's internal job code CI066, which includes, the job titles, among others Implementation Advisor and Client Fulfillment Consultants (hereinafter, "Implementation Advisors"), on the one hand, and Defendant Bank of America, N.A. ("BANA" or "Defendant") on the other hand. For purposes of this Agreement, Plaintiffs and Defendant are referred to individually as a "Party" and collectively as the "Parties."

## DEFINITIONS

### A.     Class Definitions

1.      "Class Members" shall be comprised of the membership of four Classes and a Fair Labor Standards Act ("FLSA") Collective, (1) the "California Class," (2) the "North Carolina Class," (3) the "Illinois Class," (4) the "Connecticut Class," and (5) the "FLSA Collective." "Class Member" means any person who is a member of one of the four Classes and/or the FLSA Collective; "Class Members" means all members of the four Classes and the FLSA Collective. An individual can be a member of one or more of the four Classes and the FLSA Collective.  There were approximately 478 total Class Members in this suit, as of September 30, 2016.

2.      The California Class shall be "All persons who are or who have been employed by Defendant as exempt employees in its internal job code CI066, which includes the job titles Implementation Advisors and Client Fulfillment Consultants, within the State of California from December 31,

2011 through the date of Preliminary Approval."

3.  The North Carolina Class shall be "All persons who are or who have been employed by Defendant as exempt employees in its internal job code CI066, which includes the job titles Implementation Advisors and Client Fulfillment Consultants, within the State of North Carolina from December 31, 2013 through the date of Preliminary Approval."

4.  The Illinois Class shall be "All persons who are or who have been employed by Defendant as exempt employees in its internal job code CI066, which includes the job titles Implementation Advisors and Client Fulfillment Consultants, within the State of Illinois from December 31, 2012 through the date of Preliminary Approval."

5.  The Connecticut Class shall be "All persons who are or who have been employed by Defendant as exempt employees in its internal job code CI066, which includes the job titles Implementation Advisors and Client Fulfillment Consultants, within the State of Connecticut from December 31, 2013 through the date of Preliminary Approval."

6.  The FLSA Collective shall be: "All persons who are or who have been employed by Defendant as exempt employees in its internal job code CI066, which includes the job titles Implementation Advisors and Client Fulfillment Consultants, from December 31, 2012 through September 30, 2016 and who timely joins the Collective Action."

7.  "Class Period" means from December 31, 2011 through the Date of Preliminary Approval for the California Class; December 31, 2013 through the Date of Preliminary Approval for the North Carolina and Connecticut Classes; December 31, 2012 through the Date of Preliminary Approval for the Illinois Class; and February 9, 2013 (pursuant to the Parties' Tolling Agreement) through September 30, 2016 for the FLSA Collective.

8.     "State-Law Classes" refers to the California, North Carolina, Illinois, and Connecticut Classes.

**B.     Additional Definitions**

When used in this Agreement, along with the defined terms set forth above and elsewhere in this Agreement, the following terms have the meanings specified below:

9.     "Adjusted Eligible Workweeks" for each Class Member shall mean the number of weeks in which each Class Member was actively employed (*i.e.*, not on a leave of absence) as an Implementation Advisor during the Class Period, according to Defendant's personnel records, adjusted depending upon whether the Class Member was employed in California, North Carolina, Illinois, Connecticut, or a different state for that week. For each week worked by a member of the North Carolina Class during the Class Period, the number of weeks shall be multiplied by 0.5; for each week worked by a member of the FLSA Collective or the Connecticut Class during the Class Period, the number of weeks shall be multiplied by 1.0; for each week worked by a member of the Illinois Class, the number of weeks shall be multiplied by 1.1; for each week worked by a member of the California Class during the Class Period, the number of weeks shall be multiplied by 1.50. The foregoing multipliers are intended to account for the increased potential value of the claims of members of the California and Illinois Classes in light of additional claims asserted on behalf of those individuals, the lack of overtime protection under North Carolina's wage statute, and variances between the relevant state wage and hour laws and the FLSA. If a Class Member – other than a member of the Illinois Class or FLSA Collective –signed a severance agreement and Release of Claims on or before September 30, 2016, then his

or her workweeks will be reduced by 10%, after any increases or decreases to the same described earlier in this paragraph, to account for the litigation risk associated with such a release. If a Class Member is a member of two or more Classes, that Class Member's Adjusted Eligible Workweeks shall be the sum of the Adjusted Eligible Workweeks within the relevant Classes during the Class Period provided that no such workweeks overlap in time period. If a Class Member is a member of both the FLSA Collective and a State-Law Class for an overlapping period of time, then the Class Member's allocation will be determined by reference to a workweek multiplier that results in a higher allocation. For example, an Illinois Class Member who also opted into the FLSA Collective will be entitled to a 1.1 multiplier for his or her work weeks rather than the 1.0 multiplier applicable to weeks solely in the FLSA Collective. Similarly, a North Carolina Class Member who also opted into the FLSA Collective will be entitled to a 1.0 multiplier for his or her work weeks rather than a 0.5 multiplier applicable to weeks worked in the North Carolina Class.

10.     "Agreement" means this Joint Stipulation for Settlement and Release and the terms and conditions assented to by the Parties in this document.

11.     "Claims Administrator" means Kurtzman Carson Consultants, LLC (or "KCC"), which, subject to the Court's approval, will disseminate notices, prepare settlement distribution calculations, distribute checks, issue tax reporting documents, and conduct any necessary reporting to the Parties and/or the Court, as set forth in this Agreement. The fees and costs of the Claims Administrator are capped at $25,000, per an agreement with Class Counsel, and shall be referred to as the "Claims Administration Charges."

12.     "Class Counsel" means, subject to the Court's approval, Bryan

Schwartz Law.

13.   "Class Counsel Attorneys' Fees and Costs" means the attorneys' fees and costs awarded by the Court to Class Counsel.

14.   "Class Representatives" means Plaintiffs Allen Buckingham, Eunice Ann Robinson, Alvin Courts, and Melissa Agosto-Cruz.

15.   "Class Representative Enhancements" means the payments, as determined and approved by the Court, to the Class Representatives from the Gross Settlement Amount that are in addition to their individual Net Pro Rata Distributions.

16.   "Court" means the United States District Court for the Northern District of California.

17.   "Date of Preliminary Approval" means the date when the Court issues an order granting preliminary approval of the settlement reflected in this Agreement.

18.   "Effective Date" means the date when the Court issues an order granting final approval of this Agreement and enters Judgment in accordance with this Agreement, and the Judgment becomes final by the earliest of the following occurrences:

> (a)   If no timely objections to the Agreement were filed, as described in Paragraph 76, *infra,* the Judgment becomes final the date it is entered by the Court; or
>
> (b)   If any objections to the Agreement are filed and overruled and no appeal is filed, the Judgment becomes final one court day after the date upon which any appeal from the Judgment must be filed passes without any appeal being filed; or
>
> (c)   If an appeal is filed, the Judgment becomes final one court

day after all proceedings arising out of the appeal or appeals are concluded and the Lawsuit is remanded back to the Court PROVIDED THAT the final resolution affirms the terms of the Judgment without any material modification (for purposes of this Agreement, modifications to any Class Representative Enhancements and/or the Class Counsel Attorneys' Fees and Costs are not considered material modifications).

19. "Final Fairness Hearing" means the hearing at which the Court determines whether this Settlement is fair, reasonable and adequate.

20. "Gross Settlement Amount" means Six Million Six Hundred Thousand Dollars ($6,600,000), the total sum that Defendant will be paying for the settlement of the Lawsuit and the Released Claims (as defined below) in accordance with the terms of this Agreement, except that Defendant will separately pay the amount of the employer's share of any payroll taxes that arise from any payments to any Class Members pursuant to this Agreement.

21. "Lawsuit" means this action, styled as *Buckingham, et al. v. Bank of America, N.A.* initially filed on December 31, 2015 in the United States District Court, Northern District of California, Case No. 3:15-cv-6344, as subsequently amended by Plaintiffs.

22. "LWDA" means the California Labor & Workforce Development Agency.

23. "LWDA Distribution" means the $56,250 to be distributed to the LWDA from the Gross Settlement Amount (75% of the $75,000 allocated to civil penalties pursuant to the California Labor Code Private Attorney General Act of 2004 ("PAGA")).

24. "Net Settlement Fund" means the amount remaining after

deducting each of the following from the Gross Settlement Amount: the LWDA Distribution, the Class Representative Enhancements, the Claims Administration Charges, and the Class Counsel Attorneys' Fees and Costs.

25.    "Preliminary Approval Hearing" means the hearing at which the Court will be requested to make the preliminary determinations set forth in Paragraph 47, below. The date for this hearing will be set forth in Plaintiffs' motion for preliminary approval, or such other date as the Court may designate.

26.    "Released Claims" means all claims, demands, rights, liabilities, and causes of action that were asserted in the Second Amended Complaint ("SAC") in the Lawsuit on behalf of Implementation Advisors and any additional wage and hour claims that could have been brought based on the facts alleged in the SAC on behalf of Implementation Advisors. The Released Claims include all claims relating to or arising out of the designation and treatment of the Class Representative and Class Members as "exempt" from overtime compensation while they worked as Implementation Advisors, including claims for violations of any state or federal statutes, rules, or regulations. This includes, but is not limited to, claims that, during the Class Periods, Defendant failed to pay overtime or any other wages due under California, North Carolina, Illinois, or Connecticut state laws; failed to pay overtime or any other wages due under the Fair Labor Standards Act; failed to provide legally-required meal and rest periods or pay wages due for such failure; failed to timely furnish accurate itemized wage statements; engaged in conduct subjecting Defendant to any statutory or civil penalties under any statute, ordinance, or otherwise arising from or related to the classification of Plaintiffs and Class Members as exempt from overtime, including, without limitation, California Labor Code section 2698, *et seq*. and Labor Code

sections 203 and 226; engaged in any unfair business practices arising from the misclassification alleged; and failed to pay all wages due to Class Representative and Class Members upon termination of employment. In addition, with respect to the Class Representatives, "Released Claims" includes a general release of any and all claims arising out of or related to their employment with Defendant, seeking any such employment, or the termination thereof, including without limitation any claims for wrongful termination in violation of public policy, employment discrimination, and violation of any federal, state, or other local statute related to employment.

27.    "Released Parties" means Defendant and its past, present or future officers, directors, shareholders, employees, agents, principals, heirs, assigns, executors, administrators, representatives, trustees, accountants, auditors, consultants, insurers and reinsurers of such identified Released Parties and their respective successors and predecessors in interest, parents, subsidiaries, divisions affiliates, and attorneys, both individually and collectively.

## BACKGROUND AND FACTUAL RECITALS

28.    On December 31, 2015, a putative class action and collective action complaint was filed in the United States District Court, Northern District of California, Case No. 3:15-cv-6344, entitled *Buckingham v. Bank of America, N.A.* (the "Complaint"). Plaintiffs subsequently filed two amended complaints, most recently the operative Second Amended Complaint (the "SAC"). In addition to the claims pled in the First Amended Complaint, the SAC asserts additional claims on behalf of Plaintiff Buckingham and the California Class, and includes Plaintiffs Robinson, Courts, and Agosto-Cruz and the North Carolina, Illinois, and Connecticut Classes, respectively.

29.     On June 6, 2016, the parties stipulated to conditional collective action certification and to send notice to all potential members of the collective action and advise them of their right to "opt in" to the Lawsuit. In connection with this stipulation, Defendant expressly reserved its right to challenge the propriety of class or collective action certification.

30.     On or about June 15, 2016, notice was sent by U.S. mail to 670 current and former Implementation Advisors.  Since that time, 242 people (including Plaintiffs) have submitted consents to join the FLSA Collective and not withdrawn their consent.

31.     On behalf of the California Class, the SAC asserts causes of action for: (1) Violation of the FLSA, 29 U.S.C. § 207, (2) Violation of California Labor Code §§ 510, 1194, and 1198, and related Industrial Welfare Commission ("IWC") Wage Order(s), (3) Failure to Provide Itemized Wages Statements (Cal. Lab. Code §226), (4) Failure to Provide and/or Authorize Meal and Rest Periods (Cal. Lab. Code §§ 512, 226.7 and related IWC Wage Order(s)), (5) Violation of California Business and Professions Code § 17200, *et seq.*, (6) Waiting Time Penalties (Cal. Lab. Code § 203), and (7) Civil penalties pursuant to the PAGA.

32.     On behalf of the North Carolina Class, the SAC asserted causes of action for violation of North Carolina Law, General Statute § 95-25.6.

33.     On behalf of the Illinois Class, the SAC asserted causes of action for violation of Illinois Minimum Wage Law, 820 ILCS § 105 *et seq*.

34.     On behalf of the Connecticut Class, the SAC asserted causes of action for violation of Connecticut General Statute § 31-76c and related regulations.

35.     The Parties have engaged in extensive, arm's length settlement negotiations regarding settlement of the Lawsuit, including a full-day

mediation before mediator Mark Rudy, Esq. on August 15, 2016.

36.     On or about August 31, 2016, the Parties agreed in general terms to a proposed settlement to resolve all class action and collective action claims asserted on behalf of the Implementation Advisors, agreeing to resolve all disputes and claims between them, including all of the wage and hour claims that have been or could have been raised during the course of the Lawsuit (*i.e.,* the Released Claims).

37.     Defendant at all times has denied Plaintiffs' claims and maintains this position. Defendant has agreed to Rule 23 class certification for settlement purposes only, and, were it not for this Agreement, would have opposed class certification of each State-law Class and would have sought decertification of the FLSA Collective.

38.     It is the desire of the Parties to fully, finally, and forever settle, compromise, and discharge all disputes and claims against the Released Parties arising from or related to the designation and treatment of the Class Representative and Class Members as "exempt" from overtime compensation while they worked as Implementation Advisors, including all of the Released Claims, and that this Agreement shall constitute a full and complete settlement and release of all the Released Parties from all Released Claims averred in the Lawsuit.

39.     The Parties expressly acknowledge that nothing in this Agreement, nor the fact of the Agreement itself, shall be construed or deemed an admission of liability, culpability, negligence or wrongdoing of any kind by Defendant, nor shall it constitute an admission on behalf of Defendant of any fact or allegations against them, including any allegation that this matter is suitable for class treatment. Defendant specifically denies any liability.

40.     Defendant denies all the claims and contentions alleged by the

Plaintiffs in the Lawsuit. Nonetheless, Defendant has concluded that further litigation of the Released Claims encompassed by this Agreement would be protracted and expensive, and would also divert management and employee time. Defendant has taken into account the uncertainty and risks inherent in litigation and has, therefore, concluded that it is desirable that the Released Claims in the Lawsuit be settled in the manner and upon the terms and conditions set forth in this Stipulation.

41.     Plaintiffs and Class Counsel believe that the claims asserted in this Lawsuit have merit. Plaintiffs and Class Counsel, however, recognize and acknowledge the significant expense and length of continued proceedings necessary to prosecute the litigation of the Released Claims against Defendant through trials and through appeals. Plaintiffs and Class Counsel are also mindful of the possible defenses to the Released Claims and to class and collective action certification. After careful consideration, review of discovery exchanged to date, and mediation, Plaintiffs and Class Counsel have concluded that it is desirable that the Released Claims in the Lawsuit be settled in the manner and upon the terms and conditions set forth in this Agreement. Both Plaintiffs and Class Counsel believe that the settlement set forth in this Agreement is fair, reasonable and adequate, and confers substantial benefits upon the Class Members.

42.     The Parties recognize the inherent risk in proceeding with wage and hour class action litigation based on the current uncertainty of California, North Carolina, Illinois, Connecticut, and federal jurisprudence in wage and hour law. The Parties agree that the settlement set forth herein adequately balances the risk of proceeding with the Released Claims against any potential recovery for the Class Members and, therefore, the Agreement represents a fair and just compromise of the Released Claims.

43.     The Parties and their respective counsel of record deem the Agreement to be fair and reasonable and have arrived at the Agreement in arm'slength negotiations taking into account all relevant factors, present or potential.

44.     The Parties enter into this Agreement on a conditional basis. This Agreement will become final and effective only upon the occurrence of all of the following events: (i) the Court enters an order granting preliminary approval of the material terms of the settlement reflected in the Agreement; (ii) the Court enters an order granting final approval of the material terms of the settlement reflected in the Agreement; and (iii) the Effective Date occurs. Unless the Court orders otherwise, this Stipulation shall be deemed null and void *ab initio* upon the failure of any of these three conditions to occur.

45.     The Parties stipulate to class certification for purposes of this Agreement stipulation only. Plaintiffs and Class Counsel shall apply to the Court for approval of the Agreement and for class certification of the state-law classes only for purposes of effectuating this Agreement. If the Court does not grant preliminary approval or final approval of the settlement reflected in the Agreement, the Parties agree that class certification of the state-law classes will automatically be deemed not to have been granted and Plaintiffs will move for class certification as if this Agreement had not occurred, without prejudice to either side's arguments in support of or against certification.

## SETTLEMENT APPROVAL PROCEDURE

46.     The Parties and their respective counsel shall take all steps that may be requested by the Court relating to the approval and implementation of this Agreement and shall otherwise use their respective best efforts to obtain

Court approval and implement this Agreement. The procedure for obtaining Court approval of and implementing this Agreement shall be as set forth below.

47.     Within fourteen (14) days after this Agreement has been signed by all Parties and their counsel, Plaintiffs shall move the Court for preliminary approval of this settlement, and request an order that accomplishes the following:

    (a)   Preliminarily approving this settlement as fair, reasonable, and adequate;

    (b)   Preliminarily appointing and approving each Plaintiff as a Class Representative for his or her respective state claims;

    (c)   Preliminarily appointing and approving Class Counsel;

    (d)   Preliminarily appointing and approving the Claims Administrator;

    (e)   Approving the procedure for sending notice to the Class Members as set forth in this Agreement, or as modified by the Court;

    (f)   Approving the notices to be sent to the Class Members in substantially the same form as **Exhibit A** to this Agreement, or as modified by the Court (the "Notice of Settlement");

    (g)   Authorizing the Claims Administrator to mail the approved Notice of Settlement to the Class Members at their last known or provided address by posting the notice through regular mail and by e-mail, to the extent e-mail addresses are available for Class Members.

48.     Defendant shall not oppose the Plaintiffs' motion for preliminary

or final approval of the settlement so long as the motions and supporting papers are consistent with the terms of this Agreement and facts of this case. Class Counsel shall provide Defendant's counsel with drafts of the motions for preliminary and final approval, all supporting documentation, and a proposed order at least three (3) business days prior to the filing of such motions with the Court, so that Defendant may have a reasonable opportunity to review and provide comments prior to filing with the Court.

49.     Concurrently with filing the motion for preliminary approval, Plaintiffs shall serve the LWDA with a copy of this Agreement.

50.     This Agreement will not become effective, and Defendant shall have no obligation to make any payments contemplated by this Agreement, unless the Court conducts a Final Fairness Hearing, enters an Order, as described below, approving without material modification all of the terms of this Agreement, and the Effective Date occurs.

51.     Class Counsel shall be responsible for ensuring that at least the following documents are filed with the Court in advance of the Final Fairness Hearing so that the Court will have a sufficient basis upon which to evaluate and approve the settlement:

> (a)     A final report by the Claims Administrator providing details regarding the execution of the approved notice process, the rate (if any) of opt-outs and objections, and other information vital to the Court's assessment of the fairness of the Agreement at the Final Fairness Hearing;

> (b)     A duly-noticed motion, accompanying memorandum of points and authorities prepared by Class Counsel (and reviewed by Defendant's counsel), and such other pleadings, evidence or other documents as may be

necessary for the Court to determine that the settlement documented by this Agreement is fair, adequate and reasonable;

(c)    A proposed Order for the Court's signature (i) approving the settlement documented by this Agreement as being fair, adequate and reasonable; (ii) permanently enjoining all of the Class Members from pursuing, or seeking to reopen any Released Claims against any Released Parties; and (iii) ordering a Judgment of dismissal of the Lawsuit with prejudice be entered consistent with this Agreement; and

(d)    A Proposed Judgment and Notice of Entry of Judgment (collectively, "Judgment").

52.    Defendant shall not oppose the Plaintiffs' motion for final approval of the settlement so long as the motions and supporting papers are consistent with the terms of this Agreement and facts of this case. Class Counsel shall provide Defendant's counsel with the draft motion for final approval, all supporting documentation, and a proposed order and Judgment thereon, at least three (3) business days before the motions and supporting papers are filed with the Court, so that Defendant's counsel may review and provide comments to Class Counsel.

## SETTLEMENT CALCULATIONS AND PAYMENTS

53.    Without admitting any liability whatsoever, Defendant will settle the Plaintiffs' and Class Members' claims released by this Agreement by depositing, within 15 days of the order granting final approval of the settlement (unless one of the conditions in Paragraph 18(c), above, occurs, in which case the timing shall be as indicated), a total of $6,600,000 (Six Million

Six Hundred Thousand Dollars) (the Gross Settlement Amount), plus the full amount necessary to pay the employer's share of payroll taxes on the wage portions of settlement payments, as estimated by the Claims Administrator, into a qualified settlement fund, which shall be established and administered by the Claims Administrator (the "Qualified Settlement Fund"). All amounts paid as part of this settlement shall be paid out of the Qualified Settlement Fund. These amounts shall include (1) all payments to Class Members under this Agreement, including all amounts required to be paid as federal, state and local payroll taxes; (2) the LWDA Distribution, (3) the Class Representative Enhancements, (4) the Claims Administration Charges, (5) the Class Counsel Attorneys' Fees and Costs, and (6) any other amounts required to be paid under this Agreement. Under no circumstances, except for the voiding of this Agreement in its entirety as discussed in Paragraphs 95 and 96, below, shall any portion of the Gross Settlement Amount revert to Defendant.

54.    All amounts to be paid by Defendant under this Agreement shall be paid from the Qualified Settlement Fund, and, except for the employer's share of any payroll taxes that are due by virtue of any payments made to Class Members under the terms of this Agreement, Defendant shall have no obligation under this Agreement or otherwise to make any payment whatsoever beyond its obligation to make payments to the Qualified Settlement Fund in an amount equal to the designated Gross Settlement Amount..

55.    <u>Claims Administration Charges</u>. The Claims Administration Charges for administration of the settlement include, but are not limited to, printing and mailing of the Notice of Settlement to Class Members, processing disputes, requests for exclusion, and objections in accordance with this Agreement, calculating preliminary and final payment amounts and tax

withholdings for Class Members, responding to inquiries from Class Members, issuing and mailing settlement payments and checks, reasonable efforts to locate Class Members, and preparing any required tax returns and tax reports. All Claims Administrator Charges, whether foreseen or unforeseen, will be paid from the Gross Settlement Amount. All Claims Administration Charges shall also be paid from the Settlement Sum.

56.   _Class Counsel Attorneys' Fees and Costs_. Defendant will not oppose an application by Class Counsel for an award of attorneys' fees up to one-quarter (25%) of the Gross Settlement Amount (i.e., up to $1,650,000.00), nor oppose an application by Class Counsel for an award of actual litigation costs incurred by Class Counsel in connection with the litigation of the Lawsuit, all of which will be paid out of the Gross Settlement Amount. The Parties expressly agree that the Court's approval or denial of any request for attorneys' fees and costs are not material conditions to the Agreement, and are to be considered by the Court separately from the fairness, reasonableness, adequacy, and good faith of the settlement. Any order or proceeding relating to the application by Class Counsel for an award for attorneys' fees and costs shall not operate to terminate or cancel this Agreement. Any appeal by Class Counsel regarding fees or costs shall not operate to stall the Effective Date and compliance with the Agreement – any unawareded fees disputed shall be retained in trust by the Administrator until the conclusion of any such appeal. To the extent the Court awards less than the amount of attorneys' fees and costs requested by Class Counsel, and Class Counsel does not appeal or is unsuccessful in any appeal, the remaining amount will be redistributed to the Class Members on a _pro rata_ basis. To the extent there are additional Administrator costs arising from any appeal by Class Counsel of this nature, Class Counsel shall be solely responsible for

paying them out of any awarded fees and costs.

57. <u>Class Representative Enhancement</u>. Defendant will not oppose an application for payment of a Class Representative Enhancement to Plaintiff Buckingham in an amount not to exceed $15,000.00, and Plaintiffs Robinson, Courts, and Agosto-Cruz in an amount not to exceed $2,500.00 each, paid from the Gross Settlement Amount, subject to approval by the Court. The final amount of any Class Representative Enhancement as determined and approved by the Court shall be binding on the Class Representative. Any Class Representative Enhancements will be treated as a non-wage payment and reported as such by the Claims Administrator to the appropriate government taxing authorities, with each Class Representative being solely responsible for paying any and all taxes due on his or her Class Representative Enhancement. The Parties expressly agree that the Court's approval or denial of any request for Class Representative Enhancements is not a material condition to the Agreement, and is to be considered by the Court separately from the fairness, reasonableness, adequacy, and good faith of the settlement. Any order or proceeding relating to the application by Class Counsel for an award of a Class Representative Enhancements shall not operate to terminate or cancel this Agreement. To the extent the Court awards less than the amount of the Class Representative Enhancement requested, the remaining amount will be redistributed to the Class Members on a *pro rata* basis.

58. <u>PAGA Penalties</u>. The Parties agree to allocate Seventy-Five Thousand Dollars ($75,000.00) of the Gross Settlement Amount to the settlement of the PAGA claims alleged in the Lawsuit on behalf of Implementation Advisors, which the Parties believe in good faith is a fair and reasonable apportionment. The Claims Administrator shall pay seventy-five

percent (75%), or $56,250.00, of this amount to the LWDA. The other twenty-five percent (25%), or $18,750.00, of this amount shall remain as part of the Net Settlement Fund, to be paid to California Class Members on a *pro rata* basis based upon their Adjusted Eligible Workweeks (as described in Paragraphs 60 and 61, below).

59.    Net Settlement Fund. Class Members shall be paid their Net Pro Rata Distribution (as defined in Paragraphs 60 and 61, below) from the Net Settlement Fund, which is the amount remaining of the Gross Settlement Amount after deduction of (1) Claims Administration Charges; (2) Class Counsel Attorneys' Fees and Costs; (3) Class Representative Enhancements; and (4) amounts paid to the LWDA for PAGA penalties.

60.    The Net Pro Rata Distribution for each Class Member will be their *pro rata* share of the Net Settlement Fund based upon their Adjusted Eligible Workweeks. More specifically, this will be determined as follows: the Claims Administrator will determine the total number of Adjusted Eligible Workweeks for all Class Members, and then, for each Class Member, divide their individual Adjusted Eligible Workweeks by the total number of Adjusted Eligible Workweeks for all Class Members. The Claims Administrator will then multiply that resulting number by the amount of the Net Settlement Fund.

61.    Each Class Member will have his or her Net Pro Rata Distribution apportioned by the Claims Administrator as follows: (a) one-third for payment of any claimed interest (the "Interest Portion"); (b) one-third for payment of any claimed penalties and liquidated damages of any type (the "Penalties Portion"), and (c) one-third for payment of any claimed unpaid wages during the Class Period (the "Gross Wages Portion"). The Claims Administrator will make appropriate deductions from the Gross

Wages Portion of each Class Member's Net Pro Rata Distribution for the payment of employee payroll taxes and deductions required or permitted by applicable law in connection with the payment of wages to the Class Member and will timely remit those sums to the appropriate government taxing authorities, with the remaining balance of the Gross Wages Portion after such deductions being made being the "Net Wages Portion."

62.     The Claims Administrator will also calculate the total payment of employer payroll taxes due based upon the total Net Pro Rata Distributions, and will effectuate payment of these taxes to the appropriate tax agencies from the funds deposited by Defendant for this purpose in the Qualified Settlement Fund. To the extent the Claims Administrator estimates and Defendant pays a payroll tax amount that is greater than the amount owed to taxing authorities, the balance of this payment will be refunded to Defendant. To the extent the Claims Administrator initially estimates and Defendant pays an insufficient amount to cover the employers' share of all payroll taxes actually due, Defendant will pay the additional amount of payroll tax required within fifteen (15) calendar days of a request for payment by the Claims Administrator.

63.     The Parties are mindful that the total consideration payable hereunder is comprised of a number of separate and distinct claims for damages and penalties by Plaintiffs and the Class Members. Accordingly, having considered the matter in detail, having performed their own separate and independent computations and estimation of the damages and penalties potentially awardable to Plaintiffs at trial, and having done the foregoing with complete and satisfactory access to, and advice from, accounting and legal advisors, the Parties mutually consent and agree that the Net Pro Rata Distribution be apportioned among the Class Members' various wage and

non-wage claims in this action as set forth above. Moreover, the Parties mutually consent and agree, and hereby represent to the Court in this judicially-supervised settlement transaction, that the apportionment of the Net Pro Rata Distributions as stated above is a reasonable and arm's length determination of the character of the Net Pro Rata Distribution for all purposes, including for tax purposes.

64.    All Settlement Class Members (*i.e.*, those Class Members that do not affirmatively opt out and/or withdraw their consent-to-join form, as applicable) shall be sent a check or checks representing their Net Pro Rata Distribution. Checks sent to Class Members' shall contain a legend on the reverse of the check that states: "Endorsement or depositing of this check means that you are certifying under penalty of perjury to being a Class Member in the matter of *Buckingham, et al. v. Bank of America N.A.*, are participating in the settlement in this case, and are waiving all wage and hour claims under the Federal Labor Standards Act and/or state laws, as applicable. You may read the full notice and waiver online: http://www.bryanschwartzlaw.com/implementationadvisor-clientfulfillment. " However, regardless of whether he or she negotiates the settlement check, any Class Member who fails to opt out timely of a State-Law Class as indicated in the Notice, or has not withdrawn from the FLSA Collective, shall automatically be deemed a Settlement Class Member whose rights and claims with respect to the claims raised in the Lawsuit are determined by the Court's order granting final approval of this settlement, and by other rulings in the Lawsuit.

65.    The allocations of any Class Members who opt out of and/or withdraw from the settlement ("unclaimed funds") will be allocated *pro rata* to the Settlement Class Members at the time of settlement disbursement. Any

payments made to Settlement Class Members that remain uncashed one hundred eighty (180) days after mailing shall be voided, and the amount of those checks will be distributed to Legal Aid Society – Employment Law Center as the *cy pres* recipient, subject to the Court's approval.

66. <u>No Effect on Benefit Plans</u>. No employee benefit provided by Defendant to any Settlement Class Member, including but not limited to any 401k benefits, shall increase or accrue as a result of any payment made in accordance with this Agreement.

67. <u>No Additional Contribution by Defendant</u>. Defendant's monetary obligation under this Agreement is limited to the amount defined as the Gross Settlement Amount, plus the employer's share of payroll taxes. Defendant may not be called upon or required to contribute additional monies above the Gross Settlement Amount plus the employer's share of payroll taxes under any circumstances whatsoever. All costs and expenses arising out of or in connection with the performance of this Agreement shall be paid from the Gross Settlement Amount and the employer's share of payroll taxes paid by Defendant into the Qualified Settlement Fund, unless expressly provided otherwise herein. In the event that this Agreement is canceled, rescinded, terminated, voided, or nullified, however that may occur, or the settlement of the Action is barred by operation of law, or invalidated, or ordered not to be carried out by a court of competent jurisdiction, Defendant will cease to have any obligation to pay any portion of the Gross Settlement Amount to the Qualified Settlement Fund or any other Party under the terms of this Agreement, and all previous disbursements made from Defendant to the Qualified Settlement Fund will immediately revert back to Defendant, less any Claims Administration Charges incurred. Notwithstanding the foregoing, Defendant will bear sole responsibility for paying the employer's share of

payroll taxes in connection with any payments made under the terms of this Agreement, out of funds separate and apart from the Gross Settlement Amount.

68.     In further consideration for this Agreement, Defendant has reviewed all current exempt employees in its internal job code CI066, and effective on or before October 15, 2016,  has either (1) reclassified those employees as non-exempt, or (2) modified the job duties performed by those employees so that they remain exempt employees.  Defendant agrees that, no later than October 31, 2016, it shall provide to Plaintiffs' counsel a list of those current employees in internal job code CI066 (listed by a unique identification number), and whether he or she has been reclassified as non-exempt or has remained in an exempt position.  The Parties acknowledge that Defendant denies that anyone in job code CI066 was ever misclassified as exempt, and that Defendant avers that, prior to and independent of this Lawsuit and Settlement, Defendant was in the process of reviewing the exempt status of the employees working in Defendant's internal job code CI066, and that the reclassification and/or modification of job duties described herein may have occurred regardless of this settlement.

## SETTLEMENT ADMINISTRATION

69.     The Claims Administrator will administer disbursements from the Gross Settlement Amount paid by Defendant into the Qualified Settlement Fund, including, but not limited to, distributing the Notice of Settlement, calculating claims against the Qualified Settlement Fund, calculating interest owed, calculating the employer's share of payroll taxes owed, preparing and issuing all disbursements to be paid to Class Members, Class Counsel, the Class Representative, the LWDA, and the local, state, and federal payroll tax authorities, as applicable, and handling inquiries about the calculation of the

Net Pro Rata Distribution. The Claims Administrator shall be responsible for the timely filing of all applicable federal, state and local tax returns of the Qualified Settlement Fund and making the timely payment of any and all taxes and withholdings required with such returns. The Claims Administrator shall establish a toll-free telephone number to direct inquiries regarding the Notice of Settlement and determination of Net Pro Rata Distributions. All questions by Class Members shall be directed to the Claims Administrator. All Claims Administration Charges associated with administering disbursements from the Qualified Settlement Fund including, but not limited to, the fees and costs of the Claims Administrator and the cost of the Notice of Settlement, shall be paid entirely from the Gross Settlement Amount. The Parties expect that the Claims Administrator shall conduct all administration of all disbursements of the Settlement Amounts and that Class Counsel shall receive no fees or disbursements relating to the administration of disbursements of the Qualified Settlement Fund.

## NOTICE TO THE CLASS AND CLAIMS PROCESS

70.    The Claims Administrator shall disseminate the Notice of Settlement by first-class United States mail, and, where possible, by e-mail. The Notice of Settlement shall be provided to Class Members in the following manner:

71.    No later than fifteen (15) days after the Court enters an order granting preliminary approval of the settlement reflected in this Agreement, Defendant will provide the Claims Administrator with a database including the following information for each Class Member: (1) last known home address and telephone number; (2) last known e-mail address from Defendant's electronic employment records (where available); (3) Social

Security number; (4) data pertaining to the number of weeks that each individual was actively working in a position as part of the State-Law Classes; and (5) data pertaining to the number of weeks that each member of the FLSA Collective was actively working in a position as part of the FLSA Collective (collectively, the "Class List"). The Class List will be deemed to be designated as Confidential under the Stipulated Protective Order (Dkt. #26 in the Lawsuit) as approved by the Court (Dkt. #27 in the Lawsuit), and subject to the Claims Administrator first signing and returning to Defendant's counsel the Acknowledgement and Agreement to Be Bound attached as Exhibit A to such Stipulated Protective Order.

72.     Within ten (10) days of receiving the Class List, the Claims Administrator shall determine the preliminary Net Pro Rata Distribution that each Class Member is eligible to receive, and shall provide Class Counsel and Defendant's Counsel with a list of all such amounts. Within seven (7) days after receiving the Claims Administrator's report, Class Counsel and Defendant's Counsel shall jointly review the same to determine if the calculations are consistent with this settlement and approve the preliminary Net Pro Rata Distributions for each Class Member (as modified, if necessary, after initial review).

73.     Within five (5) days of receiving approval from Class Counsel and Defendant's Counsel of the preliminary Net Pro Rata Distribution for each Class Member, the Claims Administrator shall mail (and where possible, e-mail) to each Class Member the Notice of Settlement. The Claims Administrator will use information that is reasonably available via customary search methods (i.e., National Change of Address database and skip tracing) to update the addresses of Class Members provided by Defendant. With respect to each Notice of Settlement mailed to a Class Member that is returned

as undeliverable prior to 60 days after the Notice is originally mailed, the Claims Administrator shall promptly attempt to determine a correct address for the Class Member using a reasonable search method and shall re-send the Notice of Settlement via first-class mail to any new address thereby determined. The Claims Administrator will use reasonable efforts to contact the Class Members to effectuate this Agreement.

74.    Opting Out of Classes. In order for a member of a Class to validly exclude himself or herself from a Class and this settlement (*i.e.,* to validly opt-out or withdraw a consent-to-join form), the member of the Class must send a letter to the Claims Administrator setting forth his or her name and a statement that he or she requests exclusion from the applicable State Law Class or to withdraw his or her consent from the FLSA Collective and does not wish to participate in the settlement. In order to be effective, any such request for exclusion or withdrawal of consent-to-join form to the Claims Administrator must be postmarked no later than 60 days after the date that the Claims Administrator originally mails the Notice of Settlement to Class Members. The Parties and their respective counsel agree that none of them will take any steps to encourage any Class Member to opt-out or withdraw their consent-to-join form from any Class or FLSA Collective. The date of mailing of the Notice of Settlement, and the date the signed request for exclusion or withdrawal of consent-to-join form is postmarked, shall be conclusively determined according to the records of the Claims Administrator. Any Class Member who opts out of any Class will be deemed to have withdrawn his or her consent-to-join as to the FLSA Collective, and any Class Member who withdraws his or her consent-to-join as to the FLSA Collective will be deemed to have opted out of any Class.  Any Class Member who timely and validly opts-out or withdraws his or her consent-to-join form

from any Class or the FLSA Collective will not be entitled to any settlement payment, will not be bound by the terms and conditions of this Agreement, and will not have any right to object, appeal or comment thereon. By signing this Agreement, Plaintiffs agree to be bound by the terms herein and further agree not to request to be excluded from the relevant Class and agree not to object to any of the terms of this Agreement. Any such request for exclusion or objection shall therefore be void and of no force or effect.

75. <u>Dispute Process</u>. Any Class Member who disputes the information shown on his or her Notice of Settlement regarding the total number of weeks that he or she worked as an Implementation Advisor, or the amount of wages he or she was paid in a particular year, or whether he or she signed a severance agreement, may indicate and explain such disagreement under penalty of perjury within sixty (60) days of the mailing of the Notice of Settlement by notifying the Claims Administrator pursuant to the procedures set forth herein and described in the Notice of Settlement. Any such Class Member must submit documentation relating to his or her dispute. The Claims Administrator shall notify Defendant's Counsel and Class Counsel of any such dispute no later than five (5) days after receiving notice of the dispute. In the case of a dispute, Defendant's records shall control and will have a rebuttable presumption of correctness. For any dispute that arises, counsel for the Parties may stipulate to a resolution, or stipulate to allow the Claims Administrator to resolve the dispute and make a final and binding determination without hearing or right of appeal, or may ask the Court to resolve a dispute.

76. <u>Objections to Settlement</u>. In order to object to this Agreement, or any term of it, the person making the objection must be a Class Member, must not opt-out, and must, by no later than sixty (60) days after the original

mailing of the Notice of Settlement, send his or her written objections to the Court, which, per the Northern District of California's guidelines, will scan objections into the electronic case docket, which will provide the parties electronic notice of filings. Class Members who fail to timely file and serve objections in the manner specified herein shall be deemed to have waived any objections. Members of the FLSA Collective may not file any objections of any kind and instead must withdraw their consent-to-join forms if they do not wish to be bound by this agreement as provided in the Notice (however, any member of both the FLSA Collective and a State-Law Class retains his or her right to object to the settlement as a State-Law Class Member).

77.     The Claims Administrator shall provide the Parties with a weekly update as to the number of returned Notices (if any), opt-outs (if any), withdrawn consent forms (if any), and objections (if any) it has received. Upon completion of the sixty (60) day time period in which Class Members can timely exclude themselves from the settlement, withdraw their consent forms, or object to the settlement, the Claims Administrator shall inform the Parties as to the total number of Class Members in each category, if any.

78.     Within seven (7) days after the deadline to submit an objection, opt out, or withdraw a consent form, the Claims Administrator shall recalculate the Net Pro Rata Distribution for those Class Members who remain in the Class to determine the final Net Pro Rata Distribution of each Class Member. The Claims Administrator shall provide Class Counsel and Defendant's Counsel with a list of all such amounts. Within seven (7) days after receiving the Claims Administrator's report, Class Counsel and Defendant's Counsel shall jointly review the same to determine if the calculations are consistent with this settlement.

79.     <u>Declaration of Compliance</u>. As soon as practicable, and no later

than seven days prior to the hearing regarding final approval of the settlement, the Claims Administrator shall provide Defendant's Counsel and Class Counsel with a declaration attesting to completion of the notice process (except for any ongoing attempt to obtain valid mailing addresses for, and the resending of, any returned Notices of Settlement) ("Declaration of Compliance"). The Parties agree that compliance with the notice procedures described in this Stipulation constitutes due and sufficient notice to Class Members of this proposed settlement and the hearing regarding final approval of the settlement, and should satisfy the requirement of due process. Nothing else shall be required of, or done by, the Parties, Class Counsel, Defendant's Counsel, or the Claims Administrator to provide notice of the proposed settlement and the final approval hearing.

80. <u>Funding of Qualified Settlement Fund</u>. Within fifteen (15) days after the Effective Date, Defendant shall wire the Gross Settlement Amount, plus the full amount estimated for the employer's share of payroll taxes, to the Claims Administrator for deposit into the Qualified Settlement Fund.

81. Immediately after the Effective Date, the Claims Administrator will forward to the Parties a cover letter addressed to the LWDA referencing (i) the LWDA Distribution and (ii) that the Court has given its final approval to the terms of the settlement, including the amount of the LWDA Distribution. The Claims Administrator shall forward the aforementioned letter and LWDA Distribution to the LWDA in accordance with this Agreement.

82. <u>Disbursement of Class Counsel Attorneys' Fees and Costs, LWDA Payment, Class Representative Enhancements, and Claims Administration Charges</u>. Within ten (10) business days after Defendant wires the Gross Settlement Amount to the Claims Administrator for deposit into the

Qualified Settlement Fund, the Claims Administrator shall disburse any Court-approved attorneys' fees, costs, the LWDA Distribution, Class Representative Enhancements, and any unpaid Claims Administration Charges.

83.    <u>Disbursement of Net Pro Rata Distributions</u>. No later than ten (10) business days after Defendant has wired the Gross Settlement Amount to the Claims Administrator for deposit into the Qualified Settlement Fund, the Claims Administrator will send each Class Member, at their last known or provided address, their Net Pro Rata Distribution in the form of (a) a non-payroll check for the combined amounts of the Interest Portion and Penalties Portion of the Pro Rata Distribution and (b) a payroll check in the net amount of the Net Wages Portion of the Pro Rata Distribution. The Claims Administrator shall report all such payments to the appropriate government taxing authorities using the tax reporting forms and methods required under applicable law. The mailing of Net Pro Rata Distributions shall be by first-class United States mail to the last known mailing address of each Class Member.

84.    One hundred eighty (180) days after mailing payments, the Claims Administrator shall calculate any unclaimed amounts – *i.e.*, the total value of checks that were not deposited (funds remaining in the Qualified Settlement Fund). The balance in the Qualified Settlement Fund shall be disbursed to the *cy pres* recipient identified herein within ten (10) days after the expiration of the 180-day period, with notice provided to counsel for Defendant and Plaintiffs.

85.    Upon completion of the administration of the settlement under this Agreement, the Claims Administrator shall provide to Defendant's counsel the following: (a) specimens of all form documents sent to Class

Members, including the Notice of Settlement; (b) copies of all documents actually sent to Class Members, including without limitation, those itemized in (a), *supra*; (c) a register of all members of State-Law Classes who excluded themselves from the settlement; and (d) a register listing all Class Members and the Net Pro Rata Distribution made to each Class Member.

86.     Extension of Time to Pay and/or Process Claims. Should the Claims Administrator need more time than is provided under this Agreement to complete any of its obligations as set forth in this Agreement, the Claims Administrator may request such additional time in writing (including an explanation of the need for additional time) from Defendant's Counsel and Class Counsel. If Defendant's Counsel and Class Counsel do not agree, in writing, to the Claims Administrator's request for additional time, the Claims Administrator may seek such additional time from the Court.

## RELEASE OF CLAIMS

87.     Plaintiffs and all members of the Classes that do not timely and properly exclude themselves from the terms of this Agreement (by opting out or withdrawing written consent) stipulate and agree that, upon the Effective Date, they shall be deemed to have, and by operation of the Court's order granting final approval of the settlement set forth in this Agreement and the Judgment of dismissal entered pursuant thereto shall have expressly waived and relinquished the Released Claims. Even if the Plaintiffs and/or any such Class Members may hereafter discover facts in addition to or different from those which they now know or believe to be true with respect to the subject matter of the Released Claims, the Plaintiffs and each of such Class Members, upon the Effective Date, shall be deemed to have and by operation of the Court's order granting final approval of the settlement set forth in this

Agreement and the Judgment of dismissal entered pursuant thereto shall have fully, finally, and forever settled and released any and all of the Released Claims. This is true whether the Released Claims are known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts.

88.    Plaintiffs and all members of the Classes that do not timely and properly exclude themselves from the terms of this Agreement agree not to sue or otherwise make a claim against any of the Released Parties based upon the Released Claims.

89.    Plaintiff Buckingham and all members of the California Class who do not timely and properly exclude themselves from the terms of this Agreement shall be deemed to have waived their rights as to the Released Claims with respect to the Released Parties under Section 1542 of the California Civil Code, which states:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

90.    For the purposes of effectuating this Agreement only, Plaintiffs, all members of the Classes that do not timely and properly exclude themselves from the terms of this Agreement also shall be deemed to have acknowledged and agreed that: (1) their claims for compensation for missed meal and rest breaks, overtime compensation, minimum wages, statutory and civil

penalties, and any other payments and/or penalties in the Lawsuit are disputed; and (2) the payments set forth herein constitute full payment of any amounts allegedly due to them. Such acknowledgements pertain only to effectuating this Agreement and, if this Agreement fails for any reason, shall be of no effect whatsoever. In light of these acknowledgements for settlement purposes only, Plaintiffs and all Class Members who do not timely and properly exclude themselves from the terms of this Agreement shall be deemed to have acknowledged and agreed that California Labor Code section 206.5 is not applicable to the Parties hereto. That section provides in pertinent part as follows:

> "An employer shall not require the execution of any release of a release of a claim or right on account of wages due, or to become due, or made as an advance on wages to be earned, unless payment of those wages has been made."

91.     Each member of the Classes who does not timely and properly exclude himself or herself from the terms of this Agreement-shall be deemed to have made the foregoing Release and representations as if by manually signing them.

92.     In addition to the release provided above with respect to all Class Members, and for a valuable consideration, the receipt and adequacy of which is hereby acknowledged and except as specifically provided below, Class Representatives Allen Buckingham, Eunice Ann Robinson, Alvin Courts, and Melissa Agosto-Cruz, on behalf of themselves and each of their heirs, executors, administrators, attorneys, devisees, successors, and assigns, does hereby release and forever discharge the Released Parties of and from any and all claims, causes of action, suits, debts, liens, contracts, judgments, agreements, promises, liabilities, claims, demands, damages, losses, costs, or

expenses of any nature whatsoever, known or unknown, fixed or contingent (hereinafter called "Claims"), which Class Representatives now have against the Released Parties, or any of them, by reason of any matter, event, act, omission, cause or thing whatsoever from the beginning of time to the date of this Agreement, including but not limited to any and all Claims relating to or arising out of the hire, employment, demotion, termination or remuneration (including without limitation salary, bonus, incentive or other compensation, sick leave or medical insurance benefits), *except* vested benefits, of Class Representatives by the Released Parties, including without limitation all Claims arising out of, based upon or relating to the Lawsuit.

93.    Without limiting the generality of the foregoing, the Claims of the Class Representative released herein include any Claims arising out of, based upon, or in any way related to (i) claims of discrimination, harassment, and retaliation; (ii) any tort claims, including wrongful discharge, intentional or negligent infliction of emotional distress, intentional or negligent misrepresentation, invasion of privacy, defamation, loss of consortium, breach of fiduciary duty, assault, battery, sexual battery, violation of public policy, or any other common law claim of any kind; (iii) any other violation or alleged violation of Title VII of the Civil Rights Act of 1964, as amended, the Equal Pay Act, as amended, the Fair Labor Standards Act, the Employee Retirement Income Security Act (except that this release does not affect any vested benefits owned by the Class Representatives), the Americans With Disabilities Act, the Family and Medical Leave Act, the California Family Rights Act, the California Fair Employment and Housing Act, the California Labor Code, the Civil Rights Act of 1866, and the Consolidated Omnibus Budget Reconciliation Act; and (iv) any claim relating to or arising under any other local, state or federal statute, regulation or principle of common law

governing the employment of individuals and/or discrimination in employment. This release extends to any and all administrative charges whether before the Equal Employment and Opportunity Commission or the Department of Fair Employment and Housing or any other court or agency. Should the Class Representatives ever become a party to any such proceeding against the Released Parties, as a result of claims released in the agreement, he or she shall immediately ask any such administrative agency or court to withdraw any such charge as to him. In consideration of the mutual promises contained herein, the Class Representatives, on behalf of themselves, and each of his or her heirs, representatives, successors, assigns, and attorneys, specifically agree to forever fully and finally release, waive, acquit and discharge, to the fullest extent permitted by law, all claims, charges, complaints, liens, demands, causes of action, obligations, damages and liabilities, whether known or unknown. Further, Class Representatives agree to sign this Agreement and to be bound by the terms herein stated, and further agree not to request to be excluded from the Agreement and agree not to object to any of the terms of the Agreement.

## CLASS ACTION FAIRNESS ACT NOTICE

94.    Defendant will be responsible for providing appropriate notifications to the relevant agencies under the Class Action Fairness Act ("CAFA") within ten (10) days of the filing of the motion for preliminary approval.

## VOIDING THE AGREEMENT

95.    In the event: (i) the Court does not enter any order specified herein; (ii) the Court does not finally approve the settlement set forth in this Agreement as provided herein; (iii) the Court does not enter an order granting final approval of the settlement set forth in this Agreement and a Judgment of

dismissal of the Lawsuit with prejudice as provided herein that becomes final as a result of the occurrence of the Effective Date; or (iv) the settlement set forth in this Agreement does not become final for any other reason, this Agreement shall be null and void *ab initio* and any order or judgment entered by the Court in furtherance of the settlement set forth herein shall be treated as withdrawn or vacated by stipulation of the Parties. In such case, the Parties shall be returned to their respective statuses as of the date immediately prior to the execution of this Agreement, and the Parties shall proceed in all respects as if this Agreement had not been executed. In the event an appeal is filed from the Court's order granting final approval of the settlement set forth in this Agreement and any Judgment entered pursuant thereto, or any other appellate review is sought prior to the Effective Date, administration of the Settlement shall be stayed pending final resolution of the appeal or other appellate review.

96.    In the event 5% or more of the members of all the State-Law Classes together affirmatively opt out of the settlement or if 5% or more of the number of FLSA Collective Members withdraw their consent-to-join forms after the date of the execution of this Agreement, Defendant may, at its option, void the Agreement in its entirety. Unless the foregoing precedent condition is met, Defendant will not receive reversion of any part of the Gross Settlement Amount, unless the settlement is not finally approved by the Court with terms materially identical to the terms set forth in this Agreement. In the event the settlement is voided pursuant to this paragraph, or is not given final approval by the Court, Defendant will bear only the already-incurred costs of the Claims Administrator.

## VOIDING OF TOLLING AGREEMENT

97.    The Parties agree that, upon execution of this Agreement, the

Tolling Agreement the they entered into on or about April 6, 2016 shall be void, and, except for people who have opted in to the FLSA Collective as of September 30, 2016, no individual shall receive any tolling of the FLSA statute of limitations as a result of the Tolling Agreement or otherwise.

## MISCELLANEOUS PROVISIONS

98.   <u>Each Party to Bear Own Costs</u>. Except as specifically provided herein, the Parties hereto will bear responsibility for their own attorneys' fees and costs, taxable or otherwise, incurred by them or arising out of this Lawsuit, and will not seek reimbursement thereof from any Party to this Agreement.

99.   <u>Severability</u>. If any of the above provisions are found null, void, or inoperative, for any reason, the remaining provisions will remain in full force and effect. Notwithstanding, the invalidation of any material term of this Agreement, including but not limited to all the terms and provisions specified in the Release of Claims, will invalidate this Agreement in its entirety unless the Parties subsequently agree in writing that the remaining provisions will remain in force and effect.

100.   <u>Headings</u>. The descriptive headings of any paragraphs or sections of this Agreement are inserted for convenience of reference only and do not constitute any part of this Agreement.

101.   <u>No Admission</u>. Neither the acceptance nor the performance by Defendant of the terms of this Agreement nor any of the related negotiations or proceedings is or shall be claimed to be construed as, or deemed to be an admission by Defendant of the truth of any of the allegations of the Lawsuit, the representative character of the Lawsuit, the validity of any of the claims that were or could have been asserted by Plaintiffs and/or Class Members in the Lawsuit, or any liability or guilt of Defendant in the Lawsuit.

102.   <u>Agreement Jointly Prepared</u>. The Parties and their attorneys have reviewed this Agreement. The Parties have had a full opportunity to negotiate the terms and conditions of this Agreement. Accordingly, the Parties expressly waive the common law and statutory rule of construction that ambiguities should be construed against the drafter of an agreement, and agree, covenant, and represent that the language in all parts of this Agreement shall be in all cases construed as a whole, according to its fair meaning.

103.   <u>Non-Evidentiary Use</u>. Neither the fact of this Agreement, the existence of this Stipulation, the terms of this Agreement, nor any order or action pursuant thereto may be referred to, relied upon, cited, or used as evidence by any of the Parties, Class Members, or their respective counsel in the Lawsuit or in any other action or proceeding; provided, however, that nothing contained in this section shall prevent this Agreement from being used, offered, or received in evidence in any proceeding to enforce, construe, or finalize this Agreement.

104.   <u>Amendment or Modification</u>. Unless otherwise provided herein, this Agreement may be amended or modified only by a written instrument signed by counsel for all Parties or their successors-in-interest.

105.   <u>Authorization to Enter Into Stipulation</u>. Each individual signing this Agreement warrants that he or she has the authority and is expressly authorized to enter into this Agreement on behalf of the Party for which that individual signs.

106.   The Parties agree that because the Class Members are so numerous, it is impossible or impractical to have each of them execute this Agreement. Accordingly, the Notice of Settlement, which is included within Exhibit A attached to this Agreement, will advise all of the Class Members of the binding nature of the release and, if they remain Class Members, that the

release shall have the same force and effect as if the Agreement were executed by each of them, whether or not the Notice of Settlement is actually received by the Class Member.

107. <u>Advice of Counsel</u>. The Parties to this Agreement are represented by competent counsel, and they have had an opportunity to consult with counsel. The Parties to this Stipulation agree that it reflects their good faith compromise of the claims raised in this action, based upon their assessment of the mutual risks and costs of further litigation and the assessments of their respective counsel.

108. <u>Assignment</u>. None of the rights, commitments, or obligations recognized under this Stipulation may be assigned by any Party, Class Member, Class Counsel or Defendant's Counsel without the express written consent of each Party and their respective counsel hereto. The representations, warranties, covenants, and agreements contained in this Agreement are for the sole benefit of the Parties under this Agreement, and shall not be construed to confer any right or to avail any remedy to any other person.

109. <u>Governing Law.</u> This Agreement shall be governed, construed, and interpreted, and the rights of the Parties shall be determined, in accordance with the laws of the State of California, irrespective of the State of California's choice of law principles.

110. <u>Entire Agreement</u>. This Agreement and any supplemental written agreement subsequently incorporated constitute the entire Agreement among these Parties, and no oral or written representations, warranties or inducements have been made to any Party concerning this Agreement other than the representations, warranties and covenants contained and memorialized herein. This Agreement, once it is fully executed, supersedes, any and all prior agreements between the Parties, whether written or verbal.

111.   Counterparts. This Agreement, and any amendments hereto, may be executed in any number of counterparts and any Party and/or their respective counsel hereto may execute any such counterpart, each of which when executed and delivered shall be deemed to be an original and all of which counterparts taken together shall constitute but one and the same instrument. It shall not be necessary in making proof of this Agreement or any counterpart hereof to produce or account for any of the other counterparts.

112.   Cooperation. The Parties shall cooperate fully with one another in seeking approval of the Court of this Agreement (including all exhibits thereto) and to use their best efforts to consummate the Agreement and cause the Court to enter an order of final approval of the settlement. No Party to this Agreement shall seek to evade his, her or its good faith obligations to seek approval and implementation of the Agreement by virtue of any ruling, order, or other development, whether in the Lawsuit, in any other litigation or otherwise that hereafter might occur and might be deemed to alter the relative strengths of the Parties with respect to any claims or defenses of their relative bargaining power with respect to negotiating.

113.   Confidentiality/ Non-Disparagement.  The Parties and their counsel agree that, prior to the filing of a motion for preliminary approval, they will not issue any press releases or press statements, post any internet disclosures, have any communications with the press or media about this Settlement Agreement, or otherwise publicize the terms of this Settlement Agreement in any medium, including but not limited to Internet blogs or chat rooms, Facebook, or a law firm website. If counsel for either Party receives an inquiry about settlement from the media, counsel may respond only after the motion for preliminary approval has been filed and only by confirming the terms of the settlement.  After the filing of a motion for preliminary approval,

the Parties and their counsel agree not to issue press releases, hold any press conferences, or otherwise actively publicize the settlement, except on Class Counsel's public website, as described below, with the intent to inform class members about the settlement and its terms, the Court's orders in the case, and to maximize participation in the settlement. Notwithstanding the foregoing, the Parties shall have the right to disclose this Settlement Agreement as may be required under federal or state tax and/or securities laws or under generally accepted accounting principles, and may disclose in legal proceedings the terms of this Settlement Agreement.

114.   <u>Website.</u> Class Counsel has set up a website (http://www.bryanschwartzlaw.com/implementationadvisor-clientfulfillment) which will be used to provide settlement documents and other case-related documents online for Class Members' review. Any statements Class Counsel makes on the website about this lawsuit will be factually accurate and not derogatory or disparaging about the company. Statements regarding contrasting views of the claims in this matter are not "derogatory" or "disparaging" for purposes of this Agreement.

115.   To the extent permitted by law, the Court shall retain jurisdiction for the purposes of managing and overseeing the class action settlement set forth in this Agreement and the distribution of funds pursuant thereto.

\*     \*     \*

THE UNDERSIGNED ACKNOWLEDGE THAT EACH HAS READ THE FOREGOING AGREEMENT AND ACCEPTS AND AGREES TO THE PROVISIONS CONTAINED THEREIN, AND HEREBY EXECUTES IT VOLUNTARILY WITH FULL KNOWLEDGE OF ITS CONSEQUENCES.

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement on the dates indicated below.

**IT IS SO STIPULATED AND AGREED:**

*[Signatures on following pages]*

**PLAINTIFFS/CLASS REPRESENTATIVES:**

DATED: __10/29__, 2016        _____

Allen Buckingham, Plaintiff/California Class
Representative

DATED: _____, 2016        _____

Eunice Ann Robinson, Plaintiff/North
Carolina Class Representative

DATED: _____, 2016        _____

Alvin Courts, Plaintiff/Illinois Class
Representative

DATED: _____, 2016        _____

Melissa Agosto-Cruz, Plaintiff/Connecticut
Class Representative

**PLAINTIFFS/CLASS REPRESENTATIVES:**

DATED: _____, 2016     _____

                                    Allen Buckingham, Plaintiff/California Class
                                    Representative

DATED: _10-28-16_2016     _____

                                    Eunice Ann Robinson, Plaintiff/North
                                    Carolina Class Representative

DATED: _____, 2016     _____

                                    Alvin Courts, Plaintiff/Illinois Class
                                    Representative

DATED: _____, 2016     _____

                                    Melissa Agosto-Cruz, Plaintiff/Connecticut
                                    Class Representative

## PLAINTIFFS/CLASS REPRESENTATIVES:

DATED: _____, 2016

_____

Allen Buckingham, Plaintiff/California Class
Representative

DATED: _____, 2016

_____

Eunice Ann Robinson, Plaintiff/North
Carolina Class Representative

DATED: OCT 29 , 2016

_____

Alvin Courts, Plaintiff/Illinois Class
Representative

DATED: _____, 2016

_____

Melissa Agosto-Cruz, Plaintiff/Connecticut
Class Representative

**PLAINTIFFS/CLASS REPRESENTATIVES:**

DATED: _____, 2016       _____

_Allen Buckingham, Plaintiff/California Class Representative_

DATED: _____, 2016       _____

_Eunice Ann Robinson, Plaintiff/North Carolina Class Representative_

DATED: _____, 2016       _____

_Alvin Courts, Plaintiff/Illinois Class Representative_

DATED: _October 29_, 2016       _____

_Melissa Agosto-Cruz, Plaintiff/Connecticut Class Representative_

**DEFENDANT:**          **DEFENDANT BANK OF AMERICA, N.A.**

DATED: *10-28*          , 2016

By: _Aaron J Longo_____

Name: _Aaron J. Longo_____

Title: _SVP; Assistant General Counsel_____

---

*Buckingham, et al. v. Bank of America, N.A.* 3:15-cv-6344
Class Stipulation for Settlement                    Page 45 of **46**

**COUNSEL:**

DATED: _____11/1_____, 2016

**BRYAN SCHWARTZ LAW**

By:_____

Bryan J. Schwartz, Esq.
Eduard Meleshinsky, Esq.

Attorneys for Plaintiffs and the Class

DATED: _____10/31_____, 2016          **McGuireWoods LLP**

By: _____

Matthew C. Kane, Esq.
Michael D. Mandel, Esq.
John A. Van Hook, Esq.
Sylvia J. Kim, Esq.

Attorneys for Defendant
Bank of America, N.A.

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN BUCKINGHAM, EUNICE ANN ROBINSON, ALVIN COURTS, and MELISSA AGOSTO-CRUZ, individually, on behalf of all others similarly situated, and on behalf of the general public,<br><br>          Plaintiffs,<br><br>   v.<br><br>BANK OF AMERICA, N.A.<br><br>          Defendant. | Case No. 3:15-cv-06344-RS<br><br><br><br>**NOTICE OF CLASS AND COLLECTIVE ACTION SETTLEMENT TO CALIFORNIA CLASS MEMBERS**<br><br><br><br>Honorable Richard G. Seeborg |

_____/

**IMPORTANT NOTIFICATION TO POTENTIAL CLASS MEMBERS**

**TO:** ALL INDIVIDUALS WHO HAVE BEEN EMPLOYED AS AN EXEMPT IMPLEMENTATION ADVISOR OR EXEMPT CLIENT FULFILLMENT CONSULTANT (INTERNAL JOB CODE CI066) BY BANK OF AMERICA, N.A. IN CALIFORNIA AT ANY TIME BETWEEN DECEMBER 31, 2011 AND [DATE OF PRELIMINARY APPROVAL]:

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. A FEDERAL COURT AUTHORIZED THIS NOTICE. THIS IS NOT A SOLICITATION FROM A LAWYER.

A $6.6 MILLION SETTLEMENT FUND HAS BEEN CREATED TO PAY CLAIMS OF EXEMPT IMPLEMENTATION ADVISOR AND EXEMPT CLIENT FULFILLMENT CONSULTANT CLASS MEMBERS IN ORDER TO SETTLE A WAGE AND HOUR LAWSUIT.

ACCORDING TO COMPANY RECORDS, YOU ACTIVELY WORKED AS AN EXEMPT IMPLEMENTATION ADVISOR OR EXEMPT CLIENT FULFILLMENT CONSULTANT IN CALIFORNIA BETWEEN DECEMBER 31, 2011 AND [DATE OF PRELIMINARY APPROVAL] FOR [XXX] WEEKS.

ACCORDING TO COMPANY RECORDS, YOU [DID/DID NOT] SIGN A SEVERANCE AGREEMENT.

**YOUR ESTIMATED ALLOCATION OF THE SETTLEMENT IS $[XXXXX]. THIS IS THE ESTIMATED GROSS AMOUNT YOU WILL RECEIVE IF YOU DO NOT EXCLUDE YOURSELF FROM THE SETTLEMENT AND THE COURT GRANTS FINAL APPROVAL OF THE SETTLEMENT.**

- The settlement will provide $6.6 million to pay claims of current and former exempt Implementation Advisors and Exempt Client Fulfillment Consultants who worked for Bank of America, N.A. ("Bank of America") in California between December 31, 2011 and [DATE OF PRELIMINARY APPROVAL]; in North Carolina between December 31, 2013 and [DATE OF PRELIMINARY APPROVAL]; in Illinois between December 31, 2012 and [DATE OF PRELIMINARY APPROVAL]; in Connecticut between December 31, 2013 and [DATE OF PRELIMINARY APPROVAL]; and who both worked for Bank of America between December 31, 2012 and September 30, 2016 and timely joined the federal Fair Labor Standards Act ("FLSA") collective action.

- The settlement resolves claims of exempt Implementation Advisors and exempt Client Fulfillment Consultants in a lawsuit that alleged that Bank of America improperly treated them as "exempt" from overtime. The lawsuit asserted causes of action against Bank of America for: (1) failure to pay overtime wages; (2) failure to pay earned wages upon discharge; (3) failure to provide timely, accurate, itemized wage statements; (4) failure to provide and/or authorize meal and rest periods; (5) unlawful and/or unfair business practices in violation of California Business and Professions Code; and (6) penalties under the California Labor Code Private Attorneys General Act of 2004.

- Bank of America denies that it is liable for any of the claims. However, in light of the risk and expense of proceeding to trial, Bank of America, Class Counsel and the Plaintiffs believe that this is a fair settlement of the class and collective claims.

| YOUR OPTIONS AND LEGAL RIGHTS IN THIS SETTLEMENT | |
|---|---|
| **DO NOTHING AND RECEIVE A SETTLEMENT PAYMENT** | If you do nothing, you will receive a settlement payment which is likely equal to or greater than your "estimated allocation" stated above, assuming that the Court approves the settlement. The estimated allocation is based on the number of work-weeks you actively worked as an Exempt Implementation Advisor or Exempt Client Fulfillment Consultant within the legally relevant period. If you do nothing, a check will arrive in the mail. The back of the check will explain that by cashing the check, you are agreeing to release all claims covered by this Settlement, and will be opting also to exercise and release your claims under the federal FLSA. |
| **EXCLUDE YOURSELF** | If you affirmatively write to exclude yourself (*i.e.*, "opt out" of the case), you will receive no payment from this settlement. However, you would be free to pursue any claims separately against Bank of America. The steps to exclude yourself are |

| | |
|---|---|
| | explained below. |
| **OBJECT** | If you wish to challenge the terms of the settlement, you may file an objection with the Court, setting forth the reasons why you oppose the settlement. However, in order to object to the settlement you cannot exclude yourself from the settlement. You may also appear in Court and explain why you do not like the settlement or use an attorney to appear for you, at your own expense. |

| |
|---|
| **WHAT THIS NOTICE CONTAINS** |

**BASIC INFORMATION**                                                            **PAGE 1**
    1.  Why did I get this notice package?
    2.  What is this lawsuit about?
    3.  What is a class action?                                    **PAGE 2**
    4.  Why is there a settlement?

**WHO IS IN THE SETTLEMENT**
    5.  How do I know if I am part of the settlement?
    6.  Are there exceptions to being included?
    7.  I am still not sure if I am included.
    8.  For former employees: will this affect my severance?

**THE SETTLEMENT BENEFITS – WHAT YOU GET**                                        **PAGE 3**
    9.  What does the settlement provide?
    10. How much will my payment be?

**YOU WILL RECEIVE A PAYMENT UNLESS YOU AFFIRMATIVELY OPT OUT**
    11. How can I get a payment?                                    **PAGE 4**
    12. When would I get my payment?
    13. What am I giving up to get a payment?
    14. What if I believe I am not being credited for the right number of
        work-weeks?

**EXCLUDING YOURSELF FROM THE SETTLEMENT**
    15. How do I get out of the settlement?                          **PAGE 5**
    16. What happens if I do nothing?
    17. What are claims under the Fair Labor Standards Act?          **PAGE 6**

**THE LAWYERS REPRESENTING THE CLASS**
    18. Do I have a lawyer in the case?
    19. How will the lawyers and Class Representative
        Plaintiffs be paid?

**OBJECTING TO THE SETTLEMENT**

20. How do I tell the Court that I challenge all or some of the settlement terms?   **PAGE 7**

21. What's the difference between objecting, on the one hand, and excluding myself (*i.e.*, "opting out") from the settlement, on the other?

**THE COURT'S FINAL FAIRNESS HEARING**

22. When and where will the Court decide whether to approve the settlement?

23. Do I have to come to the hearing?   **PAGE 8**

24. May I speak at the hearing?

**GETTING MORE INFORMATION**

25. Are there more details about the settlement?

26. How do I get more information?   **PAGE 9**

**BASIC INFORMATION**

| **1.  Why did I get this notice package?** |
| --- |

Bank of America's records indicate that you worked for Bank of America as an exempt Implementation Advisor or exempt Client Fulfillment Consultant in California between December 31, 2011 and [DATE OF PRELIMINARY APPROVAL] (the "Class Period"). These positions correspond to Bank of America's internal job code CI066.

You received this notice because you have a right to know about a proposed settlement of a class action lawsuit, and about your options, before the Court decides whether to finally approve the settlement. If the Court approves it, and after any objections and appeals are resolved, an administrator appointed by the Court will make the payments that the settlement requires.

This package explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the Northern District of California, and the case is known as *Buckingham, et al. v. Bank of America, N.A.*, Case No. 3:15-cv-06344-RS. The people who brought the suit are called Plaintiffs, and the entity the suit was brought against (Bank of America, N.A.) is the Defendant.

| **2.  What is this lawsuit about?** |
| --- |

The lawsuit claims that Bank of America misclassified Implementation Advisors and Client Fulfillment Consultants as "exempt" from state and federal overtime laws and thereby: (1) failed to pay California Exempt Implementation Advisors and Exempt Client Fulfillment Consultants overtime when they worked more than eight hours in a day or forty hours in a week; (2) failed to provide rest and meal breaks; (3) failed to provide complete and accurate wage statements to its employees; (4) failed to pay its employees all wages due at the time of discharge or resignation from employment; (5) as a result of the foregoing, engaged in unfair or unlawful business practices in violation of the California Business and Professions Code; and (6) as a result of the foregoing, also owes penalties under the California Private Attorneys General Act.

The Court has not issued any ruling on the merits of Plaintiffs' claims, and Bank of America takes the position that its pay practices, including the exempt classifications at issue in this lawsuit, have been appropriate under state and federal law.

1

NOTICE OF CLASS ACTION SETTLEMENT TO
CALIFORNIA IMPLEMENTATION ADVISORS AND
EXEMPT CLIENT FULFILLMENT CONSULTANTS
Case No. 3:15-cv-6344-RS

**3.  What is a class action?**

In a class action, a Class Representative (in this case Allen Buckingham, representing the California class), sues on behalf of people who allegedly have similar claims ("Class Members"). The Court can make rulings affecting all Class Members (e.g. approving the parties' settlement), except for those who exclude themselves from the Class.

**4.  Why is there a settlement?**

The Court did not issue a judgment, or any rulings on the merits, in favor of Plaintiffs or Defendant. Instead, the parties reached a negotiated settlement, which avoids the uncertainties, costs, and delays associated with further litigation and which compensates the Class Members sooner, rather than later, if at all. The Class Representatives and the attorneys believe that this settlement is in the best interests of all Class Members.

WHO IS IN THE SETTLEMENT

**5.  How do I know if I am part of the settlement?**

Everyone who fits the following description is a California Class Member provided they do not "opt out" of the settlement: *All exempt Implementation Advisors and exempt Client Fulfillment Consultants who worked for Bank of America, N.A. in California at any time between December 31, 2011 and [DATE OF PRELIMINARY APPROVAL].* These positions correspond to Bank of America's internal job code CI066.

**6.  Are there exceptions to being included?**

You are not a Class Member if you did not actively work for *Bank of America, N.A.* as an exempt Implementation Advisor or exempt Client Fulfillment Consultant in California during the period in question. As noted below, even if you signed a severance agreement, or if you are subsequently offered a severance agreement, you may still participate in this settlement.

**7.  I am still not sure if I am included.**

If you are receiving this notice, it is most likely that you do qualify to participate, and unless you opt out, you will receive a settlement payment, assuming that the Court approves the settlement. If you have questions about whether you qualify, you may contact Class Counsel at the contact information provided below.

**8.  What if I have signed a severance agreement, or sign one in the future?**

If you are a former employee who, in connection with a reduction in force, signed a severance agreement containing various releases of claims against Bank of America, Bank of America has agreed that you are not required to opt out of this settlement and you may still participate in this settlement. Remaining a part of the class will not jeopardize any severance payments you received (or will receive) after leaving Bank of America. However, if you signed your severance agreement on or before September 30, 2016, then your recovery from this case will be reduced to account for the litigation risk associated with your claim had the case continued in litigation and/or trial.

Similarly, if you are a current employee of Bank of America and have been offered a severance agreement in connection with a reduction in force, or are offered such a severance agreement while this settlement is pending, Bank of America has agreed that you may participate in this settlement and receive severance. However, your recovery from this case may be reduced to account for the litigation risk associated with your claim had the case continued in litigation and/or trial.

### THE SETTLEMENT BENEFITS – WHAT YOU GET

**9.   What does the settlement provide?**

Bank of America has agreed to create a fund of $6,600,000.00 to be divided among all California and non-California exempt Implementation Advisors and exempt Client Fulfillment Consultants who participate in the settlement, and also to be used to pay for Plaintiffs' attorney's fees and costs, service payments to the Class Representatives, administrative expenses, and other payments made pursuant to this Settlement.

Exempt Implementation Advisors and exempt Client Fulfillment Consultants who participate in the settlement will receive a *pro rata* payment based on the number of work-weeks during the Class Period that they worked in the relevant positions for Bank of America. California exempt Implementation Advisors and exempt Client Fulfillment Consultants will receive payment that is larger than exempt Implementation Advisors and exempt Client Fulfillment Consultants in other states, because California has a longer statute of limitations and provides for additional claims.

**10. How much will my payment be?**

Your estimated share of the fund is listed on the first page of this Notice. The amount will depend on the number of work-weeks during which you were actively employed as an exempt Implementation Advisor/ Client Fulfillment Consultant in California during the Class Period and whether you signed a severance agreement. If other Class Members do not participate in the settlement, your share of the fund may increase proportionately.

One-third of the settlement amount you receive will be considered wages (and have standard payroll taxes deducted from it) and the other two-thirds will be considered interest and penalties, to be paid to you accompanied by an IRS Form 1099. You alone are responsible to pay any appropriate taxes on the latter amount.

1

2

**YOU WILL RECEIVE A PAYMENT UNLESS YOU AFFIRMATIVELY OPT OUT**

3

| **11. How can I get a payment?** |
|---|

4

5

If you are receiving this notice, you qualify for payment, and unless you affirmatively opt out of the settlement by [***date – 60 days after notice is mailed***], you will automatically receive a payment, provided the Court grants final approval to the settlement.

6

7

| **12. When would I get my payment?** |
|---|

8

9

The Court will hold a hearing on [***date***] at [***time***] to decide whether to finally approve the settlement. If the Court approves the settlement, there may be appeals. Resolving any appeals can take time, perhaps more than a year. Please be patient.

10

11

However, if the Court approves the settlement at the hearing and there are no appeals, payments will be made within several months after the hearing.

12

13

| **13. What am I giving up to get a payment?** |
|---|

14

15

Unless you affirmatively exclude yourself from the settlement, you are part of the Class. You cannot sue, continue to sue, or be part of any other lawsuit against Bank of America concerning the wage and hour claims covered by this settlement. It also means that all of the Court's orders will apply to you and legally bind you.

16

17

Unless you affirmatively exclude yourself from the settlement, you will be releasing all wage and hour claims under California law covered by this settlement, whether you cash your check or not. If you have previously submitted a "consent to join" form, unless you withdraw your consent, you will also release all wage and hour claims under the federal Fair Labor Standards Act covered by this settlement, whether you cash your check or not. If you have not previously submitted a "consent to join" form, you will only release federal Fair Labor Standards Act claims if you cash your check.

18

19

20

21

You can review the exact language of the release by reviewing the Settlement Agreement online, at the web address listed in the "Getting More Information" section of this Notice, below. The relevant portion begins in Page 32 of the Settlement Agreement.

22

23

24

| **14. What if I believe I am not being credited for the right number of work-weeks?** |
|---|

25

26

Any Class Member who disputes the information shown on his or her Notice of Settlement regarding the total number of weeks that he or she actively worked as an exempt Implementation Advisor or exempt Client Fulfillment Consultant may indicate and explain such disagreement under penalty of perjury within sixty (60) days of the mailing of the Notice of Settlement by

27

28

notifying the Claims Administrator pursuant to the following procedures: a) Any such Class Member must submit documentation timely relating to his or her dispute; b) The Claims Administrator shall notify Bank of America's Counsel and Class Counsel of any such dispute no later than five (5) days after receiving notice of the dispute; c) In the case of a dispute, Bank of America's records shall control and will have a rebuttable presumption of correctness, which means that it is your burden to prove, with records in support, that the work weeks listed are wrong; d) The Claims Administrator will notify you whether or not your dispute has been successful.

### EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from this settlement, but you want to keep the right to pursue claims (or continue to pursue claims) against Bank of America on your own regarding the legal issues in this case, then you must exclude yourself from the settlement. This is called "opting out" of the settlement Class. If you exclude yourself from the Settlement, you will not receive any money at all from this Settlement.

**15. How do I opt out of the settlement?**

To exclude yourself from the settlement, you must send a letter by mail stating that you want to be excluded from *Allen Buckingham et al. v. Bank of America, N.A.* Be sure to include your name, address, telephone number, and your signature. You must mail your exclusion request postmarked no later than [*date 60 days after notice is mailed*] to:

Claims Administrator
P.O. Box XXXX
City, ST XXXXX-XXXX

If you ask to be excluded, you will not get any settlement payments of any kind in this case and you cannot object to the settlement. You will not be legally bound by anything that happens in this lawsuit. You will be able to pursue claims (or continue to pursue claims) against Bank of America for the wage claims at issue in this case in the future. If you have a pending claim or lawsuit, speak to your lawyer in that case immediately. You may need to exclude yourself from this Class to continue your own claim or lawsuit.

**16. What happens if I do nothing?**

If you do nothing regarding this notice, you will be sent a check for your allocated amount, provided the Court grants final approval to the settlement. If you do not cash the check, your rights will still be affected, in that you will give up your right to sue Bank of America for claims that this settlement resolves, other than federal claims under the FLSA.

**17. What are claims under the Fair Labor Standards Act?**

The FLSA is a federal law governing the payment of overtime for hours worked past 40 in a week. In contrast, California law requires overtime to be paid for hours worked past 8 in a day or 40 hours in a week. California also has laws relating to meal breaks and rest breaks.

If you do nothing in this lawsuit, you will give up your right to sue based on any California wage law. If you cash your check, you will release your state and federal wage claims. If you previously filed a consent to join the FLSA collective action in this lawsuit and do not timely withdraw your consent as described in section 15 above, you will release your claims under the FLSA, regardless of whether you cash your check. If you have not previously filed a consent to join the FLSA collective action and you do not cash your check, you will retain your right to sue under the FLSA.

THE LAWYERS REPRESENTING THE CLASS

**18. Do I have a lawyer in this case?**

Bryan Schwartz Law represents the Class. These lawyers are called Class Counsel. These lawyers will be paid from the settlement amount, so you will not be charged personally for these lawyers' work on this case and in negotiating this settlement. If you want to be represented by your own lawyer, you may hire one at your own expense.

**19. How will the lawyers, Class Representative Plaintiffs, and the State of California be paid?**

Class Counsel will ask the Court to approve the payment of up to one-quarter of the settlement amount for attorneys' fees (*i.e.*, up to $1,650,000), as well as actual litigation costs, associated with investigating the facts, litigating the case, and negotiating the settlement. The Claims Administrator administering the settlement will be compensated at the fair market rate of those services from the settlement, currently estimated at [$25,000]. A service payment of up to $15,000 will be made to Class Representative Allen Buckingham, and service payments of up to $2,500 each for Class Representatives Eunice Ann Robinson, Alvin Courts, and Melissa Agosto-Cruz for their work in bringing this lawsuit and in exchange for them waiving a much broader array of claims than you are waiving.

Class Counsel will also ask the Court to approve a payment of $56,250 to the State of California's Labor and Workforce Development Agency ("LWDA") to satisfy alleged Labor Code violations pursuant to the California Labor Code Private Attorneys General Act of 2004 ("PAGA"). This payment to the LWDA is required by statute.

The Court may award less than these amounts. Bank of America has agreed not to oppose Class Counsel's request for fees and expenses as described in this section. If the Court awards less than the amounts described in this section, that money will be redistributed to Class Members or

distributed to an appropriate charity, depending upon the amount of the money. None of this money will revert to Bank of America.

**OBJECTING TO THE SETTLEMENT**

**20. How do I tell the Court that I challenge all or some of the settlement terms?**

You can ask the Court to deny approval by filing an objection. You cannot ask the Court to order a larger settlement; the Court can only approve or deny the settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object.

You may object to the proposed settlement in writing. You may also appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for paying that attorney. All written objections and supporting papers must (a) clearly identify the case name and number (*Allen Buckingham et al. v. Bank of America, N.A.*, Case No. 3:15-cv-6344-RS; (b) be submitted to the Court either by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, 450 Golden Gate Avenue, Box 36060, San Francisco, CA 94102-3489, or by filing them in person at any location of the United States District Court for the Northern District of California; and (c) be filed or postmarked on or before [XXXX – 60 days after mailing of notice].

**21. What's the difference between objecting, on the one hand, and excluding myself (*i.e.*, "opting out") from the settlement, on the other?**

Objecting is simply telling the Court that you wish to challenge all or part of the settlement. You can object only if you stay in the Class. Excluding yourself from the settlement or "opting out" is telling the Court that you do not want to be part of the Class or receive any payment at all from the settlement. If you exclude yourself, you have no basis to object because the case no longer affects you.

**THE COURT'S FINAL FAIRNESS HEARING**

**22. When and where will the Court decide whether to approve the settlement?**

The Court will hold a Final Approval Fairness Hearing, which is currently scheduled for [XXX] P.M. on [XXX], at the United States District Court for the Northern District of California, at 450 Golden Gate Avenue, 17th Floor, Courtroom 3, San Francisco, CA 94102, before the Honorable Richard G. Seeborg. At this hearing the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. After the hearing, the Court will decide whether to approve the settlement. Please note that the hearing may be postponed without further notice to the Class. Thus, if you plan to attend the hearing, you should check the website identified in Question 25, below, or access the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at

QUESTIONS? CALL
[ADMINISTRATOR]: XXX-XXX-XXXX

https://ecf.cand.uscourts.gov.

### 23. Do I have to come to the hearing?

No. But, you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as the Court received your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

### 24. May I speak at the hearing?

You may ask the Court for permission to speak at the Final Fairness Hearing. To do so, you must send a letter to the Clerk of the Court saying that it is your "Notice of Intention to Appear in *Allen Buckingham et al. v. Bank of America, N.A.*, Case No. 3:15-cv-6344-RS." Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be postmarked no later than [XXX], and be sent to the Clerk of the Court, Class Counsel, and Defense Counsel, at the three addresses listed below. You cannot speak at the hearing if you excluded yourself ("opted out") from the settlement.

| Court | Class Counsel | Defense Counsel |
|---|---|---|
| Clerk of the Court United States District Court 450 Golden Gate Avenue, Box 36060 San Francisco, CA 94102-3489 | Bryan Schwartz Law 1330 Broadway, Suite 1630 Oakland, CA 94612 | McGuire Woods LLP Attn: Michael Mandel 1800 Century Park East, 8th Fl Los Angeles, CA 90067 |

### GETTING MORE INFORMATION

### 25. Are there more details about the settlement?

This notice summarizes the proposed settlement. For the precise terms and conditions of the settlement, please see the settlement agreement available at http://www.bryanschwartzlaw.com/implementationadvisor-clientfulfillment, by contacting Class Counsel as set forth in Section 26, below, by accessing the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays. If there is any conflict between this notice and the Settlement Agreement, the Settlement Agreement will control.

QUESTIONS? CALL
[ADMINISTRATOR]: XXX-XXX-XXXX

**26. How do I get more information?**

You can call 1-XXX-XXX-XXXX toll free, write to [==Administrator==], Inc., P.O. Box XXXX, City ST XXXXX-XXXX, or go to http://www.bryanschwartzlaw.com/implementationadvisor-clientfulfillment.

You may also call Class Counsel:

Eduard Meleshinsky, at Bryan Schwartz Law, (510) 444-9300

**DO NOT CALL THE COURT**

**CONCLUSION**

    **THIS NOTICE AND ITS CONTENTS HAVE BEEN AUTHORIZED BY THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, THE HONORABLE RICHARD G. SEEBORG, UNITED STATES DISTRICT COURT JUDGE.**

_____
The Honorable Richard G. Seeborg
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

ALLEN BUCKINGHAM, EUNICE ANN
ROBINSON, ALVIN COURTS, and
MELISSA AGOSTO-CRUZ, individually, on
behalf of all others similarly situated, and on
behalf of the general public,

        Plaintiffs,

    v.

BANK OF AMERICA, N.A.

        Defendant.

_____/

Case No. 3:15-cv-06344-RS

**NOTICE OF CLASS AND
COLLECTIVE ACTION
SETTLEMENT TO CONNECTICUT
CLASS MEMBERS**

Honorable Richard G. Seeborg

## IMPORTANT NOTIFICATION TO POTENTIAL CLASS MEMBERS

**TO:**   ALL INDIVIDUALS WHO HAVE BEEN EMPLOYED AS AN EXEMPT IMPLEMENTATION ADVISOR OR EXEMPT CLIENT FULFILLMENT CONSULTANT (INTERNAL JOB CODE CI066) BY BANK OF AMERICA, N.A. IN CONNECTICUT AT ANY TIME BETWEEN DECEMBER 31, 2013 AND [DATE OF PRELIMINARY APPROVAL]:

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. A FEDERAL COURT AUTHORIZED THIS NOTICE. THIS IS NOT A SOLICITATION FROM A LAWYER.**

**A $6.6 MILLION SETTLEMENT FUND HAS BEEN CREATED TO PAY CLAIMS OF EXEMPT IMPLEMENTATION ADVISOR AND EXEMPT CLIENT FULFILLMENT CONSULTANT CLASS MEMBERS IN ORDER TO SETTLE A WAGE AND HOUR LAWSUIT.**

**ACCORDING TO COMPANY RECORDS, YOU ACTIVELY WORKED AS AN EXEMPT IMPLEMENTATION ADVISOR OR EXEMPT CLIENT FULFILLMENT CONSULTANT IN CONNECTICUT BETWEEN DECEMBER 31, 2013 AND [DATE OF PRELIMINARY APPROVAL] FOR [XXX] WEEKS.**

**ACCORDING TO COMPANY RECORDS, YOU [DID/DID NOT] SIGN A SEVERANCE AGREEMENT.**

**YOUR ESTIMATEDALLOCATION OF THE SETTLEMENT IS $[XXXXX]. THIS IS THE ESTIMATED GROSS AMOUNT YOU WILL RECEIVE IF YOU DO NOT EXCLUDE YOURSELF FROM THE SETTLEMENT AND THE COURT GRANTS FINAL APPROVAL OF THE SETTLEMENT.**

- The settlement will provide $6.6 million to pay claims of current and former exempt Implementation Advisors and Exempt Client Fulfillment Consultants who worked for Bank of America, N.A. ("Bank of America") in California between December 31, 2011 and [DATE OF PRELIMINARY APPROVAL]; in North Carolina between December 31, 2013 and [DATE OF PRELIMINARY APPROVAL]; in Illinois between December 31, 2012 and [DATE OF PRELIMINARY APPROVAL]; in Connecticut between December 31, 2013 and [DATE OF PRELIMINARY APPROVAL]; and who both worked for Bank of America between December 31, 2012 and September 30, 2016 and timely joined the federal Fair Labor Standards Act ("FLSA") collective action.

- The settlement resolves claims of exempt Implementation Advisors and exempt Client Fulfillment Consultants in a lawsuit that alleged that Bank of America improperly treated them as "exempt" from overtime. The lawsuit asserted causes of action against Bank of America for: (1) failure to pay overtime wages; (2) failure to pay earned wages upon discharge; (3) failure to provide timely, accurate, itemized wage statements; (4) failure to provide and/or authorize meal and rest periods; (5) unlawful and/or unfair business practices in violation of California Business and Professions Code; and (6) penalties under the California Labor Code Private Attorneys General Act of 2004.

- Bank of America denies that it is liable for any of the claims. However, in light of the risk and expense of proceeding to trial, Bank of America, Class Counsel and the Plaintiffs believe that this is a fair settlement of the class and collective claims.

| YOUR OPTIONS AND LEGAL RIGHTS IN THIS SETTLEMENT | |
|---|---|
| **DO NOTHING AND RECEIVE A SETTLEMENT PAYMENT** | If you do nothing, you will receive a settlement payment which is likely equal to or greater than your "estimated allocation" stated above, assuming that the Court approves the settlement. The estimated allocation is based on the number of work-weeks you actively worked as an Exempt Implementation Advisor or Exempt Client Fulfillment Consultant within the legally relevant period. If you do nothing, a check will arrive in the mail. The back of the check will explain that by cashing the check, you are agreeing to release all claims covered by this Settlement, and will be opting also to exercise and release your claims under the federal FLSA. |
| **EXCLUDE YOURSELF** | If you affirmatively write to exclude yourself (*i.e.*, "opt out" of the case), you will receive no payment from this settlement. However, you would be free to pursue any claims separately against Bank of America. The steps to exclude yourself are |

| | |
|---|---|
| | explained below. |
| **OBJECT** | If you wish to challenge the terms of the settlement, you may file an objection with the Court, setting forth the reasons why you oppose the settlement. However, in order to object to the settlement you cannot exclude yourself from the settlement. You may also appear in Court and explain why you do not like the settlement or use an attorney to appear for you, at your own expense. |

---

**WHAT THIS NOTICE CONTAINS**

**BASIC INFORMATION**                                                              **PAGE 1**
    1.  Why did I get this notice package?
    2.  What is this lawsuit about?
    3.  What is a class action?                                          **PAGE 2**
    4.  Why is there a settlement?

**WHO IS IN THE SETTLEMENT**
    5.  How do I know if I am part of the settlement?
    6.  Are there exceptions to being included?
    7.  I am still not sure if I am included.
    8.  For former employees: will this affect my severance?

**THE SETTLEMENT BENEFITS – WHAT YOU GET**                                          **PAGE 3**
    9.  What does the settlement provide?
    10. How much will my payment be?

**YOU WILL RECEIVE A PAYMENT UNLESS YOU AFFIRMATIVELY OPT OUT**
    11. How can I get a payment?                                         **PAGE 4**
    12. When would I get my payment?
    13. What am I giving up to get a payment?
    14. What if I believe I am not being credited for the right number of work-weeks?

**EXCLUDING YOURSELF FROM THE SETTLEMENT**
    15. How do I get out of the settlement?                              **PAGE 5**
    16. What happens if I do nothing?
    17. What are claims under the Fair Labor Standards Act?              **PAGE 6**

**THE LAWYERS REPRESENTING THE CLASS**
    18. Do I have a lawyer in the case?
    19. How will the lawyers and Class Representative Plaintiffs be paid?

**OBJECTING TO THE SETTLEMENT**

20. How do I tell the Court that I challenge all or some of the settlement **PAGE 7**
    terms?
21. What's the difference between objecting, on the one hand, and
    excluding myself (*i.e.*, "opting out") from the settlement, on the other?

**THE COURT'S FINAL FAIRNESS HEARING**

22. When and where will the Court decide whether to approve the settlement?
23. Do I have to come to the hearing? **PAGE 8**
24. May I speak at the hearing?

**GETTING MORE INFORMATION**

25. Are there more details about the settlement?
26. How do I get more information? **PAGE 9**

**BASIC INFORMATION**

| **1. Why did I get this notice package?** |
|---|

Bank of America's records indicate that you worked for Bank of America as an exempt Implementation Advisor or exempt Client Fulfillment Consultant in Connecticut between December 31, 2013 and [DATE OF PRELIMINARY APPROVAL] (the "Class Period"). These positions correspond to Bank of America's internal job code CI066.

You received this notice because you have a right to know about a proposed settlement of a class action lawsuit, and about your options, before the Court decides whether to finally approve the settlement. If the Court approves it, and after any objections and appeals are resolved, an administrator appointed by the Court will make the payments that the settlement requires.

This package explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the Northern District of California, and the case is known as *Buckingham, et al. v. Bank of America, N.A.*, Case No. 3:15-cv-06344-RS. The people who brought the suit are called Plaintiffs, and the entity the suit was brought against (Bank of America, N.A.) is the Defendant.

| **2. What is this lawsuit about?** |
|---|

The lawsuit claims that Bank of America misclassified Implementation Advisors and Client Fulfillment Consultants as "exempt" from state and federal overtime laws and thereby: (1) failed to pay Connecticut Exempt Implementation Advisors and Exempt Client Fulfillment Consultants overtime when they worked more than forty hours in a week; (2) failed to provide rest and meal breaks; (3) failed to provide complete and accurate wage statements to its employees; (4) failed to pay its employees all wages due at the time of discharge or resignation from employment; (5) as a result of the foregoing, engaged in unfair or unlawful business practices in violation of the California Business and Professions Code; and (6) as a result of the foregoing, also owes penalties under the California Private Attorneys General Act.

The Court has not issued any ruling on the merits of Plaintiffs' claims, and Bank of America takes the position that its pay practices, including the exempt classifications at issue in this lawsuit, have been appropriate under state and federal law.

1

NOTICE OF CLASS ACTION SETTLEMENT TO
CONNECTICUT IMPLEMENTATION ADVISORS
AND EXEMPT CLIENT FULFILLMENT
CONSULTANTS
Case No. 3:15-cv-6344-RS

**3.   What is a class action?**

In a class action, a Class Representative (in this case Melissa Agosto-Cruz, representing the Connecticut class), sues on behalf of people who allegedly have similar claims ("Class Members"). The Court can make rulings affecting all Class Members (e.g. approving the parties' settlement), except for those who exclude themselves from the Class.

**4.   Why is there a settlement?**

The Court did not issue a judgment, or any rulings on the merits, in favor of Plaintiffs or Defendant. Instead, the parties reached a negotiated settlement, which avoids the uncertainties, costs, and delays associated with further litigation and which compensates the Class Members sooner, rather than later, if at all. The Class Representatives and the attorneys believe that this settlement is in the best interests of all Class Members.

#### WHO IS IN THE SETTLEMENT

**5.   How do I know if I am part of the settlement?**

Everyone who fits the following description is a Connecticut Class Member provided they do not "opt out" of the settlement: *All exempt Implementation Advisors and exempt Client Fulfillment Consultants who worked for Bank of America, N.A. in Connecticut at any time between December 31, 2013 and [DATE OF PRELIMINARY APPROVAL].* These positions correspond to Bank of America's internal job code CI066.

**6.   Are there exceptions to being included?**

You are not a Class Member if you did not actively work for *Bank of America, N.A.* as an exempt Implementation Advisor or exempt Client Fulfillment Consultant in Connecticut during the period in question. As noted below, even if you signed a severance agreement, or if you are subsequently offered a severance agreement, you may still participate in this settlement.

**7.   I am still not sure if I am included.**

If you are receiving this notice, it is most likely that you do qualify to participate, and unless you opt out, you will receive a settlement payment, assuming that the Court approves the settlement. If you have questions about whether you qualify, you may contact Class Counsel at the contact information provided below.

**8.   What if I have signed a severance agreement, or sign one in the future?**

QUESTIONS? CALL
[ADMINISTRATOR]: XXX-XXX-XXXX

If you are a former employee who, in connection with a reduction in force, signed a severance agreement containing various releases of claims against Bank of America, Bank of America has agreed that you are not required to opt out of this settlement and you may still participate in this settlement. Remaining a part of the class will not jeopardize any severance payments you received (or will receive) after leaving Bank of America. However, if you signed your severance agreement on or before September 30, 2016, then your recovery from this case will be reduced to account for the litigation risk associated with your claim had the case continued in litigation and/or trial.

Similarly, if you are a current employee of Bank of America and have been offered a severance agreement in connection with a reduction in force, or are offered such a severance agreement while this settlement is pending, Bank of America has agreed that you may participate in this settlement and receive severance. However, your recovery from this case may be reduced to account for the litigation risk associated with your claim had the case continued in litigation and/or trial.

### THE SETTLEMENT BENEFITS – WHAT YOU GET

**9. What does the settlement provide?**

Bank of America has agreed to create a fund of $6,600,000.00 to be divided among all Connecticut and non-Connecticut exempt Implementation Advisors and exempt Client Fulfillment Consultants who participate in the settlement, and also to be used to pay for Plaintiffs' attorney's fees and costs, service payments to the Class Representatives, administrative expenses, and other payments made pursuant to this Settlement.

Exempt Implementation Advisors and exempt Client Fulfillment Consultants who participate in the settlement will receive a *pro rata* payment based on the number of work-weeks during the Class Period that they worked in the relevant positions for Bank of America. California exempt Implementation Advisors and exempt Client Fulfillment Consultants will receive payment that is larger than exempt Implementation Advisors and exempt Client Fulfillment Consultants in other states, because California has a longer statute of limitations and provides for additional claims.

**10. How much will my payment be?**

Your estimated share of the fund is listed on the first page of this Notice. The amount will depend on the number of work-weeks during which you were actively employed as an exempt Implementation Advisor/ Client Fulfillment Consultant in Connecticut during the Class Period and whether you signed a severance agreement. If other Class Members do not participate in the settlement, your share of the fund may increase proportionately.

One-third of the settlement amount you receive will be considered wages (and have standard payroll taxes deducted from it) and the other two-thirds will be considered interest and penalties, to be paid to you accompanied by an IRS Form 1099. You alone are responsible to pay any appropriate taxes on the latter amount.

**YOU WILL RECEIVE A PAYMENT UNLESS YOU AFFIRMATIVELY OPT OUT**

| **11. How can I get a payment?** |
| --- |

If you are receiving this notice, you qualify for payment, and unless you affirmatively opt out of the settlement by [***date – 60 days after notice is mailed***], you will automatically receive a payment, provided the Court grants final approval to the settlement.

| **12. When would I get my payment?** |
| --- |

The Court will hold a hearing on [***date***] at [***time***] to decide whether to finally approve the settlement. If the Court approves the settlement, there may be appeals. Resolving any appeals can take time, perhaps more than a year. Please be patient.

However, if the Court approves the settlement at the hearing and there are no appeals, payments will be made within several months after the hearing.

| **13. What am I giving up to get a payment?** |
| --- |

Unless you affirmatively exclude yourself from the settlement, you are part of the Class. You cannot sue, continue to sue, or be part of any other lawsuit against Bank of America concerning the wage and hour claims covered by this settlement. It also means that all of the Court's orders will apply to you and legally bind you.

Unless you affirmatively exclude yourself from the settlement, you will be releasing all wage and hour claims under Connecticut law covered by this settlement, whether you cash your check or not. If you have previously submitted a "consent to join" form, unless you withdraw your consent, you will also release all wage and hour claims under the federal Fair Labor Standards Act covered by this settlement, whether you cash your check or not. If you have not previously submitted a "consent to join" form, you will only release federal Fair Labor Standards Act claims if you cash your check.

You can review the exact language of the release by reviewing the Settlement Agreement online, at the web address listed in the "Getting More Information" section of this Notice, below. The relevant portion begins in Page 32 of the Settlement Agreement.

| **14. What if I believe I am not being credited for the right number of work-weeks?** |
| --- |

Any Class Member who disputes the information shown on his or her Notice of Settlement regarding the total number of weeks that he or she actively worked as an exempt Implementation Advisor or exempt Client Fulfillment Consultant may indicate and explain such disagreement under penalty of perjury within sixty (60) days of the mailing of the Notice of Settlement by

notifying the Claims Administrator pursuant to the following procedures: a) Any such Class Member must submit documentation timely relating to his or her dispute; b) The Claims Administrator shall notify Bank of America's Counsel and Class Counsel of any such dispute no later than five (5) days after receiving notice of the dispute; c) In the case of a dispute, Bank of America's records shall control and will have a rebuttable presumption of correctness, which means that it is your burden to prove, with records in support, that the work weeks listed are wrong; d) The Claims Administrator will notify you whether or not your dispute has been successful.

### EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from this settlement, but you want to keep the right to pursue claims (or continue to pursue claims) against Bank of America on your own regarding the legal issues in this case, then you must exclude yourself from the settlement. This is called "opting out" of the settlement Class. If you exclude yourself from the Settlement, you will not receive any money at all from this Settlement.

---

**15. How do I opt out of the settlement?**

---

To exclude yourself from the settlement, you must send a letter by mail stating that you want to be excluded from *Allen Buckingham et al. v. Bank of America, N.A.* Be sure to include your name, address, telephone number, and your signature. You must mail your exclusion request postmarked no later than [***date 60 days after notice is mailed***] to:

Claims Administrator
P.O. Box XXXX
City, ST XXXXX-XXXX

If you ask to be excluded, you will not get any settlement payments of any kind in this case and you cannot object to the settlement. You will not be legally bound by anything that happens in this lawsuit. You will be able to pursue claims (or continue to pursue claims) against Bank of America for the wage claims at issue in this case in the future. If you have a pending claim or lawsuit, speak to your lawyer in that case immediately. You may need to exclude yourself from this Class to continue your own claim or lawsuit.

---

**16. What happens if I do nothing?**

---

If you do nothing regarding this notice, you will be sent a check for your allocated amount, provided the Court grants final approval to the settlement. If you do not cash the check, your rights will still be affected, in that you will give up your right to sue Bank of America for claims that this settlement resolves, other than federal claims under the FLSA.

**17. What are claims under the Fair Labor Standards Act?**

The FLSA is a federal law governing the payment of overtime for hours worked past 40 in a week. Connecticut law also requires overtime to be paid for hours worked past 40 hours in a week.

If you do nothing in this lawsuit, you will give up your right to sue based on any Connecticut wage law. If you cash your check, you will release your state and federal wage claims. If you previously filed a consent to join the FLSA collective action in this lawsuit and do not timely withdraw your consent as described in section 15 above, you will release your claims under the FLSA, regardless of whether you cash your check. If you have not previously filed a consent to join the FLSA collective action and you do not cash your check, you will retain your right to sue under the FLSA.

### THE LAWYERS REPRESENTING THE CLASS

**18. Do I have a lawyer in this case?**

Bryan Schwartz Law represents the Class. These lawyers are called Class Counsel. These lawyers will be paid from the settlement amount, so you will not be charged personally for these lawyers' work on this case and in negotiating this settlement. If you want to be represented by your own lawyer, you may hire one at your own expense.

**19. How will the lawyers, Class Representative Plaintiffs, and the State of California be paid?**

Class Counsel will ask the Court to approve the payment of up to one-quarter of the settlement amount for attorneys' fees (*i.e.*, up to $1,650,000), as well as actual litigation costs, associated with investigating the facts, litigating the case, and negotiating the settlement. The Claims Administrator administering the settlement will be compensated at the fair market rate of those services from the settlement, currently estimated at [$25,000]. A service payment of up to $15,000 will be made to Class Representative Allen Buckingham, and service payments of up to $2,500 each for Class Representatives Eunice Ann Robinson, Alvin Courts, and Melissa Agosto-Cruz for their work in bringing this lawsuit and in exchange for them waiving a much broader array of claims than you are waiving.

Class Counsel will also ask the Court to approve a payment of $56,250 to the State of California's Labor and Workforce Development Agency ("LWDA") to satisfy alleged Labor Code violations pursuant to the California Labor Code Private Attorneys General Act of 2004 ("PAGA"). This payment to the LWDA is required by statute.

The Court may award less than these amounts. Bank of America has agreed not to oppose Class Counsel's request for fees and expenses as described in this section. If the Court awards less than the amounts described in this section, that money will be redistributed to Class Members or

distributed to an appropriate charity, depending upon the amount of the money. None of this money will revert to Bank of America.

**OBJECTING TO THE SETTLEMENT**

**20. How do I tell the Court that I challenge all or some of the settlement terms?**

You can ask the Court to deny approval by filing an objection. You cannot ask the Court to order a larger settlement; the Court can only approve or deny the settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object.

You may object to the proposed settlement in writing. You may also appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for paying that attorney. All written objections and supporting papers must (a) clearly identify the case name and number (*Allen Buckingham et al. v. Bank of America, N.A.*, Case No. 3:15-cv-6344-RS; (b) be submitted to the Court either by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, 450 Golden Gate Avenue, Box 36060, San Francisco, CA 94102-3489, or by filing them in person at any location of the United States District Court for the Northern District of California; and (c) be filed or postmarked on or before [XXXX – 60 days after mailing of notice].

**21. What's the difference between objecting, on the one hand, and excluding myself (*i.e.*, "opting out") from the settlement, on the other?**

Objecting is simply telling the Court that you wish to challenge all or part of the settlement. You can object only if you stay in the Class. Excluding yourself from the settlement or "opting out" is telling the Court that you do not want to be part of the Class or receive any payment at all from the settlement. If you exclude yourself, you have no basis to object because the case no longer affects you.

**THE COURT'S FINAL FAIRNESS HEARING**

**22. When and where will the Court decide whether to approve the settlement?**

The Court will hold a Final Approval Fairness Hearing, which is currently scheduled for [XXX] P.M. on [XXX], at the United States District Court for the Northern District of California, at 450 Golden Gate Avenue, 17th Floor, Courtroom 3, San Francisco, CA 94102, before the Honorable Richard G. Seeborg. At this hearing the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. After the hearing, the Court will decide whether to approve the settlement. Please note that the hearing may be postponed without further notice to the Class. Thus, if you plan to attend the hearing, you should check the website identified in Question 25, below, or access the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at

7

https://ecf.cand.uscourts.gov.

**23. Do I have to come to the hearing?**

No. But, you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as the Court received your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

**24. May I speak at the hearing?**

You may ask the Court for permission to speak at the Final Fairness Hearing. To do so, you must send a letter to the Clerk of the Court saying that it is your "Notice of Intention to Appear in *Allen Buckingham et al. v. Bank of America, N.A.*, Case No. 3:15-cv-6344-RS." Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be postmarked no later than [XXX], and be sent to the Clerk of the Court, Class Counsel, and Defense Counsel, at the three addresses listed below. You cannot speak at the hearing if you excluded yourself ("opted out") from the settlement.

| Court | Class Counsel | Defense Counsel |
|---|---|---|
| Clerk of the Court United States District Court 450 Golden Gate Avenue, Box 36060 San Francisco, CA 94102-3489 | Bryan Schwartz Law 1330 Broadway, Suite 1630 Oakland, CA 94612 | McGuire Woods LLP Attn: Michael Mandel 1800 Century Park East, 8th Fl Los Angeles, CA 90067 |

**GETTING MORE INFORMATION**

**25. Are there more details about the settlement?**

This notice summarizes the proposed settlement. For the precise terms and conditions of the settlement, please see the settlement agreement available at http://www.bryanschwartzlaw.com/implementationadvisor-clientfulfillment, by contacting Class Counsel as set forth in Section 26, below, by accessing the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays. If there is any conflict between this notice and the Settlement Agreement, the Settlement Agreement will control.

| | |
|---|---|
| 1 | |
| 2 | **26. How do I get more information?** |

You can call 1-XXX-XXX-XXXX toll free, write to [==Administrator==], Inc., P.O. Box XXXX, City ST XXXXX-XXXX, or go to http://www.bryanschwartzlaw.com/implementationadvisor-clientfulfillment.

You may also call Class Counsel:

Eduard Meleshinsky, at Bryan Schwartz Law, (510) 444-9300

**DO NOT CALL THE COURT**

**CONCLUSION**

    **THIS NOTICE AND ITS CONTENTS HAVE BEEN AUTHORIZED BY THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, THE HONORABLE RICHARD G. SEEBORG, UNITED STATES DISTRICT COURT JUDGE.**

_____

The Honorable Richard G. Seeborg
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ALLEN BUCKINGHAM, EUNICE ANN ROBINSON, ALVIN COURTS, and MELISSA AGOSTO-CRUZ, individually, on behalf of all others similarly situated, and on behalf of the general public, | Case No. 3:15-cv-06344-RS |
| Plaintiffs, | |
| v. | **NOTICE OF CLASS AND COLLECTIVE ACTION SETTLEMENT TO ILLINOIS CLASS MEMBERS** |
| BANK OF AMERICA, N.A. | |
| Defendant. | |
| | Honorable Richard G. Seeborg |

**IMPORTANT NOTIFICATION TO POTENTIAL CLASS MEMBERS**

TO: ALL INDIVIDUALS WHO HAVE BEEN EMPLOYED AS AN EXEMPT IMPLEMENTATION ADVISOR OR EXEMPT CLIENT FULFILLMENT CONSULTANT (INTERNAL JOB CODE CI066) BY BANK OF AMERICA, N.A. IN ILLINOIS AT ANY TIME BETWEEN DECEMBER 31, 2012 AND [DATE OF PRELIMINARY APPROVAL]:

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. A FEDERAL COURT AUTHORIZED THIS NOTICE. THIS IS NOT A SOLICITATION FROM A LAWYER.**

**A $6.6 MILLION SETTLEMENT FUND HAS BEEN CREATED TO PAY CLAIMS OF EXEMPT IMPLEMENTATION ADVISOR AND EXEMPT CLIENT FULFILLMENT CONSULTANT CLASS MEMBERS IN ORDER TO SETTLE A WAGE AND HOUR LAWSUIT.**

**ACCORDING TO COMPANY RECORDS, YOU ACTIVELY WORKED AS AN EXEMPT IMPLEMENTATION ADVISOR OR EXEMPT CLIENT FULFILLMENT CONSULTANT IN ILLINOIS BETWEEN DECEMBER 31, 2012 AND [DATE OF PRELIMINARY APPROVAL] FOR [XXX] WEEKS.**

**ACCORDING TO COMPANY RECORDS, YOU [DID/DID NOT] SIGN A SEVERANCE AGREEMENT.**

**YOUR ESTIMATEDALLOCATION OF THE SETTLEMENT IS $[XXXXX]. THIS IS THE ESTIMATED GROSS AMOUNT YOU WILL RECEIVE IF YOU DO NOT EXCLUDE YOURSELF FROM THE SETTLEMENT AND THE COURT GRANTS FINAL APPROVAL OF THE SETTLEMENT.**

- The settlement will provide $6.6 million to pay claims of current and former exempt Implementation Advisors and Exempt Client Fulfillment Consultants who worked for Bank of America, N.A. ("Bank of America") in California between December 31, 2011 and [DATE OF PRELIMINARY APPROVAL]; in North Carolina between December 31, 2013 and [DATE OF PRELIMINARY APPROVAL]; in Illinois between December 31, 2012 and [DATE OF PRELIMINARY APPROVAL]; in Connecticut between December 31, 2013 and [DATE OF PRELIMINARY APPROVAL]; and who both worked for Bank of America between December 31, 2012 and September 30, 2016 and timely joined the federal Fair Labor Standards Act ("FLSA") collective action.

- The settlement resolves claims of exempt Implementation Advisors and exempt Client Fulfillment Consultants in a lawsuit that alleged that Bank of America improperly treated them as "exempt" from overtime. The lawsuit asserted causes of action against Bank of America for: (1) failure to pay overtime wages; (2) failure to pay earned wages upon discharge; (3) failure to provide timely, accurate, itemized wage statements; (4) failure to provide and/or authorize meal and rest periods; (5) unlawful and/or unfair business practices in violation of California Business and Professions Code; and (6) penalties under the California Labor Code Private Attorneys General Act of 2004.

- Bank of America denies that it is liable for any of the claims. However, in light of the risk and expense of proceeding to trial, Bank of America, Class Counsel and the Plaintiffs believe that this is a fair settlement of the class and collective claims.

| YOUR OPTIONS AND LEGAL RIGHTS IN THIS SETTLEMENT | |
|---|---|
| **DO NOTHING AND RECEIVE A SETTLEMENT PAYMENT** | If you do nothing, you will receive a settlement payment which is likely equal to or greater than your "estimated allocation" stated above, assuming that the Court approves the settlement. The estimated allocation is based on the number of work-weeks you actively worked as an Exempt Implementation Advisor or Exempt Client Fulfillment Consultant within the legally relevant period. If you do nothing, a check will arrive in the mail. The back of the check will explain that by cashing the check, you are agreeing to release all claims covered by this Settlement, and will be opting also to exercise and release your claims under the federal FLSA. |
| **EXCLUDE YOURSELF** | If you affirmatively write to exclude yourself (*i.e.*, "opt out" of the case), you will receive no payment from this settlement. However, you would be free to pursue any claims separately against Bank of America. The steps to exclude yourself are |

| | |
|---|---|
| | explained below. |
| **OBJECT** | If you wish to challenge the terms of the settlement, you may file an objection with the Court, setting forth the reasons why you oppose the settlement. However, in order to object to the settlement you cannot exclude yourself from the settlement. You may also appear in Court and explain why you do not like the settlement or use an attorney to appear for you, at your own expense. |

---

| **WHAT THIS NOTICE CONTAINS** |
|---|

**BASIC INFORMATION** ............................................ **PAGE 1**
   1.  Why did I get this notice package?
   2.  What is this lawsuit about?
   3.  What is a class action? .................................. **PAGE 2**
   4.  Why is there a settlement?

**WHO IS IN THE SETTLEMENT**
   5.  How do I know if I am part of the settlement?
   6.  Are there exceptions to being included?
   7.  I am still not sure if I am included.
   8.  For former employees: will this affect my severance?

**THE SETTLEMENT BENEFITS – WHAT YOU GET** ............... **PAGE 3**
   9.  What does the settlement provide?
   10. How much will my payment be?

**YOU WILL RECEIVE A PAYMENT UNLESS YOU AFFIRMATIVELY OPT OUT**
   11. How can I get a payment? .............................. **PAGE 4**
   12. When would I get my payment?
   13. What am I giving up to get a payment?
   14. What if I believe I am not being credited for the right number of work-weeks?

**EXCLUDING YOURSELF FROM THE SETTLEMENT**
   15. How do I get out of the settlement? .................. **PAGE 5**
   16. What happens if I do nothing?
   17. What are claims under the Fair Labor Standards Act? ... **PAGE 6**

**THE LAWYERS REPRESENTING THE CLASS**
   18. Do I have a lawyer in the case?
   19. How will the lawyers and Class Representative Plaintiffs be paid?

**OBJECTING TO THE SETTLEMENT**

20. How do I tell the Court that I challenge all or some of the settlement **PAGE 7** terms?

21. What's the difference between objecting, on the one hand, and excluding myself (*i.e.*, "opting out") from the settlement, on the other?

**THE COURT'S FINAL FAIRNESS HEARING**

22. When and where will the Court decide whether to approve the settlement?

23. Do I have to come to the hearing? **PAGE 8**

24. May I speak at the hearing?

**GETTING MORE INFORMATION**

25. Are there more details about the settlement?

26. How do I get more information? **PAGE 9**

**BASIC INFORMATION**

| 1.  **Why did I get this notice package?** |
|---|

Bank of America's records indicate that you worked for Bank of America as an exempt Implementation Advisor or exempt Client Fulfillment Consultant in Illinois between December 31, 2012 and ==[DATE OF PRELIMINARY APPROVAL]== (the "Class Period"). These positions correspond to Bank of America's internal job code CI066.

You received this notice because you have a right to know about a proposed settlement of a class action lawsuit, and about your options, before the Court decides whether to finally approve the settlement. If the Court approves it, and after any objections and appeals are resolved, an administrator appointed by the Court will make the payments that the settlement requires.

This package explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the Northern District of California, and the case is known as *Buckingham, et al. v. Bank of America, N.A.*, Case No. 3:15-cv-06344-RS. The people who brought the suit are called Plaintiffs, and the entity the suit was brought against (Bank of America, N.A.) is the Defendant.

| 2.  **What is this lawsuit about?** |
|---|

The lawsuit claims that Bank of America misclassified Implementation Advisors and Client Fulfillment Consultants as "exempt" from state and federal overtime laws and thereby: (1) failed to pay Illinois Exempt Implementation Advisors and Exempt Client Fulfillment Consultants overtime when they worked more than forty hours in a week; (2) failed to provide rest and meal breaks; (3) failed to provide complete and accurate wage statements to its employees; (4) failed to pay its employees all wages due at the time of discharge or resignation from employment; (5) as a result of the foregoing, engaged in unfair or unlawful business practices in violation of the California Business and Professions Code; and (6) as a result of the foregoing, also owes penalties under the California Private Attorneys General Act.

The Court has not issued any ruling on the merits of Plaintiffs' claims, and Bank of America takes the position that its pay practices, including the exempt classifications at issue in this lawsuit, have been appropriate under state and federal law.

**3.   What is a class action?**

In a class action, a Class Representative (in this case Alvin Courts, representing the Illinois class), sues on behalf of people who allegedly have similar claims ("Class Members"). The Court can make rulings affecting all Class Members (e.g. approving the parties' settlement), except for those who exclude themselves from the Class.

**4.   Why is there a settlement?**

The Court did not issue a judgment, or any rulings on the merits, in favor of Plaintiffs or Defendant. Instead, the parties reached a negotiated settlement, which avoids the uncertainties, costs, and delays associated with further litigation and which compensates the Class Members sooner, rather than later, if at all. The Class Representatives and the attorneys believe that this settlement is in the best interests of all Class Members.

**WHO IS IN THE SETTLEMENT**

**5.   How do I know if I am part of the settlement?**

Everyone who fits the following description is a Illinois Class Member provided they do not "opt out" of the settlement: *All exempt Implementation Advisors and exempt Client Fulfillment Consultants who worked for Bank of America, N.A. in Illinois at any time between December 31, 2012 and [DATE OF PRELIMINARY APPROVAL]*. These positions correspond to Bank of America's internal job code CI066.

**6.   Are there exceptions to being included?**

You are not a Class Member if you did not actively work for *Bank of America, N.A.* as an exempt Implementation Advisor or exempt Client Fulfillment Consultant in Illinois during the period in question. As noted below, even if you signed a severance agreement, or if you are subsequently offered a severance agreement, you may still participate in this settlement.

**7.   I am still not sure if I am included.**

If you are receiving this notice, it is most likely that you do qualify to participate, and unless you opt out, you will receive a settlement payment, assuming that the Court approves the settlement. If you have questions about whether you qualify, you may contact Class Counsel at the contact information provided below.

**8.   What if I have signed a severance agreement, or sign one in the future?**

QUESTIONS? CALL
[ADMINISTRATOR]: XXX-XXX-XXXX

If you are a former employee who, in connection with a reduction in force, signed a severance agreement containing various releases of claims against Bank of America, Bank of America has agreed that you are not required to opt out of this settlement and you may still participate in this settlement. Remaining a part of the class will not jeopardize any severance payments you received (or will receive) after leaving Bank of America. However, if you signed your severance agreement on or before September 30, 2016, then your recovery from this case will be reduced to account for the litigation risk associated with your claim had the case continued in litigation and/or trial.

Similarly, if you are a current employee of Bank of America and have been offered a severance agreement in connection with a reduction in force, or are offered such a severance agreement while this settlement is pending, Bank of America has agreed that you may participate in this settlement and receive severance. However, your recovery from this case may be reduced to account for the litigation risk associated with your claim had the case continued in litigation and/or trial.

### THE SETTLEMENT BENEFITS – WHAT YOU GET

| 9. What does the settlement provide? |
| --- |

Bank of America has agreed to create a fund of $6,600,000.00 to be divided among all Illinois and non-Illinois exempt Implementation Advisors and exempt Client Fulfillment Consultants who participate in the settlement, and also to be used to pay for Plaintiffs' attorney's fees and costs, service payments to the Class Representatives, administrative expenses, and other payments made pursuant to this Settlement.

Exempt Implementation Advisors and exempt Client Fulfillment Consultants who participate in the settlement will receive a *pro rata* payment based on the number of work-weeks during the Class Period that they worked in the relevant positions for Bank of America. California exempt Implementation Advisors and exempt Client Fulfillment Consultants will receive payment that is larger than exempt Implementation Advisors and exempt Client Fulfillment Consultants in other states, because California has a longer statute of limitations and provides for additional claims.

| 10. How much will my payment be? |
| --- |

Your estimated share of the fund is listed on the first page of this Notice. The amount will depend on the number of work-weeks during which you were actively employed as an exempt Implementation Advisor/ Client Fulfillment Consultant in Illinois during the Class Period and whether you signed a severance agreement. If other Class Members do not participate in the settlement, your share of the fund may increase proportionately.

One-third of the settlement amount you receive will be considered wages (and have standard payroll taxes deducted from it) and the other two-thirds will be considered interest and penalties, to be paid to you accompanied by an IRS Form 1099. You alone are responsible to pay any appropriate taxes on the latter amount.

**YOU WILL RECEIVE A PAYMENT UNLESS YOU AFFIRMATIVELY OPT OUT**

---

**11. How can I get a payment?**

---

If you are receiving this notice, you qualify for payment, and unless you affirmatively opt out of the settlement by [*date – 60 days after notice is mailed*], you will automatically receive a payment, provided the Court grants final approval to the settlement.

---

**12. When would I get my payment?**

---

The Court will hold a hearing on [*date*] at [*time*] to decide whether to finally approve the settlement. If the Court approves the settlement, there may be appeals. Resolving any appeals can take time, perhaps more than a year. Please be patient.

However, if the Court approves the settlement at the hearing and there are no appeals, payments will be made within several months after the hearing.

---

**13. What am I giving up to get a payment?**

---

Unless you affirmatively exclude yourself from the settlement, you are part of the Class. You cannot sue, continue to sue, or be part of any other lawsuit against Bank of America concerning the wage and hour claims covered by this settlement. It also means that all of the Court's orders will apply to you and legally bind you.

Unless you affirmatively exclude yourself from the settlement, you will be releasing all wage and hour claims under Illinois law covered by this settlement, whether you cash your check or not. If you have previously submitted a "consent to join" form, unless you withdraw your consent, you will also release all wage and hour claims under the federal Fair Labor Standards Act covered by this settlement, whether you cash your check or not. If you have not previously submitted a "consent to join" form, you will only release federal Fair Labor Standards Act claims if you cash your check.

You can review the exact language of the release by reviewing the Settlement Agreement online, at the web address listed in the "Getting More Information" section of this Notice, below. The relevant portion begins in Page 32 of the Settlement Agreement.

---

**14. What if I believe I am not being credited for the right number of work-weeks?**

---

Any Class Member who disputes the information shown on his or her Notice of Settlement regarding the total number of weeks that he or she actively worked as an exempt Implementation Advisor or exempt Client Fulfillment Consultant may indicate and explain such disagreement under penalty of perjury within sixty (60) days of the mailing of the Notice of Settlement by

notifying the Claims Administrator pursuant to the following procedures: a) Any such Class Member must submit documentation timely relating to his or her dispute; b) The Claims Administrator shall notify Bank of America's Counsel and Class Counsel of any such dispute no later than five (5) days after receiving notice of the dispute; c) In the case of a dispute, Bank of America's records shall control and will have a rebuttable presumption of correctness, which means that it is your burden to prove, with records in support, that the work weeks listed are wrong; d) The Claims Administrator will notify you whether or not your dispute has been successful.

### EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from this settlement, but you want to keep the right to pursue claims (or continue to pursue claims) against Bank of America on your own regarding the legal issues in this case, then you must exclude yourself from the settlement. This is called "opting out" of the settlement Class. If you exclude yourself from the Settlement, you will not receive any money at all from this Settlement.

---

**15. How do I opt out of the settlement?**

---

To exclude yourself from the settlement, you must send a letter by mail stating that you want to be excluded from *Allen Buckingham et al. v. Bank of America, N.A.* Be sure to include your name, address, telephone number, and your signature. You must mail your exclusion request postmarked no later than [***date 60 days after notice is mailed***] to:

Claims Administrator
P.O. Box XXXX
City, ST XXXXX-XXXX

If you ask to be excluded, you will not get any settlement payments of any kind in this case and you cannot object to the settlement. You will not be legally bound by anything that happens in this lawsuit. You will be able to pursue claims (or continue to pursue claims) against Bank of America for the wage claims at issue in this case in the future. If you have a pending claim or lawsuit, speak to your lawyer in that case immediately. You may need to exclude yourself from this Class to continue your own claim or lawsuit.

---

**16. What happens if I do nothing?**

---

If you do nothing regarding this notice, you will be sent a check for your allocated amount, provided the Court grants final approval to the settlement. If you do not cash the check, your rights will still be affected, in that you will give up your right to sue Bank of America for claims that this settlement resolves, other than federal claims under the FLSA.

**17. What are claims under the Fair Labor Standards Act?**

The FLSA is a federal law governing the payment of overtime for hours worked past 40 in a week. Illinois law requires overtime to be paid for hours worked past 40 hours in a week. Illinois also has laws relating to penalties for failure to pay all overtime due each month.

If you do nothing in this lawsuit, you will give up your right to sue based on any Illinois wage law. If you cash your check, you will release your state and federal wage claims. If you previously filed a consent to join the FLSA collective action in this lawsuit and do not timely withdraw your consent as described in section 15 above, you will release your claims under the FLSA, regardless of whether you cash your check. If you have not previously filed a consent to join the FLSA collective action and you do not cash your check, you will retain your right to sue under the FLSA.

THE LAWYERS REPRESENTING THE CLASS

**18. Do I have a lawyer in this case?**

Bryan Schwartz Law represents the Class. These lawyers are called Class Counsel. These lawyers will be paid from the settlement amount, so you will not be charged personally for these lawyers' work on this case and in negotiating this settlement. If you want to be represented by your own lawyer, you may hire one at your own expense.

**19. How will the lawyers, Class Representative Plaintiffs, and the State of California be paid?**

Class Counsel will ask the Court to approve the payment of up to one-quarter of the settlement amount for attorneys' fees (*i.e.*, up to $1,650,000), as well as actual litigation costs, associated with investigating the facts, litigating the case, and negotiating the settlement. The Claims Administrator administering the settlement will be compensated at the fair market rate of those services from the settlement, currently estimated at [$25,000]. A service payment of up to $15,000 will be made to Class Representative Allen Buckingham, and service payments of up to $2,500 each for Class Representatives Eunice Ann Robinson, Alvin Courts, and Melissa Agosto-Cruz for their work in bringing this lawsuit and in exchange for them waiving a much broader array of claims than you are waiving.

Class Counsel will also ask the Court to approve a payment of $56,250 to the State of California's Labor and Workforce Development Agency ("LWDA") to satisfy alleged Labor Code violations pursuant to the California Labor Code Private Attorneys General Act of 2004 ("PAGA"). This payment to the LWDA is required by statute.

The Court may award less than these amounts. Bank of America has agreed not to oppose Class Counsel's request for fees and expenses as described in this section. If the Court awards less than the amounts described in this section, that money will be redistributed to Class Members or

distributed to an appropriate charity, depending upon the amount of the money. None of this money will revert to Bank of America.

**OBJECTING TO THE SETTLEMENT**

**20. How do I tell the Court that I challenge all or some of the settlement terms?**

You can ask the Court to deny approval by filing an objection. You cannot ask the Court to order a larger settlement; the Court can only approve or deny the settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object.

You may object to the proposed settlement in writing. You may also appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for paying that attorney. All written objections and supporting papers must (a) clearly identify the case name and number (*Allen Buckingham et al. v. Bank of America, N.A.*, Case No. 3:15-cv-6344-RS; (b) be submitted to the Court either by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, 450 Golden Gate Avenue, Box 36060, San Francisco, CA 94102-3489, or by filing them in person at any location of the United States District Court for the Northern District of California; and (c) be filed or postmarked on or before [XXXX – 60 days after mailing of notice].

**21. What's the difference between objecting, on the one hand, and excluding myself (*i.e.,* "opting out") from the settlement, on the other?**

Objecting is simply telling the Court that you wish to challenge all or part of the settlement. You can object only if you stay in the Class. Excluding yourself from the settlement or "opting out" is telling the Court that you do not want to be part of the Class or receive any payment at all from the settlement. If you exclude yourself, you have no basis to object because the case no longer affects you.

**THE COURT'S FINAL FAIRNESS HEARING**

**22. When and where will the Court decide whether to approve the settlement?**

The Court will hold a Final Approval Fairness Hearing, which is currently scheduled for [XXX] P.M. on [XXX], at the United States District Court for the Northern District of California, at 450 Golden Gate Avenue, 17th Floor, Courtroom 3, San Francisco, CA 94102, before the Honorable Richard G. Seeborg. At this hearing the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. After the hearing, the Court will decide whether to approve the settlement. Please note that the hearing may be postponed without further notice to the Class. Thus, if you plan to attend the hearing, you should check the website identified in Question 25, below, or access the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at

QUESTIONS? CALL
[ADMINISTRATOR]: XXX-XXX-XXXX

https://ecf.cand.uscourts.gov.

**23. Do I have to come to the hearing?**

No. But, you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as the Court received your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

**24. May I speak at the hearing?**

You may ask the Court for permission to speak at the Final Fairness Hearing. To do so, you must send a letter to the Clerk of the Court saying that it is your "Notice of Intention to Appear in *Allen Buckingham et al. v. Bank of America, N.A.*, Case No. 3:15-cv-6344-RS." Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be postmarked no later than [XXX], and be sent to the Clerk of the Court, Class Counsel, and Defense Counsel, at the three addresses listed below. You cannot speak at the hearing if you excluded yourself ("opted out") from the settlement.

| Court | Class Counsel | Defense Counsel |
|---|---|---|
| Clerk of the Court United States District Court 450 Golden Gate Avenue, Box 36060 San Francisco, CA 94102-3489 | Bryan Schwartz Law 1330 Broadway, Suite 1630 Oakland, CA 94612 | McGuire Woods LLP Attn: Michael Mandel 1800 Century Park East, 8th Fl Los Angeles, CA 90067 |

**GETTING MORE INFORMATION**

**25. Are there more details about the settlement?**

This notice summarizes the proposed settlement. For the precise terms and conditions of the settlement, please see the settlement agreement available at http://www.bryanschwartzlaw.com/implementationadvisor-clientfulfillment, by contacting Class Counsel as set forth in Section 26, below, by accessing the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays. If there is any conflict between this notice and the Settlement Agreement, the Settlement Agreement will control.

**26. How do I get more information?**

You can call 1-XXX-XXX-XXXX toll free, write to [Administrator], Inc., P.O. Box XXXX, City ST XXXXX-XXXX, or go to http://www.bryanschwartzlaw.com/implementationadvisor-clientfulfillment.

You may also call Class Counsel:

Eduard Meleshinsky, at Bryan Schwartz Law, (510) 444-9300

**DO NOT CALL THE COURT**

**CONCLUSION**

**THIS NOTICE AND ITS CONTENTS HAVE BEEN AUTHORIZED BY THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, THE HONORABLE RICHARD G. SEEBORG, UNITED STATES DISTRICT COURT JUDGE.**

_____

The Honorable Richard G. Seeborg
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN BUCKINGHAM, EUNICE ANN ROBINSON, ALVIN COURTS, and MELISSA AGOSTO-CRUZ, individually, on behalf of all others similarly situated, and on behalf of the general public, | Case No. 3:15-cv-06344-RS |
| Plaintiffs, | |
| v. | **NOTICE OF CLASS AND COLLECTIVE ACTION SETTLEMENT TO NORTH CAROLINA CLASS MEMBERS** |
| BANK OF AMERICA, N.A. | |
| Defendant. | |
| | Honorable Richard G. Seeborg |

_____/

**IMPORTANT NOTIFICATION TO POTENTIAL CLASS MEMBERS**

TO:     ALL INDIVIDUALS WHO HAVE BEEN EMPLOYED AS AN EXEMPT IMPLEMENTATION ADVISOR OR EXEMPT CLIENT FULFILLMENT CONSULTANT (INTERNAL JOB CODE CI066) BY BANK OF AMERICA, N.A. IN NORTH CAROLINA AT ANY TIME BETWEEN DECEMBER 31, 2013 AND [DATE OF PRELIMINARY APPROVAL]:

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. A FEDERAL COURT AUTHORIZED THIS NOTICE. THIS IS NOT A SOLICITATION FROM A LAWYER.**

**A $6.6 MILLION SETTLEMENT FUND HAS BEEN CREATED TO PAY CLAIMS OF EXEMPT IMPLEMENTATION ADVISOR AND EXEMPT CLIENT FULFILLMENT CONSULTANT CLASS MEMBERS IN ORDER TO SETTLE A WAGE AND HOUR LAWSUIT.**

**ACCORDING TO COMPANY RECORDS, YOU ACTIVELY WORKED AS AN EXEMPT IMPLEMENTATION ADVISOR OR EXEMPT CLIENT FULFILLMENT CONSULTANT IN NORTH CAROLINA BETWEEN DECEMBER 31, 2013 AND [DATE OF PRELIMINARY APPROVAL] FOR [XXX] WEEKS.**

**ACCORDING TO COMPANY RECORDS, YOU [DID/DID NOT] SIGN A SEVERANCE AGREEMENT.**

**YOUR ESTIMATEDALLOCATION OF THE SETTLEMENT IS $[XXXXX]. THIS IS THE ESTIMATED GROSS AMOUNT YOU WILL RECEIVE IF YOU DO NOT EXCLUDE YOURSELF FROM THE SETTLEMENT AND THE COURT GRANTS FINAL APPROVAL OF THE SETTLEMENT.**

- The settlement will provide $6.6 million to pay claims of current and former exempt Implementation Advisors and Exempt Client Fulfillment Consultants who worked for Bank of America, N.A. ("Bank of America") in California between December 31, 2011 and [DATE OF PRELIMINARY APPROVAL]; in North Carolina between December 31, 2013 and [DATE OF PRELIMINARY APPROVAL]; in Illinois between December 31, 2012 and [DATE OF PRELIMINARY APPROVAL]; in Connecticut between December 31, 2013 and [DATE OF PRELIMINARY APPROVAL]; and who both worked for Bank of America between December 31, 2012 and September 30, 2016 and timely joined the federal Fair Labor Standards Act ("FLSA") collective action.

- The settlement resolves claims of exempt Implementation Advisors and exempt Client Fulfillment Consultants in a lawsuit that alleged that Bank of America improperly treated them as "exempt" from overtime. The lawsuit asserted causes of action against Bank of America for: (1) failure to pay overtime wages; (2) failure to pay earned wages upon discharge; (3) failure to provide timely, accurate, itemized wage statements; (4) failure to provide and/or authorize meal and rest periods; (5) unlawful and/or unfair business practices in violation of California Business and Professions Code; and (6) penalties under the California Labor Code Private Attorneys General Act of 2004.

- Bank of America denies that it is liable for any of the claims. However, in light of the risk and expense of proceeding to trial, Bank of America, Class Counsel and the Plaintiffs believe that this is a fair settlement of the class and collective claims.

| YOUR OPTIONS AND LEGAL RIGHTS IN THIS SETTLEMENT | |
|---|---|
| **DO NOTHING AND RECEIVE A SETTLEMENT PAYMENT** | If you do nothing, you will receive a settlement payment which is likely equal to or greater than your "estimated allocation" stated above, assuming that the Court approves the settlement. The estimated allocation is based on the number of work-weeks you actively worked as an Exempt Implementation Advisor or Exempt Client Fulfillment Consultant within the legally relevant period. If you do nothing, a check will arrive in the mail. The back of the check will explain that by cashing the check, you are agreeing to release all claims covered by this Settlement, and will be opting also to exercise and release your claims under the federal FLSA. |
| **EXCLUDE YOURSELF** | If you affirmatively write to exclude yourself (*i.e.*, "opt out" of the case), you will receive no payment from this settlement. However, you would be free to pursue any claims separately against Bank of America. The steps to exclude yourself are |

| | |
|---|---|
| | explained below. |
| **OBJECT** | If you wish to challenge the terms of the settlement, you may file an objection with the Court, setting forth the reasons why you oppose the settlement. However, in order to object to the settlement you cannot exclude yourself from the settlement. You may also appear in Court and explain why you do not like the settlement or use an attorney to appear for you, at your own expense. |

---

| **WHAT THIS NOTICE CONTAINS** |
|---|

**BASIC INFORMATION**      **PAGE 1**
1.  Why did I get this notice package?
2.  What is this lawsuit about?
3.  What is a class action?      **PAGE 2**
4.  Why is there a settlement?

**WHO IS IN THE SETTLEMENT**
5.  How do I know if I am part of the settlement?
6.  Are there exceptions to being included?
7.  I am still not sure if I am included.
8.  For former employees: will this affect my severance?

**THE SETTLEMENT BENEFITS – WHAT YOU GET**      **PAGE 3**
9.  What does the settlement provide?
10. How much will my payment be?

**YOU WILL RECEIVE A PAYMENT UNLESS YOU AFFIRMATIVELY OPT OUT**
11. How can I get a payment?      **PAGE 4**
12. When would I get my payment?
13. What am I giving up to get a payment?
14. What if I believe I am not being credited for the right number of work-weeks?

**EXCLUDING YOURSELF FROM THE SETTLEMENT**
15. How do I get out of the settlement?      **PAGE 5**
16. What happens if I do nothing?
17. What are claims under the Fair Labor Standards Act?      **PAGE 6**

**THE LAWYERS REPRESENTING THE CLASS**
18. Do I have a lawyer in the case?
19. How will the lawyers and Class Representative Plaintiffs be paid?

**OBJECTING TO THE SETTLEMENT**

20. How do I tell the Court that I challenge all or some of the settlement terms?      **PAGE 7**

21. What's the difference between objecting, on the one hand, and excluding myself (*i.e.*, "opting out") from the settlement, on the other?

**THE COURT'S FINAL FAIRNESS HEARING**

22. When and where will the Court decide whether to approve the settlement?

23. Do I have to come to the hearing?      **PAGE 8**

24. May I speak at the hearing?

**GETTING MORE INFORMATION**

25. Are there more details about the settlement?

26. How do I get more information?      **PAGE 9**

**BASIC INFORMATION**

| **1.   Why did I get this notice package?** |
| :--- |

Bank of America's records indicate that you worked for Bank of America as an exempt Implementation Advisor or exempt Client Fulfillment Consultant in North Carolina between December 31, 2013 and [DATE OF PRELIMINARY APPROVAL] (the "Class Period"). These positions correspond to Bank of America's internal job code CI066.

You received this notice because you have a right to know about a proposed settlement of a class action lawsuit, and about your options, before the Court decides whether to finally approve the settlement. If the Court approves it, and after any objections and appeals are resolved, an administrator appointed by the Court will make the payments that the settlement requires.

This package explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the Northern District of California, and the case is known as *Buckingham, et al. v. Bank of America, N.A.*, Case No. 3:15-cv-06344-RS. The people who brought the suit are called Plaintiffs, and the entity the suit was brought against (Bank of America, N.A.) is the Defendant.

| **2.   What is this lawsuit about?** |
| :--- |

The lawsuit claims that Bank of America misclassified Implementation Advisors and Client Fulfillment Consultants as "exempt" from state and federal overtime laws and thereby: (1) failed to pay North Carolina Exempt Implementation Advisors and Exempt Client Fulfillment Consultants for all time worked when they worked more than forty hours in a week; (2) failed to provide rest and meal breaks; (3) failed to provide complete and accurate wage statements to its employees; (4) failed to pay its employees all wages due at the time of discharge or resignation from employment; (5) as a result of the foregoing, engaged in unfair or unlawful business practices in violation of the California Business and Professions Code; and (6) as a result of the foregoing, also owes penalties under the California Private Attorneys General Act.

The Court has not issued any ruling on the merits of Plaintiffs' claims, and Bank of America takes the position that its pay practices, including the exempt classifications at issue in this lawsuit, have been appropriate under state and federal law.

1

NOTICE OF CLASS ACTION SETTLEMENT TO
NORTH CAROLINA IMPLEMENTATION ADVISORS
AND EXEMPT CLIENT FULFILLMENT
CONSULTANTS
Case No. 3:15-cv-6344-RS

**3.  What is a class action?**

In a class action, a Class Representative (in this case Eunice Ann Robinson representing the North Carolina class), sues on behalf of people who allegedly have similar claims ("Class Members"). The Court can make rulings affecting all Class Members (e.g. approving the parties' settlement), except for those who exclude themselves from the Class.

**4.  Why is there a settlement?**

The Court did not issue a judgment, or any rulings on the merits, in favor of Plaintiffs or Defendant. Instead, the parties reached a negotiated settlement, which avoids the uncertainties, costs, and delays associated with further litigation and which compensates the Class Members sooner, rather than later, if at all. The Class Representatives and the attorneys believe that this settlement is in the best interests of all Class Members.

WHO IS IN THE SETTLEMENT

**5.  How do I know if I am part of the settlement?**

Everyone who fits the following description is a North Carolina Class Member provided they do not "opt out" of the settlement: *All exempt Implementation Advisors and exempt Client Fulfillment Consultants who worked for Bank of America, N.A. in North Carolina at any time between December 31, 2013 and [DATE OF PRELIMINARY APPROVAL].* These positions correspond to Bank of America's internal job code CI066.

**6.  Are there exceptions to being included?**

You are not a Class Member if you did not actively work for *Bank of America, N.A.* as an exempt Implementation Advisor or exempt Client Fulfillment Consultant in North Carolina during the period in question. As noted below, even if you signed a severance agreement, or if you are subsequently offered a severance agreement, you may still participate in this settlement.

**7.  I am still not sure if I am included.**

If you are receiving this notice, it is most likely that you do qualify to participate, and unless you opt out, you will receive a settlement payment, assuming that the Court approves the settlement. If you have questions about whether you qualify, you may contact Class Counsel at the contact information provided below.

**8.  What if I have signed a severance agreement, or sign one in the future?**

If you are a former employee who, in connection with a reduction in force, signed a severance agreement containing various releases of claims against Bank of America, Bank of America has agreed that you are not required to opt out of this settlement and you may still participate in this settlement. Remaining a part of the class will not jeopardize any severance payments you received (or will receive) after leaving Bank of America. However, if you signed your severance agreement on or before September 30, 2016, then your recovery from this case will be reduced to account for the litigation risk associated with your claim had the case continued in litigation and/or trial.

Similarly, if you are a current employee of Bank of America and have been offered a severance agreement in connection with a reduction in force, or are offered such a severance agreement while this settlement is pending, Bank of America has agreed that you may participate in this settlement and receive severance. However, your recovery from this case may be reduced to account for the litigation risk associated with your claim had the case continued in litigation and/or trial.

### THE SETTLEMENT BENEFITS – WHAT YOU GET

| **9.  What does the settlement provide?** |
|---|

Bank of America has agreed to create a fund of $6,600,000.00 to be divided among all North Carolina and non-North Carolina Exempt Implementation Advisors and exempt Client Fulfillment Consultants who participate in the settlement, and also to be used to pay for Plaintiffs' attorney's fees and costs, service payments to the Class Representatives, administrative expenses, and other payments made pursuant to this Settlement.

Exempt Implementation Advisors and exempt Client Fulfillment Consultants who participate in the settlement will receive a *pro rata* payment based on the number of work-weeks during the Class Period that they worked in the relevant positions for Bank of America. California exempt Implementation Advisors and exempt Client Fulfillment Consultants will receive payment that is larger than exempt Implementation Advisors and exempt Client Fulfillment Consultants in other states, because California has a longer statute of limitations and provides for additional claims.

| **10. How much will my payment be?** |
|---|

Your estimated share of the fund is listed on the first page of this Notice. The amount will depend on the number of work-weeks during which you were actively employed as an exempt Implementation Advisor/ Client Fulfillment Consultant in North Carolina during the Class Period and whether you signed a severance agreement. If other Class Members do not participate in the settlement, your share of the fund may increase proportionately.

One-third of the settlement amount you receive will be considered wages (and have standard payroll taxes deducted from it) and the other two-thirds will be considered interest and penalties, to be paid to you accompanied by an IRS Form 1099. You alone are responsible to pay any appropriate taxes on the latter amount.

**YOU WILL RECEIVE A PAYMENT UNLESS YOU AFFIRMATIVELY OPT OUT**

---

**11. How can I get a payment?**

---

If you are receiving this notice, you qualify for payment, and unless you affirmatively opt out of the settlement by [***date – 60 days after notice is mailed***], you will automatically receive a payment, provided the Court grants final approval to the settlement.

---

**12. When would I get my payment?**

---

The Court will hold a hearing on [***date***] at [***time***] to decide whether to finally approve the settlement. If the Court approves the settlement, there may be appeals. Resolving any appeals can take time, perhaps more than a year. Please be patient.

However, if the Court approves the settlement at the hearing and there are no appeals, payments will be made within several months after the hearing.

---

**13. What am I giving up to get a payment?**

---

Unless you affirmatively exclude yourself from the settlement, you are part of the Class. You cannot sue, continue to sue, or be part of any other lawsuit against Bank of America concerning the wage and hour claims covered by this settlement. It also means that all of the Court's orders will apply to you and legally bind you.

Unless you affirmatively exclude yourself from the settlement, you will be releasing all wage and hour claims under North Carolina law covered by this settlement, whether you cash your check or not. If you have previously submitted a "consent to join" form, unless you withdraw your consent, you will also release all wage and hour claims under the federal Fair Labor Standards Act covered by this settlement, whether you cash your check or not. If you have not previously submitted a "consent to join" form, you will only release federal Fair Labor Standards Act claims if you cash your check.

You can review the exact language of the release by reviewing the Settlement Agreement online, at the web address listed in the "Getting More Information" section of this Notice, below. The relevant portion begins in Page 32 of the Settlement Agreement.

---

**14. What if I believe I am not being credited for the right number of work-weeks?**

---

Any Class Member who disputes the information shown on his or her Notice of Settlement regarding the total number of weeks that he or she actively worked as an exempt Implementation Advisor or exempt Client Fulfillment Consultant may indicate and explain such disagreement under penalty of perjury within sixty (60) days of the mailing of the Notice of Settlement by

notifying the Claims Administrator pursuant to the following procedures: a) Any such Class Member must submit documentation timely relating to his or her dispute; b) The Claims Administrator shall notify Bank of America's Counsel and Class Counsel of any such dispute no later than five (5) days after receiving notice of the dispute; c) In the case of a dispute, Bank of America's records shall control and will have a rebuttable presumption of correctness, which means that it is your burden to prove, with records in support, that the work weeks listed are wrong; d) The Claims Administrator will notify you whether or not your dispute has been successful.

### EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from this settlement, but you want to keep the right to pursue claims (or continue to pursue claims) against Bank of America on your own regarding the legal issues in this case, then you must exclude yourself from the settlement. This is called "opting out" of the settlement Class. If you exclude yourself from the Settlement, you will not receive any money at all from this Settlement.

---

**15. How do I opt out of the settlement?**

---

To exclude yourself from the settlement, you must send a letter by mail stating that you want to be excluded from *Allen Buckingham et al. v. Bank of America, N.A.* Be sure to include your name, address, telephone number, and your signature. You must mail your exclusion request postmarked no later than [***date 60 days after notice is mailed***] to:

Claims Administrator
P.O. Box XXXX
City, ST XXXXX-XXXX

If you ask to be excluded, you will not get any settlement payments of any kind in this case and you cannot object to the settlement. You will not be legally bound by anything that happens in this lawsuit. You will be able to pursue claims (or continue to pursue claims) against Bank of America for the wage claims at issue in this case in the future. If you have a pending claim or lawsuit, speak to your lawyer in that case immediately. You may need to exclude yourself from this Class to continue your own claim or lawsuit.

---

**16. What happens if I do nothing?**

---

If you do nothing regarding this notice, you will be sent a check for your allocated amount, provided the Court grants final approval to the settlement. If you do not cash the check, your rights will still be affected, in that you will give up your right to sue Bank of America for claims that this settlement resolves, other than federal claims under the FLSA.

**17. What are claims under the Fair Labor Standards Act?**

The FLSA is a federal law governing the payment of overtime for hours worked past 40 in a week. In contrast, North Carolina law requires straight time to be paid on all wages exceeding those agreed upon on the regular payday and does not allow overtime wages to be paid in these circumstances.

If you do nothing in this lawsuit, you will give up your right to sue based on any North Carolina wage law. If you cash your check, you will release your state and federal wage claims. If you previously filed a consent to join the FLSA collective action in this lawsuit and do not timely withdraw your consent as described in section 15 above, you will release your claims under the FLSA, regardless of whether you cash your check. If you have not previously filed a consent to join the FLSA collective action and you do not cash your check, you will retain your right to sue under the FLSA.

THE LAWYERS REPRESENTING THE CLASS

**18. Do I have a lawyer in this case?**

Bryan Schwartz Law represents the Class. These lawyers are called Class Counsel. These lawyers will be paid from the settlement amount, so you will not be charged personally for these lawyers' work on this case and in negotiating this settlement. If you want to be represented by your own lawyer, you may hire one at your own expense.

**19. How will the lawyers, Class Representative Plaintiffs, and the State of California be paid?**

Class Counsel will ask the Court to approve the payment of up to one-quarter of the settlement amount for attorneys' fees (*i.e.*, up to $1,650,000), as well as actual litigation costs, associated with investigating the facts, litigating the case, and negotiating the settlement. The Claims Administrator administering the settlement will be compensated at the fair market rate of those services from the settlement, currently estimated at [$25,000]. A service payment of up to $15,000 will be made to Class Representative Allen Buckingham, and service payments of up to $2,500 each for Class Representatives Eunice Ann Robinson, Alvin Courts, and Melissa Agosto-Cruz for their work in bringing this lawsuit and in exchange for them waiving a much broader array of claims than you are waiving.

Class Counsel will also ask the Court to approve a payment of $56,250 to the State of California's Labor and Workforce Development Agency ("LWDA") to satisfy alleged Labor Code violations pursuant to the California Labor Code Private Attorneys General Act of 2004 ("PAGA"). This payment to the LWDA is required by statute.

The Court may award less than these amounts. Bank of America has agreed not to oppose Class Counsel's request for fees and expenses as described in this section. If the Court awards less than

the amounts described in this section, that money will be redistributed to Class Members or distributed to an appropriate charity, depending upon the amount of the money. None of this money will revert to Bank of America.

**OBJECTING TO THE SETTLEMENT**

**20. How do I tell the Court that I challenge all or some of the settlement terms?**

You can ask the Court to deny approval by filing an objection. You cannot ask the Court to order a larger settlement; the Court can only approve or deny the settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object.

You may object to the proposed settlement in writing. You may also appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for paying that attorney. All written objections and supporting papers must (a) clearly identify the case name and number (*Allen Buckingham et al. v. Bank of America, N.A.*, Case No. 3:15-cv-6344-RS; (b) be submitted to the Court either by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, 450 Golden Gate Avenue, Box 36060, San Francisco, CA 94102-3489, or by filing them in person at any location of the United States District Court for the Northern District of California; and (c) be filed or postmarked on or before [XXXX – 60 days after mailing of notice].

**21. What's the difference between objecting, on the one hand, and excluding myself (*i.e.*, "opting out") from the settlement, on the other?**

Objecting is simply telling the Court that you wish to challenge all or part of the settlement. You can object only if you stay in the Class. Excluding yourself from the settlement or "opting out" is telling the Court that you do not want to be part of the Class or receive any payment at all from the settlement. If you exclude yourself, you have no basis to object because the case no longer affects you.

**THE COURT'S FINAL FAIRNESS HEARING**

**22. When and where will the Court decide whether to approve the settlement?**

The Court will hold a Final Approval Fairness Hearing, which is currently scheduled for [XXX] P.M. on [XXX], at the United States District Court for the Northern District of California, at 450 Golden Gate Avenue, 17th Floor, Courtroom 3, San Francisco, CA 94102, before the Honorable Richard G. Seeborg. At this hearing the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. After the hearing, the Court will decide whether to approve the settlement. Please note that the hearing may be postponed without further notice to the Class. Thus, if you plan to attend the hearing, you should check the website identified in Question 25, below, or access the Court docket in this case

7

through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov.

**23. Do I have to come to the hearing?**

No. But, you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as the Court received your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

**24. May I speak at the hearing?**

You may ask the Court for permission to speak at the Final Fairness Hearing. To do so, you must send a letter to the Clerk of the Court saying that it is your "Notice of Intention to Appear in *Allen Buckingham et al. v. Bank of America, N.A.*, Case No. 3:15-cv-6344-RS." Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be postmarked no later than [XXX], and be sent to the Clerk of the Court, Class Counsel, and Defense Counsel, at the three addresses listed below. You cannot speak at the hearing if you excluded yourself ("opted out") from the settlement.

| Court | Class Counsel | Defense Counsel |
|---|---|---|
| Clerk of the Court<br>United States District Court<br>450 Golden Gate Avenue, Box 36060 San Francisco, CA 94102-3489 | Bryan Schwartz Law<br>1330 Broadway, Suite 1630<br>Oakland, CA 94612 | McGuire Woods LLP<br>Attn: Michael Mandel<br>1800 Century Park East, 8th Fl<br>Los Angeles, CA 90067 |

**GETTING MORE INFORMATION**

**25. Are there more details about the settlement?**

This notice summarizes the proposed settlement. For the precise terms and conditions of the settlement, please see the settlement agreement available at http://www.bryanschwartzlaw.com/implementationadvisor-clientfulfillment, by contacting Class Counsel as set forth in Section 26, below, by accessing the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays. If there is any conflict between this notice and the Settlement Agreement, the Settlement Agreement will control.

8

| **26. How do I get more information?** |
| --- |

You can call 1-XXX-XXX-XXXX toll free, write to [==Administrator==], Inc., P.O. Box XXXX, City ST XXXXX-XXXX, or go to http://www.bryanschwartzlaw.com/implementationadvisor-clientfulfillment.

You may also call Class Counsel:

Eduard Meleshinsky, at Bryan Schwartz Law, (510) 444-9300

**DO NOT CALL THE COURT**

**CONCLUSION**

  **THIS NOTICE AND ITS CONTENTS HAVE BEEN AUTHORIZED BY THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, THE HONORABLE RICHARD G. SEEBORG, UNITED STATES DISTRICT COURT JUDGE.**

_____
The Honorable Richard G. Seeborg
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

ALLEN BUCKINGHAM, EUNICE ANN
ROBINSON, ALVIN COURTS, and
MELISSA AGOSTO-CRUZ, individually, on
behalf of all others similarly situated, and on
behalf of the general public,

                    Plaintiffs,

      v.

BANK OF AMERICA, N.A.

                    Defendant.

_____/

Case No. 3:15-cv-06344-RS

**NOTICE OF CLASS AND
COLLECTIVE ACTION
SETTLEMENT TO COLLECTIVE
ACTION MEMBERS AND
CONNECTICUT AND NORTH
CAROLINA CLASS MEMBERS**

Honorable Richard G. Seeborg

**IMPORTANT NOTIFICATION TO COLLECTIVE AND CLASS ACTION MEMBERS**

**TO:**   ALL INDIVIDUALS WHO BOTH HAVE BEEN EMPLOYED AS AN EXEMPT
IMPLEMENTATION ADVISOR OR EXEMPT CLIENT FULFILLMENT
CONSULTANT (INTERNAL JOB CODE CI066) BY BANK OF AMERICA, N.A. AT
ANY TIME BETWEEN DECEMBER 31, 2012 AND SEPTEMBER 30, 2016 AND
WHO TIMELY FILED A CONSENT FORM IN THIS MATTER.

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. A FEDERAL
COURT AUTHORIZED THIS NOTICE. THIS IS NOT A SOLICITATION FROM A
LAWYER.**

**A $6.6 MILLION SETTLEMENT FUND HAS BEEN CREATED TO PAY CLAIMS OF
EXEMPT IMPLEMENTATION ADVISOR AND EXEMPT CLIENT FULFILLMENT
CONSULTANT CLASS AND COLLECTIVE ACTION MEMBERS IN ORDER TO
SETTLE A WAGE AND HOUR LAWSUIT.**

**ACCORDING TO COMPANY RECORDS, YOU ACTIVELY WORKED AS AN
EXEMPT IMPLEMENTATION ADVISOR OR EXEMPT CLIENT FULFILLMENT
CONSULTANT BETWEEN DECEMBER 31, 2012 AND SEPTEMBER 30, 2016 FOR
[XXX] WEEKS.**

**YOUR ESTIMATED ALLOCATION OF THE SETTLEMENT IS $[XXXXX]. THIS IS
THE ESTIMATED GROSS AMOUNT YOU WILL RECEIVE IF YOU DO NOT**

**EXCLUDE YOURSELF FROM THE SETTLEMENT AND THE COURT GRANTS FINAL APPROVAL OF THE SETTLEMENT.**

- The settlement will provide $6.6 million to pay claims of current and former exempt Implementation Advisors and exempt Client Fulfillment Consultants who worked for Bank of America, N.A. ("Bank of America") in California between December 31, 2011 and [DATE OF PRELIMINARY APPROVAL]; in North Carolina between December 31, 2013 and [DATE OF PRELIMINARY APPROVAL]; in Illinois between December 31, 2012 and [DATE OF PRELIMINARY APPROVAL]; in Connecticut between December 31, 2013 and [DATE OF PRELIMINARY APPROVAL]; and who both worked for Bank of America between December 31, 2012 and September 30, 2016 and timely joined the federal Fair Labor Standards Act ("FLSA") collective action.

- The settlement resolves claims of exempt Implementation Advisors and exempt Client Fulfillment Consultants in a lawsuit that alleged that Bank of America improperly treated them as "exempt" from overtime. The lawsuit asserted causes of action against Bank of America for: (1) failure to pay overtime wages; (2) failure to pay earned wages upon discharge; (3) failure to provide timely, accurate, itemized wage statements; (4) failure to provide and/or authorize meal and rest periods; (5) unlawful and/or unfair business practices in violation of California Business and Professions Code; and (6) penalties under the California Labor Code Private Attorneys General Act of 2004.

- Bank of America denies that it is liable for any of the claims. However, in light of the risk and expense of proceeding to trial, Bank of America, Plaintiffs' Counsel and the Plaintiffs believe that this is a fair settlement of the class and collective claims.

| YOUR OPTIONS AND LEGAL RIGHTS IN THIS SETTLEMENT | |
|---|---|
| **DO NOTHING AND RECEIVE A SETTLEMENT PAYMENT** | If you do nothing, you will receive a settlement payment which is likely equal to or greater than your "estimated allocation" stated above, assuming that the Court approves the settlement. The estimated allocation is based on the number of work-weeks you actively worked as an Exempt Implementation Advisor or Exempt Client Fulfillment Consultant within the legally relevant period. If you do nothing, a check will arrive in the mail. The back of the check will explain that by cashing the check, you are agreeing to release all claims covered by this Settlement, and will be opting also to exercise and release your claims under the federal FLSA. |
| **EXCLUDE YOURSELF** | If you affirmatively write to exclude yourself (*i.e.*, "opt out" of the case), you will receive no payment from this settlement. However, you would be free to pursue any claims separately against Bank of America. The steps to exclude yourself are explained below. |

| **OBJECT** | If you wish to challenge the terms of the settlement, you may file an objection with the Court, setting forth the reasons why you oppose the settlement. However, in order to object to the settlement you cannot exclude yourself from the settlement. You may also appear in Court and explain why you do not like the settlement or use an attorney to appear for you, at your own expense. You may only object if you worked for Defendant in North Carolina or Connecticut during the relevant time period. |
|---|---|

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION**                                                                   **PAGE 1**
    1.  Why did I get this notice package?
    2.  What is this lawsuit about?
    3.  What is a collective action?                                              **PAGE 2**
    4.  Why is there a settlement?

**WHO IS IN THE SETTLEMENT**
    5.  How do I know if I am part of the settlement?
    6.  Are there exceptions to being included?
    7.  I am still not sure if I am included.
    8.  What if I have signed a severance agreement, or sign one in the future?

**THE SETTLEMENT BENEFITS – WHAT YOU GET**                                              **PAGE 3**
    9.  What does the settlement provide?
    10. How much will my payment be?

**YOU WILL RECEIVE A PAYMENT UNLESS YOU AFFIRMATIVELY OPT OUT**
    11. How can I get a payment?                                                  **PAGE 4**
    12. When would I get my payment?
    13. What am I giving up to get a payment?
    14. What if I believe I am not being credited for the right number of work-weeks?

**EXCLUDING YOURSELF FROM THE SETTLEMENT**
    15. How do I get out of the settlement?                                       **PAGE 5**
    16. What happens if I do nothing?
    17. What are claims under the Fair Labor Standards Act?                        **PAGE 6**

**THE LAWYERS REPRESENTING THE COLLECTIVE**
    18. Do I have a lawyer in the case?
    19. How will the lawyers and Representative Plaintiffs be paid?

**OBJECTING TO THE SETTLEMENT**

20. How do I tell the Court that I challenge all or some of the settlement **PAGE 7**
    terms?
21. What's the difference between objecting, on the one hand, and
    excluding myself (*i.e.*, "opting out") from the settlement, on the other?

**THE COURT'S FINAL FAIRNESS HEARING**

22. When and where will the Court decide whether to approve the settlement?
23. Do I have to come to the hearing? **PAGE 8**
24. May I speak at the hearing?

**GETTING MORE INFORMATION**

25. Are there more details about the settlement?
26. How do I get more information? **PAGE 9**

**BASIC INFORMATION**

---

**1.   Why did I get this notice package?**

---

Bank of America's records indicate that you worked for Bank of America as an exempt Implementation Advisor or exempt Client Fulfillment Consultant between December 31, 2012 and September 30, 2016 (the "Collective Action Period") and timely filed a consent form. These positions correspond to Bank of America's internal job code CI066.

You received this notice because you have a right to know about a proposed settlement of a class and collective action lawsuit, and about your options, before the Court decides whether to finally approve the settlement. If the Court approves it, and after any objections and appeals are resolved, an administrator appointed by the Court will make the payments that the settlement requires.

This package explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the Northern District of California, and the case is known as *Buckingham, et al. v. Bank of America, N.A.*, Case No. 3:15-cv-06344-RS. The people who brought the suit are called Plaintiffs, and the entity the suit was brought against (Bank of America, N.A.) is the Defendant.

---

**2.   What is this lawsuit about?**

---

The lawsuit claims that Bank of America misclassified Implementation Advisors and Client Fulfillment Consultants as "exempt" from state and federal overtime laws and thereby: (1) failed to pay Exempt Implementation Advisors and Exempt Client Fulfillment Consultants overtime when they worked more than forty hours in a week; (2) failed to provide rest and meal breaks; (3) failed to provide complete and accurate wage statements to its employees; (4) failed to pay its employees all wages due at the time of discharge or resignation from employment; (5) as a result of the foregoing, engaged in unfair or unlawful business practices in violation of the California Business and Professions Code; and (6) as a result of the foregoing, also owes penalties under the California Private Attorneys General Act.

The Court has not issued any ruling on the merits of Plaintiffs' claims, and Bank of America takes the position that its pay practices, including the exempt classifications at issue in this lawsuit, have been appropriate under state and federal law.

**3.   What is a collective action?**

In a FLSA collective action, a Representative Plaintiff (in this case Allen Buckingham, Eunice Ann Robinson, Alvin Courts, and Melissa Agosto-Cruz, representing the FLSA Collective), sues on behalf of people who allegedly have similar claims ("Collective Action Members"). The Court can make rulings affecting all Collective Action Members (e.g. approving the parties' settlement), except for those who timely withdraw their consent form.

**4.   Why is there a settlement?**

The Court did not issue a judgment, or any rulings on the merits, in favor of Plaintiffs or Defendant. Instead, the parties reached a negotiated settlement, which avoids the uncertainties, costs, and delays associated with further litigation and which compensates the Class and Collective Action Members sooner, rather than later, if at all. The Representative Plaintiffs and the attorneys believe that this settlement is in the best interests of all Collective Action Members.

WHO IS IN THE SETTLEMENT

**5.   How do I know if I am part of the settlement?**

Everyone who fits the following description is a FLSA Collective Action Member provided they do not timely withdraw his or her consent form: *All exempt Implementation Advisors and exempt Client Fulfillment Consultants who worked for Bank of America, N.A. at any time between December 31, 2012 and September 30, 2016 and also timely filed a consent-to-join form*. These positions correspond to Bank of America's internal job code CI066.

**6.   Are there exceptions to being included?**

You are not a Collective Action Member if you did not actively work for *Bank of America, N.A.* as an exempt Implementation Advisor or exempt Client Fulfillment Consultant during the period in question and did not timely file a consent-to-join form. As noted below, even if you signed a severance agreement, or if you are subsequently offered a severance agreement, you may still participate in this settlement.

**7.   I am still not sure if I am included.**

If you are receiving this notice, it is most likely that you do qualify to participate, and unless you timely withdraw your consent form, you will receive a settlement payment, assuming that the Court approves the settlement. If you have questions about whether you qualify, you may contact Plaintiffs' Counsel at the contact information provided below.

QUESTIONS? CALL
[ADMINISTRATOR]: XXX-XXX-XXXX

**8.   What if I have signed a severance agreement, or sign one in the future?**

If you are a former employee who, in connection with a reduction in force, signed a severance agreement containing various releases of claims against Bank of America, Bank of America has agreed that you are not required to opt out of this settlement and you may still participate in this settlement. Remaining a part of the class or collective action will not jeopardize any severance payments you received when you left Bank of America. However, if you signed your severance agreement on or before September 30, 2016, then your recovery from this case will be reduced to account for the litigation risk associated with your claim had the case continued in litigation and/or trial.

Similarly, if you are a current employee of Bank of America and have been offered a severance agreement in connection with a reduction in force, or are offered such a severance agreement while this settlement is pending, Bank of America has agreed that you may participate in this settlement and receive severance. However, your recovery from this case may be reduced to account for the litigation risk associated with your claim had the case continued in litigation and/or trial.

### THE SETTLEMENT BENEFITS – WHAT YOU GET

**9.   What does the settlement provide?**

Bank of America has agreed to create a fund of $6,600,000.00 to be divided among all exempt Implementation Advisors and exempt Client Fulfillment Consultants who participate in the settlement, and also to be used to pay for Plaintiffs' attorney's fees and costs, service payments to the Representative Plaintiffs, administrative expenses, and other payments made pursuant to this Settlement.

Exempt Implementation Advisors and exempt Client Fulfillment Consultants who participate in the settlement will receive a *pro rata* payment based on the number of work-weeks during the Collective Action Period (*i.e.,* December 31, 2012 to the September 30, 2016) that they worked in the relevant positions for Bank of America. California exempt Implementation Advisors and exempt Client Fulfillment Consultants will receive payment that is larger than exempt Implementation Advisors and exempt Client Fulfillment Consultants in other states, because California has a longer statute of limitations and provides for additional claims.

**10. How much will my payment be?**

Your estimated share of the fund is listed on the first page of this Notice. The amount will depend on the number of work-weeks during which you were actively employed as an exempt Implementation Advisor/ Client Fulfillment Consultant during the Collective Action Period and whether you signed a severance agreement. If other Class or Collective Action Members do not participate in the settlement, your share of the fund may increase proportionately.

One-third of the settlement amount you receive will be considered wages (and have standard payroll taxes deducted from it) and the other two-thirds will be considered interest and penalties, to be paid to you accompanied by an IRS Form 1099. You alone are responsible to pay any appropriate taxes on the latter amount.

**YOU WILL RECEIVE A PAYMENT UNLESS YOU AFFIRMATIVELY OPT OUT**

**11. How can I get a payment?**

If you are receiving this notice, you qualify for payment, and unless you affirmatively opt out of the settlement by [***date – 60 days after notice is mailed***], you will automatically receive a payment, provided the Court grants final approval to the settlement.

**12. When would I get my payment?**

The Court will hold a hearing on [***date***] at [***time***] to decide whether to finally approve the settlement. If the Court approves the settlement, there may be appeals. Resolving any appeals can take time, perhaps more than a year. Please be patient.

However, if the Court approves the settlement at the hearing and there are no appeals, payments will be made within several months after the hearing.

**13. What am I giving up to get a payment?**

Unless you affirmatively and timely withdraw your consent-to-join form, you are part of the Collective Action. You cannot sue, continue to sue, or be part of any other lawsuit against Bank of America concerning the wage and hour claims covered by this settlement. It also means that all of the Court's orders will apply to you and legally bind you.

Unless you affirmatively exclude yourself from the settlement, you will be releasing all wage and hour claims under the Fair Labor Standards Act covered by this settlement, whether you cash your check or not (and your state law claims if you live in Connecticut or North Carolina).

You can review the exact language of the release by reviewing the Settlement Agreement online, at the web address listed in the "Getting More Information" section of this Notice, below. The relevant portion begins in Page 32 of the Settlement Agreement.

**14. What if I believe I am not being credited for the right number of work-weeks?**

Any Class or Collective Action Member who disputes the information shown on his or her Notice of Settlement regarding the total number of weeks that he or she actively worked as an exempt Implementation Advisor or exempt Client Fulfillment Consultant may indicate and explain such disagreement under penalty of perjury within sixty (60) days of the mailing of the Notice of

QUESTIONS? CALL
[ADMINISTRATOR]: XXX-XXX-XXXX

Settlement by notifying the Claims Administrator pursuant to the following procedures: a) Any such Class or Collective Action Member must submit documentation timely relating to his or her dispute; b) The Claims Administrator shall notify Bank of America's Counsel and Plaintiffs' Counsel of any such dispute no later than five (5) days after receiving notice of the dispute; c) In the case of a dispute, Bank of America's records shall control and will have a rebuttable presumption of correctness, which means that it is your burden to prove, with records in support, that the work weeks listed are wrong; d) The Claims Administrator will notify you whether or not your dispute has been successful.

### EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from this settlement, but you want to keep the right to pursue claims (or continue to pursue claims) against Bank of America on your own regarding the legal issues in this case, then you must exclude yourself from the settlement. This is called "opting out" of the settlement Class. If you exclude yourself from the Settlement, you will not receive any money at all from this Settlement.

---

**15. How do I opt out of the settlement?**

---

To exclude yourself from the settlement, you must send a letter by mail stating that you want to be excluded from *Allen Buckingham et al. v. Bank of America, N.A.* Be sure to include your name, address, telephone number, and your signature. You must mail your exclusion request postmarked no later than [***date 60 days after notice is mailed***] to:

Claims Administrator
P.O. Box XXXX
City, ST XXXXX-XXXX

If you ask to be excluded, you will not get any settlement payments of any kind in this case. You will not be legally bound by anything that happens in this lawsuit. You will be able to pursue claims (or continue to pursue claims) against Bank of America for the wage claims at issue in this case in the future. If you have a pending claim or lawsuit, speak to your lawyer in that case immediately. You may need to exclude yourself from this case to continue your own claim or lawsuit.

---

**16. What happens if I do nothing?**

---

If you do nothing regarding this notice, you will be sent a check for your allocated amount, provided the Court grants final approval to the settlement. If you do not cash the check, your rights will still be affected, in that you will give up your right to sue Bank of America for claims that this settlement resolves, other than federal claims under the FLSA.

**17. What are claims under the Fair Labor Standards Act?**

The FLSA is a federal law governing the payment of overtime for hours worked past 40 in a week.

If you do nothing in this lawsuit, you will give up your right to sue based on the Fair Labor Standards Act (and your state law claims if you worked for Defendant in Connecticut or North Carolina during the relevant time period). If you cash your check, you will release your state (assuming you are eligible to recover under a state wage law) and federal wage claims. If you previously filed a consent to join the FLSA collective action in this lawsuit and do not timely withdraw your consent as described in section 15 above, you will release your claims under the FLSA, regardless of whether you cash your check.

THE LAWYERS REPRESENTING THE PLAINTIFFS

**18. Do I have a lawyer in this case?**

Bryan Schwartz Law represents the Collective Action Members. These lawyers will be paid from the settlement amount, so you will not be charged personally for these lawyers' work on this case and in negotiating this settlement. If you want to be represented by your own lawyer, you may hire one at your own expense.

**19. How will the lawyers, Class Representative Plaintiffs, and the State of California be paid?**

Plaintiffs' Counsel will ask the Court to approve the payment of up to one-quarter of the settlement amount for attorneys' fees (*i.e.*, up to $1,650,000), as well as actual litigation costs, associated with investigating the facts, litigating the case, and negotiating the settlement. The Claims Administrator administering the settlement will be compensated at the fair market rate of those services from the settlement, currently estimated at [$25,000]. A service payment of up to $15,000 will be made to Class Representative Allen Buckingham, and service payments of up to $2,500 each for Class Representatives Eunice Ann Robinson, Alvin Courts, and Melissa Agosto-Cruz for their work in bringing this lawsuit and in exchange for them waiving a much broader array of claims than you are waiving.

Plaintiffs' Counsel will also ask the Court to approve a payment of $56,250 to the State of California's Labor and Workforce Development Agency ("LWDA") to satisfy alleged Labor Code violations pursuant to the California Labor Code Private Attorneys General Act of 2004 ("PAGA"). This payment to the LWDA is required by statute.

The Court may award less than these amounts. Bank of America has agreed not to oppose Plaintiffs' Counsel's request for fees and expenses as described in this section. If the Court awards less than the amounts described in this section, that money will be redistributed to Class and Collective Action Members or distributed to an appropriate charity, depending upon the

amount of the money. None of this money will revert to Bank of America.

**OBJECTING TO THE SETTLEMENT**

**20. How do I tell the Court that I challenge all or some of the settlement terms?**

If you worked for Defendant in Connecticut or North Carolina during the relevant time period, you can ask the Court to deny approval by filing an objection as set forth in this section. You cannot ask the Court to order a larger settlement; the Court can only approve or deny the settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object.

You may object to the proposed settlement in writing. You may also appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for paying that attorney. All written objections and supporting papers must (a) clearly identify the case name and number (*Allen Buckingham et al. v. Bank of America, N.A.*, Case No. 3:15-cv-6344-RS; (b) be submitted to the Court either by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, 450 Golden Gate Avenue, Box 36060, San Francisco, CA 94102-3489, or by filing them in person at any location of the United States District Court for the Northern District of California; and (c) be filed or postmarked on or before [XXXX – 60 days after mailing of notice].

If you did not work for Defendant in Connecticut or North Carolina, you cannot object to the settlement. However, if you do not like the terms of the settlement or do not wish to be bound by it, you can withdraw your previously-filed consent by notifying Plaintiffs' counsel in writing.

**21. What's the difference between objecting, on the one hand, and excluding myself (*i.e.*, "opting out") from the settlement, on the other?**

Objecting is simply telling the Court that you wish to challenge all or part of the settlement. You can object only if you stay in the Class. Excluding yourself from the settlement or "opting out" is telling the Court that you do not want to be part of the Class or receive any payment at all from the settlement. If you exclude yourself, you have no basis to object because the case no longer affects you. Furthermore, if you did not work for Defendant in Connecticut or North Carolina during the relevant time period, then you are not entitled to object.

**THE COURT'S FINAL FAIRNESS HEARING**

**22. When and where will the Court decide whether to approve the settlement?**

The Court will hold a Final Approval Fairness Hearing, which is currently scheduled for [XXX] P.M. on [XXX], at the United States District Court for the Northern District of California, at 450 Golden Gate Avenue, 17th Floor, Courtroom 3, San Francisco, CA 94102, before the Honorable Richard G. Seeborg. At this hearing the Court will consider whether the settlement is fair,

7

reasonable, and adequate. If there are objections, the Court will consider them. After the hearing, the Court will decide whether to approve the settlement. Please note that the hearing may be postponed without further notice to the Class or Collective. Thus, if you plan to attend the hearing, you should check the website identified in Question 25, below, or access the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov.

## 23. Do I have to come to the hearing?

No. But, you are welcome to come at your own expense. If you send an objection, assuming you are entitled to object to the settlement, you do not have to come to Court to talk about it. As long as the Court received your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

## 24. May I speak at the hearing?

You may ask the Court for permission to speak at the Final Fairness Hearing. To do so, you must send a letter to the Clerk of the Court saying that it is your "Notice of Intention to Appear in *Allen Buckingham et al. v. Bank of America, N.A.*, Case No. 3:15-cv-6344-RS." Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be postmarked no later than [XXX], and be sent to the Clerk of the Court, Plaintiffs' Counsel, and Defense Counsel, at the three addresses listed below. You cannot speak at the hearing if you excluded yourself ("opted out") from the settlement.

| Court | Plaintiffs' Counsel | Defense Counsel |
|---|---|---|
| Clerk of the Court United States District Court 450 Golden Gate Avenue, Box 36060 San Francisco, CA 94102-3489 | Bryan Schwartz Law 1330 Broadway, Suite 1630 Oakland, CA 94612 | McGuire Woods LLP Attn: Michael Mandel 1800 Century Park East, 8th Fl Los Angeles, CA 90067 |

### GETTING MORE INFORMATION

## 23. Are there more details about the settlement?

This notice summarizes the proposed settlement. For the precise terms and conditions of the settlement, please see the settlement agreement available at http://www.bryanschwartzlaw.com/implementationadvisor-clientfulfillment, by contacting Plaintiffs' Counsel as set forth in Section 26, below, by accessing the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court

QUESTIONS? CALL
[ADMINISTRATOR]: XXX-XXX-XXXX

holidays. If there is any conflict between this notice and the Settlement Agreement, the Settlement Agreement will control.

| **26. How do I get more information?** |
|---|

You can call 1-XXX-XXX-XXXX toll free, write to [Administrator], Inc., P.O. Box XXXX, City ST XXXXX-XXXX, or go to http://www.bryanschwartzlaw.com/implementationadvisor-clientfulfillment.

You may also call Plaintiffs' Counsel:

Eduard Meleshinsky, at Bryan Schwartz Law, (510) 444-9300

**DO NOT CALL THE COURT**

**CONCLUSION**

**THIS NOTICE AND ITS CONTENTS HAVE BEEN AUTHORIZED BY THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, THE HONORABLE RICHARD G. SEEBORG, UNITED STATES DISTRICT COURT JUDGE.**

_____
The Honorable Richard G. Seeborg
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN BUCKINGHAM, EUNICE ANN ROBINSON, ALVIN COURTS, and MELISSA AGOSTO-CRUZ, individually, on behalf of all others similarly situated, and on behalf of the general public, | Case No. 3:15-cv-06344-RS |
| Plaintiffs, | |
| v. | **NOTICE OF CLASS AND COLLECTIVE ACTION SETTLEMENT TO COLLECTIVE ACTION MEMBERS** |
| BANK OF AMERICA, N.A. | |
| Defendant. | |
| | Honorable Richard G. Seeborg |

_____/

**IMPORTANT NOTIFICATION TO COLLECTIVE AND CLASS ACTION MEMBERS**

**TO:**   ALL INDIVIDUALS WHO BOTH HAVE BEEN EMPLOYED AS AN EXEMPT IMPLEMENTATION ADVISOR OR EXEMPT CLIENT FULFILLMENT CONSULTANT (INTERNAL JOB CODE CI066) BY BANK OF AMERICA, N.A. AT ANY TIME BETWEEN DECEMBER 31, 2012 AND SEPTEMBER 30, 2016 AND WHO TIMELY FILED A CONSENT FORM IN THIS MATTER.

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. A FEDERAL COURT AUTHORIZED THIS NOTICE. THIS IS NOT A SOLICITATION FROM A LAWYER.**

**A $6.6 MILLION SETTLEMENT FUND HAS BEEN CREATED TO PAY CLAIMS OF EXEMPT IMPLEMENTATION ADVISOR AND EXEMPT CLIENT FULFILLMENT CONSULTANT CLASS AND COLLECTIVE ACTION MEMBERS IN ORDER TO SETTLE A WAGE AND HOUR LAWSUIT.**

**ACCORDING TO COMPANY RECORDS, YOU ACTIVELY WORKED AS AN EXEMPT IMPLEMENTATION ADVISOR OR EXEMPT CLIENT FULFILLMENT CONSULTANT BETWEEN DECEMBER 31, 2012 AND SEPTEMBER 30, 2016 FOR [XXX] WEEKS, AND, ACCORDING TO COURT RECORDS, YOU HAVE ALREADY FILED A CONSENT TO JOIN THIS LAWSUIT.**

**YOUR ESTIMATED ALLOCATION OF THE SETTLEMENT IS $[XXXXX]. THIS IS THE ESTIMATED GROSS AMOUNT YOU WILL RECEIVE IF YOU DO NOT EXCLUDE YOURSELF FROM THE SETTLEMENT AND THE COURT GRANTS**

**FINAL APPROVAL OF THE SETTLEMENT.**

- The settlement will provide $6.6 million to pay claims of current and former exempt Implementation Advisors and exempt Client Fulfillment Consultants who worked for Bank of America, N.A. ("Bank of America") in California between December 31, 2011 and [DATE OF PRELIMINARY APPROVAL]; in North Carolina between December 31, 2013 and [DATE OF PRELIMINARY APPROVAL]; in Illinois between December 31, 2012 and [DATE OF PRELIMINARY APPROVAL]; in Connecticut between December 31, 2013 and [DATE OF PRELIMINARY APPROVAL]; and who both worked for Bank of America between December 31, 2012 and September 30, 2016 and timely joined the federal Fair Labor Standards Act ("FLSA") collective action.

- The settlement resolves claims of exempt Implementation Advisors and exempt Client Fulfillment Consultants in a lawsuit that alleged that Bank of America improperly treated them as "exempt" from overtime. The lawsuit asserted causes of action against Bank of America for: (1) failure to pay overtime wages; (2) failure to pay earned wages upon discharge; (3) failure to provide timely, accurate, itemized wage statements; (4) failure to provide and/or authorize meal and rest periods; (5) unlawful and/or unfair business practices in violation of California Business and Professions Code; and (6) penalties under the California Labor Code Private Attorneys General Act of 2004.

- Bank of America denies that it is liable for any of the claims. However, in light of the risk and expense of proceeding to trial, Bank of America, Plaintiffs' Counsel and the Plaintiffs believe that this is a fair settlement of the class and collective claims.

| YOUR OPTIONS AND LEGAL RIGHTS IN THIS SETTLEMENT | |
|---|---|
| **DO NOTHING AND RECEIVE A SETTLEMENT PAYMENT** | If you do nothing, you will receive a settlement payment which is likely equal to or greater than your "estimated allocation" stated above, assuming that the Court approves the settlement. The estimated allocation is based on the number of work-weeks you actively worked as an exempt Implementation Advisor or exempt Client Fulfillment Consultant within the legally relevant period. If you do nothing, a check will arrive in the mail. The back of the check will explain that by cashing the check, you are agreeing to release all claims covered by this Settlement, including your claims under the federal FLSA. |
| **EXCLUDE YOURSELF** | If you affirmatively write to exclude yourself (*i.e.*, "opt out" of the case), you will receive no payment from this settlement. However, you would be free to pursue any claims separately against Bank of America. The steps to exclude yourself are explained below. |

| WHAT THIS NOTICE CONTAINS |
|:---:|

**BASIC INFORMATION** — **PAGE 1**
   1.  Why did I get this notice package?
   2.  What is this lawsuit about?
   3.  What is a collective action? — **PAGE 2**
   4.  Why is there a settlement?

**WHO IS IN THE SETTLEMENT**
   5.  How do I know if I am part of the settlement?
   6.  Are there exceptions to being included?
   7.  I am still not sure if I am included.
   8.  What if I have signed a severance agreement, or sign one in the future?

**THE SETTLEMENT BENEFITS – WHAT YOU GET** — **PAGE 3**
   9.  What does the settlement provide?
  10. How much will my payment be?

**YOU WILL RECEIVE A PAYMENT UNLESS YOU AFFIRMATIVELY OPT OUT**
  11. How can I get a payment? — **PAGE 4**
  12. When would I get my payment?
  13. What am I giving up to get a payment?
  14. What if I believe I am not being credited for the right number of work-weeks?

**EXCLUDING YOURSELF FROM THE SETTLEMENT**
  15. How do I get out of the settlement? — **PAGE 5**
  16. What happens if I do nothing?
  17. What are claims under the Fair Labor Standards Act? — **PAGE 6**

**THE LAWYERS REPRESENTING THE COLLECTIVE**
  18. Do I have a lawyer in the case?
  19. How will the lawyers and Representative
      Plaintiffs be paid?

**THE COURT'S FINAL FAIRNESS HEARING**
  20. When and where will the Court decide whether to approve the settlement? **PAGE 7**
  21. Do I have to come to the hearing?
  22. May I speak at the hearing?

**GETTING MORE INFORMATION**
  23. Are there more details about the settlement? — **PAGE 8**
  24. How do I get more information?

# BASIC INFORMATION

## 1.  Why did I get this notice package?

Bank of America's records indicate that you worked for Bank of America as an exempt Implementation Advisor or exempt Client Fulfillment Consultant between December 31, 2012 and September 30, 2016 (the "Collective Action Period") and Court records reflect that you timely filed a consent form. These positions correspond to Bank of America's internal job code CI066.

You received this notice because you have a right to know about a proposed settlement of a class and collective action lawsuit, and about your options, before the Court decides whether to finally approve the settlement. If the Court approves it, and after any objections and appeals are resolved, an administrator appointed by the Court will make the payments that the settlement requires.

This package explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the Northern District of California, and the case is known as *Buckingham, et al. v. Bank of America, N.A.*, Case No. 3:15-cv-06344-RS. The people who brought the suit are called Plaintiffs, and the entity the suit was brought against (Bank of America, N.A.) is the Defendant.

## 2.  What is this lawsuit about?

The lawsuit claims that Bank of America misclassified Implementation Advisors and Client Fulfillment Consultants as "exempt" from state and federal overtime laws and thereby: (1) failed to pay Exempt Implementation Advisors and Exempt Client Fulfillment Consultants overtime when they worked more than forty hours in a week; (2) failed to provide rest and meal breaks; (3) failed to provide complete and accurate wage statements to its employees; (4) failed to pay its employees all wages due at the time of discharge or resignation from employment; (5) as a result of the foregoing, engaged in unfair or unlawful business practices in violation of the California Business and Professions Code; and (6) as a result of the foregoing, also owes penalties under the California Private Attorneys General Act.

The Court has not issued any ruling on the merits of Plaintiffs' claims, and Bank of America takes the position that its pay practices, including the exempt classifications at issue in this lawsuit, have been appropriate under state and federal law.

**3.   What is a collective action?**

In a FLSA collective action, a Representative Plaintiff (in this case Allen Buckingham, Eunice Ann Robinson, Alvin Courts, and Melissa Agosto-Cruz, representing the FLSA Collective), sues on behalf of people who allegedly have similar claims ("Collective Action Members"). The Court can make rulings affecting all Collective Action Members (e.g. approving the parties' settlement), except for those who timely withdraw their consent form.

**4.   Why is there a settlement?**

The Court did not issue a judgment, or any rulings on the merits, in favor of Plaintiffs or Defendant. Instead, the parties reached a negotiated settlement, which avoids the uncertainties, costs, and delays associated with further litigation and which compensates the Class and Collective Action Members sooner, rather than later, if at all. The Representative Plaintiffs and the attorneys believe that this settlement is in the best interests of all Collective Action Members.

### WHO IS IN THE SETTLEMENT

**5.   How do I know if I am part of the settlement?**

Everyone who fits the following description is a FLSA Collective Action Member provided they do not timely withdraw his or her consent form: *All exempt Implementation Advisors and exempt Client Fulfillment Consultants who worked for Bank of America, N.A. at any time between December 31, 2012 and September 30, 2016 and also timely filed a consent-to-join form*. These positions correspond to Bank of America's internal job code CI066.

**6.   Are there exceptions to being included?**

You are not a Collective Action Member if you did not actively work for *Bank of America, N.A.* as an exempt Implementation Advisor or exempt Client Fulfillment Consultant during the period in question and did not timely file a consent-to-join form. As noted below, even if you signed a severance agreement, or if you are subsequently offered a severance agreement, you may still participate in this settlement.

**7.   I am still not sure if I am included.**

If you are receiving this notice, it is most likely that you do qualify to participate, and unless you timely withdraw your consent form, you will receive a settlement payment, assuming that the Court approves the settlement. If you have questions about whether you qualify, you may contact Plaintiffs' Counsel at the contact information provided below.

**8.   What if I have signed a severance agreement, or sign one in the future?**

If you are a former employee who, in connection with a reduction in force, signed a severance agreement containing various releases of claims against Bank of America, Bank of America has agreed that you are not required to opt out of this settlement and you may still participate in this settlement. Remaining a part of the class or collective action will not jeopardize any severance payments you received when you left Bank of America. However, if you signed your severance agreement on or before September 30, 2016, then your recovery from this case will be reduced to account for the litigation risk associated with your claim had the case continued in litigation and/or trial.

Similarly, if you are a current employee of Bank of America and have been offered a severance agreement in connection with a reduction in force, or are offered such a severance agreement while this settlement is pending, Bank of America has agreed that you may participate in this settlement and receive severance. However, your recovery from this case may be reduced to account for the litigation risk associated with your claim had the case continued in litigation and/or trial.

### THE SETTLEMENT BENEFITS – WHAT YOU GET

**9.   What does the settlement provide?**

Bank of America has agreed to create a fund of $6,600,000.00 to be divided among all exempt Implementation Advisors and exempt Client Fulfillment Consultants who participate in the settlement, and also to be used to pay for Plaintiffs' attorney's fees and costs, service payments to the Representative Plaintiffs, administrative expenses, and other payments made pursuant to this Settlement.

Exempt Implementation Advisors and exempt Client Fulfillment Consultants who participate in the settlement will receive a *pro rata* payment based on the number of work-weeks during the Collective Action Period (*i.e.,* December 31, 2012 to the September 30, 2016) that they worked in the relevant positions for Bank of America. California exempt Implementation Advisors and exempt Client Fulfillment Consultants will receive payment that is larger than exempt Implementation Advisors and exempt Client Fulfillment Consultants in other states, because California has a longer statute of limitations and provides for additional claims.

**10. How much will my payment be?**

Your estimated share of the fund is listed on the first page of this Notice. The amount will depend on the number of work-weeks during which you were actively employed as an exempt Implementation Advisor/Client Fulfillment Consultant during the Collective Action Period and whether you signed a severance agreement. If other Class or Collective Action Members do not participate in the settlement, your share of the fund may increase proportionately.

One-third of the settlement amount you receive will be considered wages (and have standard payroll taxes deducted from it) and the other two-thirds will be considered interest and penalties, to be paid to you accompanied by an IRS Form 1099. You alone are responsible to pay any appropriate taxes on the latter amount.

**YOU WILL RECEIVE A PAYMENT UNLESS YOU AFFIRMATIVELY OPT OUT**

**11. How can I get a payment?**

If you are receiving this notice, you qualify for payment, and unless you affirmatively opt out of the settlement by [*date – 60 days after notice is mailed*], you will automatically receive a payment, provided the Court grants final approval to the settlement.

**12. When would I get my payment?**

The Court will hold a hearing on [*date*] at [*time*] to decide whether to finally approve the settlement. If the Court approves the settlement, there may be appeals. Resolving any appeals can take time, perhaps more than a year. Please be patient.

However, if the Court approves the settlement at the hearing and there are no appeals, payments will be made within several months after the hearing.

**13. What am I giving up to get a payment?**

Unless you affirmatively and timely withdraw your consent-to-join form, you are part of the Collective Action. You cannot sue, continue to sue, or be part of any other lawsuit against Bank of America concerning the wage and hour claims covered by this settlement. It also means that all of the Court's orders will apply to you and legally bind you.

Unless you affirmatively exclude yourself from the settlement, you will be releasing all wage and hour claims under the Fair Labor Standards Act covered by this settlement, whether you cash your check or not.

You can review the exact language of the release by reviewing the Settlement Agreement online, at the web address listed in the "Getting More Information" section of this Notice, below. The relevant portion begins in Page 32 of the Settlement Agreement.

**14. What if I believe I am not being credited for the right number of work-weeks?**

Any Class or Collective Action Member who disputes the information shown on his or her Notice of Settlement regarding the total number of weeks that he or she actively worked as an exempt Implementation Advisor or exempt Client Fulfillment Consultant may indicate and explain such disagreement under penalty of perjury within sixty (60) days of the mailing of the Notice of

QUESTIONS? CALL
[ADMINISTRATOR]: XXX-XXX-XXXX

Settlement by notifying the Claims Administrator pursuant to the following procedures: a) Any such Class or Collective Action Member must submit documentation timely relating to his or her dispute; b) The Claims Administrator shall notify Bank of America's Counsel and Plaintiffs' Counsel of any such dispute no later than five (5) days after receiving notice of the dispute; c) In the case of a dispute, Bank of America's records shall control and will have a rebuttable presumption of correctness, which means that it is your burden to prove, with records in support, that the work weeks listed are wrong; d) The Claims Administrator will notify you whether or not your dispute has been successful.

### EXCLUDING YOURSELF FROM THE SETTLEMENT

Because you previously have filed a consent to join this lawsuit, if you do not want a payment from this settlement, but you want to keep the right to pursue claims (or continue to pursue claims) against Bank of America on your own regarding the legal issues in this case, then you must withdraw your previously-filed consent. If you withdraw your consent, you will not receive any money at all from this Settlement.

---

**15. How do I withdraw my consent?**

---

To withdraw your consent and exclude yourself from the settlement, you must send a letter by mail stating that you wish to withdraw your consent to join the *Allen Buckingham et al. v. Bank of America, N.A.* lawsuit. Be sure to include your name, address, telephone number, and your signature. You must mail your withdrawal of your consent postmarked no later than [***date 60 days after notice is mailed***] to:

Claims Administrator
P.O. Box XXXX
City, ST XXXXX-XXXX

If you withdraw your consent, you will not get any settlement payments of any kind in this case. You will not be legally bound by anything that happens in this lawsuit. You will be able to pursue claims (or continue to pursue claims) against Bank of America for the wage claims at issue in this case in the future. If you have a pending claim or lawsuit, speak to your lawyer in that case immediately. You may need to exclude yourself from this case to continue your own claim or lawsuit.

---

**16. What happens if I do nothing?**

---

If you do nothing regarding this notice, you will be sent a check for your allocated amount, provided the Court grants final approval to the settlement. If you do not cash the check, your rights will still be affected, in that you will give up your right to sue Bank of America for claims that this settlement resolves, other than federal claims under the FLSA.

**17. What are claims under the Fair Labor Standards Act?**

The FLSA is a federal law governing the payment of overtime for hours worked past 40 in a week.

If you do nothing in this lawsuit, you will give up your right to sue based on the Fair Labor Standards Act. If you cash your check, you will release your state (assuming you are eligible to recover under a state wage law) and federal wage claims. If you previously filed a consent to join the FLSA collective action in this lawsuit and do not timely withdraw your consent as described in section 15 above, you will release your claims under the FLSA, regardless of whether you cash your check.

### THE LAWYERS REPRESENTING THE PLAINTIFFS

**18. Do I have a lawyer in this case?**

Bryan Schwartz Law represents the Collective Action Members. These lawyers will be paid from the settlement amount, so you will not be charged personally for these lawyers' work on this case and in negotiating this settlement. If you want to be represented by your own lawyer, you may hire one at your own expense.

**19. How will the lawyers, Class Representative Plaintiffs, and the State of California be paid?**

Plaintiffs' Counsel will ask the Court to approve the payment of up to one-quarter of the settlement amount for attorneys' fees (*i.e.*, up to $1,650,000), as well as actual litigation costs, associated with investigating the facts, litigating the case, and negotiating the settlement. The Claims Administrator administering the settlement will be compensated at the fair market rate of those services from the settlement, currently estimated at [$25,000]. A service payment of up to $15,000 will be made to Class Representative Allen Buckingham, and service payments of up to $2,500 each for Class Representatives Eunice Ann Robinson, Alvin Courts, and Melissa Agosto-Cruz for their work in bringing this lawsuit and in exchange for them waiving a much broader array of claims than you are waiving.

Plaintiffs' Counsel will also ask the Court to approve a payment of $56,250 to the State of California's Labor and Workforce Development Agency ("LWDA") to satisfy alleged Labor Code violations pursuant to the California Labor Code Private Attorneys General Act of 2004 ("PAGA"). This payment to the LWDA is required by statute.

The Court may award less than these amounts. Bank of America has agreed not to oppose Plaintiffs' Counsel's request for fees and expenses as described in this section. If the Court awards less than the amounts described in this section, that money will be redistributed to Class and Collective Action Members or distributed to an appropriate charity, depending upon the

amount of the money. None of this money will revert to Bank of America.

**THE COURT'S FINAL FAIRNESS HEARING**

---

**20. When and where will the Court decide whether to approve the settlement?**

---

The Court will hold a Final Approval Fairness Hearing, which is currently scheduled for [XXX] P.M. on [XXX], at the United States District Court for the Northern District of California, at 450 Golden Gate Avenue, 17th Floor, Courtroom 3, San Francisco, CA 94102, before the Honorable Richard G. Seeborg. At this hearing the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. After the hearing, the Court will decide whether to approve the settlement. Please note that the hearing may be postponed without further notice to the Class or Collective. Thus, if you plan to attend the hearing, you should check the website identified in Question 25, below, or access the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov.

---

**21. Do I have to come to the hearing?**

---

No. But, you are welcome to come at your own expense. You may also pay your own lawyer to attend, but it is not necessary.

---

**22. May I speak at the hearing?**

---

You may ask the Court for permission to speak at the Final Fairness Hearing. To do so, you must send a letter to the Clerk of the Court saying that it is your "Notice of Intention to Appear in *Allen Buckingham et al. v. Bank of America, N.A.*, Case No. 3:15-cv-6344-RS." Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be postmarked no later than [XXX], and be sent to the Clerk of the Court, Plaintiffs' Counsel, and Defense Counsel, at the three addresses listed below. You cannot speak at the hearing if you excluded yourself ("opted out") from the settlement. Furthermore, you cannot object to the settlement.

| Court | Plaintiffs' Counsel | Defense Counsel |
|---|---|---|
| Clerk of the Court United States District Court 450 Golden Gate Avenue, Box 36060 San Francisco, CA 94102-3489 | Bryan Schwartz Law 1330 Broadway, Suite 1630 Oakland, CA 94612 | McGuire Woods LLP Attn: Michael Mandel 1800 Century Park East, 8th Fl Los Angeles, CA 90067 |

**GETTING MORE INFORMATION**

QUESTIONS? CALL
[ADMINISTRATOR]: XXX-XXX-XXXX

**23. Are there more details about the settlement?**

This notice summarizes the proposed settlement. For the precise terms and conditions of the settlement, please see the settlement agreement available at http://www.bryanschwartzlaw.com/implementationadvisor-clientfulfillment, by contacting Plaintiffs' Counsel as set forth in Section 26, below, by accessing the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays. If there is any conflict between this notice and the Settlement Agreement, the Settlement Agreement will control.

**24. How do I get more information?**

You can call 1-XXX-XXX-XXXX toll free, write to [Administrator], Inc., P.O. Box XXXX, City ST XXXXX-XXXX, or go to http://www.bryanschwartzlaw.com/implementationadvisor-clientfulfillment.

You may also call Plaintiffs' Counsel:

Eduard Meleshinsky, at Bryan Schwartz Law, (510) 444-9300

**DO NOT CALL THE COURT**

**CONCLUSION**

**THIS NOTICE AND ITS CONTENTS HAVE BEEN AUTHORIZED BY THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, THE HONORABLE RICHARD G. SEEBORG, UNITED STATES DISTRICT COURT JUDGE.**

_____

The Honorable Richard G. Seeborg
United States District Judge
